UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN V. BIVONA, et al.,<br><br>   Defendants. | Case No. 16-cv-01386-EMC<br><br>**ORDER TO SHOW CAUSE RE STIPULATION RE PRELIMINARY INJUNCTION**<br><br>Docket No. 59 |

On April 22, 2016, Defendants John V. Bivona, Saddle River Advisors LLC, and SRA Management LLC, and Relief Defendants SRA I LLC, SRA II LLC, SRA III LLC, Felix Investments, LLC, Anne Bivona, Clear Sailing Group IV LLC, and Clear Sailing Group V LLC (collectively, "Stipulating Defendants") stipulated to the entry of a preliminary injunction. *See* Docket No. 59 ("Stipulation"). The Securities and Exchange Commission ("Plaintiff") and the Stipulating Defendants agreed that the Stipulation does not include Defendant Frank Mazzola or Relief Defendant Michelle Mazzola ("the Mazzolas"). Stipulation at 2.

The Stipulation would permit Plaintiff "to propound expedited document subpoenas on non-parties Fortuna Funds, Silverback Fund I, and Silverback Fund II." *See id.* However, Plaintiff's previous representations to this Court suggest that "the Silverback Funds" are entities owned and/or controlled by Defendant Frank Mazzola, not by any of the Stipulating Defendants. *See* Docket No. 1 ("Complaint") at ¶¶ 74-77. These representations do not suggest that any of the Stipulating Defendants are entitled to agree to expedited discovery on behalf of the Silverback Funds. Accordingly, Plaintiff shall either (1) remove the Silverback Funds from the Stipulation, (2) file a brief statement explaining why it believes the Silverback Funds are bound by the

Stipulation, or (3) obtain the signature of a person entitled to agree to expedited discovery on behalf of the Silverback Funds.

Additionally, it is unclear which defendants in this action are represented by counsel from Shartsis Friese, LLP ("Counsel"). In the Opposition to Plaintiff's Ex Parte Motion for a Temporary Restraining Order, Counsel appeared to represent John Bivona, Anne Bivona, and Saddle River Advisors LLC. *See* Docket No. 25 at 1, 4. In the Stipulation, Counsel appears to represent these same defendants, *see* Stipulation at 1, and also specially appears on behalf of the remaining Stipulating Defendants, *see id.* at 3. Counsel has not filed a Notice of Appearance in this action. *See* L.R. 5-1(c)(2) (requiring a notice of appearance). Because the Stipulation suggests he is generally appearing as to at least some defendants, Counsel is instructed to file his Notice of Appearance by April 29, 2016, clarifying those defendants on whose behalf he generally appears and those on whose behalf he specially appears.[1]

Finally, the Mazzolas, who did not stipulate to the preliminary injunction, were identified as having *pro per* status on March 24, 2016, *see* Docket No. 37 at 2, but were not identified as having this status on April 21, 2016, *see* Docket No. 58 at 2-3. If Counsel represents the Mazzolas, he will state as much in his Notice of Appearance and will file a brief statement explaining why the concurrent representation does not raise concerns about adverse interests.

This Order disposes of Docket No. 59.

**IT IS SO ORDERED**.

Dated: April 27, 2016

_____

EDWARD M. CHEN
United States District Judge

---

[1] The Court is aware that a notice of special appearance is typically not required. *See S.E.C. v. Wencke*, 783 F.2d 829, 833 n.3 (9th Cir. 1986) (noting special appearances are not required to challenge jurisdiction). It is requested here for the purposes of clarity.

2