SHARTSIS FRIESE LLP
JAHAN P. RAISSI (Bar #168599)
jraissi@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111-3598
Telephone:     (415) 421-6500
Facsimile:     (415) 421-2922
jraissi@sflaw.com

Attorneys for Defendants JOHN V. BIVONA,
SADDLE RIVER ADVISORS LLC and
ANNE BIVONA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA, SADDLE RIVER ADVISORS LLC; SRA MANAGEMENT LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**STIPULATED ORDER RE PRELIMINARY INJUNCTION**<br><br>Docket Nos. 59, 67 |

Pursuant to the Stipulation of Plaintiff Securities and Exchange Commission, Defendants John V. Bivona, Saddle River Advisors LLC ("Saddle River"), and SRA Management LLC ("SRA Management"), and Relief Defendants SRA I LLC, SRA II LLC, SRA III LLC, Felix Investments, LLC, Anne Bivona, Clear Sailing Group IV LLC, and Clear Sailing Group V LLC (the two Clear Sailing entities, collectively, "Clear Sailing"), IT IS ORDERED that the SEC's Motion for a Preliminary Injunction as to the above stipulating parties is GRANTED as follows:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

**I.    Obey-the-Law Injunction**

IT IS FURTHER ORDERED that defendants John Bivona, Saddle River, and SRA Management, hereby are preliminarily restrained and enjoined from, directly or indirectly, violating the anti-fraud provisions of the federal securities laws alleged against them, namely Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)); Section 10(b) of the Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5); and Sections 206(1), (2), and (4) of the Advisers Act (15 U.S.C. §§80b–6(1), 80b–6(2) and 80b–6 (4)) and Rule 206(4)–8 thereunder (17 C.F.R. §275.206 (4)–8).

**II.    Injunction Against Soliciting to Purchase Any Interest in any Fund**

IT IS FURTHER ORDERED that defendants John Bivona, Saddle River, and SRA Management, and their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, until further order of this Court are preliminarily restrained and enjoined from directly or indirectly soliciting any person or entity to purchase any membership interest in any fund unless approved by the Independent Monitor as set forth herein.

**III.    Order Not to Dissipate Certain Assets – Anne Bivona**

IT IS FURTHER ORDERED that relief defendant Anne Bivona must preserve and not dissipate $999,667, unless and until there is a further order of this Court.

**IV.    Expedited Discovery-The Status of the Entities and Related Shares/Economic Interests**

IT IS FURTHER ORDERED that, commencing with the time and date of this Order, the SEC may proceed with expedited discovery on the following subject matters: (1) the current condition of Saddle River, SRA Management, and the SRA Funds, including any assets owned and that have been transferred; and (2) Clear Sailing, and the assets they are holding on behalf of any funds that are associated or affiliated with John Bivona or Saddle River, including but not limited to, the SRA Funds.

**V.    Evidence Preservation**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the defendants, John Bivona, Saddle River, and SRA Management, and the relief defendants, the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 2 -

SRA Funds, Felix Investments, Anne Bivona, and Clear Sailing, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to any of the defendants or relief defendants.

## VI.    Appointment of An Independent Monitor

IT IS FURTHER ORDERED that Michael A. Maidy of Sherwood Partners, 1100 La Avenida Street, Building A, Mountain View, CA  94043, Telephone: 650-454-8001 is hereby appointed to act as an Independent Monitor for Saddle River, SRA Management, the SRA Funds, Clear Sailing, and Felix Investments as follows:

**Independent Monitor – Responsibilities and Duties**

The Independent Monitor shall be empowered to:

1. Have full and complete access to Saddle River, SRA Management, the SRA Funds', Clear Sailing  book and records;

2. Have full and complete access to Saddle River's, SRA Management's, the SRA Funds', and Clear Sailing's principals, officers, employees, agents, consultants, or anyone else who is otherwise associated with those entities to carry out the Independent Monitor's assignment.

3. Review and monitor all proposed purchases and sales of securities or interests in securities by Saddle River, SRA Management, the SRA Funds, Clear Sailing and to object to any purchase or sale that the Independent Monitor determines is not in the best interests of the SRA Funds and its investors.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

4. Enter into the offices and premises of Saddle River, SRA Management, the SRA Funds, or Clear Sailing.

5. Review and monitor all proposed transfers of money or assets by Saddle River, SRA Management, the SRA Funds, or Clear Sailing and to object to any transfer of money or assets that the Independent Monitor determines is not in the best interests of the SRA Funds and its investors.

6. Identify and locate all money, assets, securities and interests in securities held by, or for the benefit of, Saddle River, SRA Management, the SRA Funds or Clear Sailing.

7. Identify all investors in the SRA Funds and determine whether those investors have received the securities or economic interests in securities that the investors have paid for.

8. Identify all debts, accounts payable, liabilities and unpaid obligations of the SRA Funds.

9. Review and monitor all bills or invoices sent to Saddle River, SRA Management, the SRA Funds, or Clear Sailing and expenditures that Saddle River, SRA Management, the SRA Funds, or Clear Sailing intends to make and to object to any expenditure that the Independent Monitor determines is not in the best interests of the SRA Funds and its investors.

10. Apply to the Court for an order compelling compliance with this Order or seeking a modification of this Order.

**Independent Monitor – Payment**

Saddle River and SRA Management shall pay, upon approval of this Court as set forth below, the reasonable costs, fees and expenses of the Independent Monitor incurred in connection with the performance of the respective powers and duties described herein, including, but not limited to, the reasonable costs, fees, and expenses of all persons retained by the Independent Monitor with the Court's approval to assist in carrying out the Independent Monitor's powers and duties.  All applications for costs, fees and expenses of the Independent

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 4 -

1 Monitor and those employed by the Independent Monitor, including but not limited to any

2 attorney or accountant retained by the Independent Monitor, shall be made by application to the

3 Court, with notice to all parties and an opportunity to be heard, setting forth in reasonable detail

4 the nature of such costs, fees, and expenses.  The Monitor is directed to be as economical as is

5 reasonably possible in performing the duties set for herein, including by assigning staff located

6 in the New York region, if possible and practical, to minimize the costs and expenses incurred.

7 **Independent Monitor – Limitation on Liability**

8 The Independent Monitor shall not be responsible for the operation of Saddle River, SRA

9 Management, the SRA Funds or Clear Sailing or for the preservation or sale of any assets.  The

10 Independent Monitor shall have all of the immunities afforded to a court-appointed receiver in a

11 federal action.  The Independent Monitor and all persons who may be engaged or employed by

12 the Independent Monitor to assist him in carrying out his duties or obligations hereunder shall

13 not be liable for any act or omission of the Independent Monitor or such person, respectively, or

14 any of their partners, employees, agents or attorneys, unless it shall be proven that the

15 Independent Monitor or such other person acted recklessly or in bad faith.  In particular, the

16 Independent Monitor shall not, under any circumstances, be liable for any losses in connection

17 with any of the Saddle River's or SRA Management's investment funds, including but not

18 limited to the SRA Funds and Clear Sailing, arising out of or related to the Independent

19 Monitor's work hereunder, including, but not limited to, losses from either the sale or failure to

20 sell securities or delays in the sale of securities during the course of the Independent Monitor's

21 term.  No claim may be filed against the Independent Monitor without first obtaining Court

22 approval to file such an action. This provision shall apply to claims based on conduct during the

23 term of any agreement that may be entered into between the Independent Monitor and any other

24 person who may be engaged or employed by the Independent Monitor hereunder, even if such

25 claims are filed after the termination of such agreement.

26 **Independent Monitor – Indemnification**

27 Saddle River and SRA Management shall indemnify, defend and hold harmless the

28 Independent Monitor and his/her/its agents, employees, consultants, successors, and assigns,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

1  from and against all actions (pending or threatened and whether at law or in equity in any

2  forum), liabilities, damages, losses, costs, and expenses, including but not limited to reasonable

3  attorneys' and other professionals' fees, arising from the conduct or omission of the Independent

4  Monitor or his/her/its agents, employees and consultants under the terms of this Order, except for

5  any such conduct or omission adjudged by the Court to be the result of gross negligence or

6  willful misconduct.

7  **Independent Monitor – Access**

8  John V. Bivona, Saddle River, SRA Management, the SRA Funds and Clear Sailing and

9  their respective principals, officers, directors, equity holders, agents, servants, employees, and

10  attorneys, shall provide to the Independent Monitor and any other person engaged or employed

11  by the Independent Monitor hereunder with the access to their premises, persons, and

12  information as reasonably requested by the Independent Monitor in connection with his/her/its

13  powers and duties under this Order; shall provide all reasonable cooperation to the Independent

14  Monitor and any other person engaged or employed by the Independent Monitor in carrying out

15  the powers and duties herein; and shall take no action, directly or indirectly, to hinder, obstruct,

16  delay or otherwise interfere in any manner with the actions of the Independent Monitor or any

17  other person engaged or employed by the Independent Monitor to assist in carrying out the

18  powers and duties herein.  The Independent Monitor may authorize any party or party

19  representative to accompany and assist the Independent Monitor in carrying out the Independent

20  Monitor's duties.

21  **Independent Monitor – Approval of All Contemplated Transfers**

22  So that the Independent Monitor can review and monitor all contemplated transfers of

23  money or assets, purchases, sales, or expenditures by Saddle River, SRA Management, the SRA

24  Funds, Clear Sailing, and Felix Investments, the Court hereby directs Saddle River, SRA

25  Management, the SRA Funds, Clear Sailing, and Felix Investments to provide the Independent

26  Monitor with three-business-days' notice of such contemplated transfers of money or assets,

27  purchases, sales, or expenditures.  Until such time as the Independent Monitor has had the

28  opportunity to review the books and records of Saddle River, SRA Management, the SRA Funds,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

- 6 -

1   Clear Sailing, and Felix Investments and to review contemplated transfers of money or assets,

2   purchases, sales, or expenditures by those entities, the Court hereby prohibits Saddle River, SRA

3   Management, the SRA Funds, Clear Sailing, and Felix Investments from engaging in any

4   transfers of money or assets, purchases, sales, or expenditures.  If the Independent Monitor

5   objects to any transfer, purchase, sale, or expenditure, Saddle River, SRA Management, the SRA

6   Funds, Clear Sailing, and Felix Investments may move the Court on shortened time for

7   administrative relief pursuant to Civil Local Rule 7-11 of the Northern District of California.

8                  **Independent Monitor – Report to Court**

9          The Independent Monitor shall provide the Court and the SEC written reports at least bi-

10   weekly regarding his review of the records, assets, liabilities, expenditures and operations of

11   Saddle River, SRA Management, the SRA Funds and Clear Sailing.  By no later than the date of

12   the hearing on the motion for preliminary injunction (whether such hearing is held or not), the

13   Independent Monitor shall submit a written report to the Court, the SEC, and counsel for Mr.

14   Bivona containing (1) a preliminary accounting for Saddle River, SRA Management, the SRA

15   Funds, and Clear Sailing for the limited purpose of determining what assets the SRA Funds own

16   and whether the SRA Funds own the shares of pre-IPO companies to which investors are entitled

17   and (2) a recommendation for how to wind down the SRA Funds that minimizes investor harm.

18                  **Independent Monitor – Prohibition Against Bankruptcy Filing**

19          Saddle River, SRA Management, the SRA Funds and Clear Sailing are hereby enjoined

20   from filing a voluntary petition in bankruptcy without at least five (5) court days' notice to the

21   Independent Monitor and Commission (by notice to the attorneys appearing on the

22   Commission's behalf in this matter).  Upon receiving such notice, the Independent Monitor or

23   the Commission may seek appropriate expedited relief from this Court.

24                  **Independent Monitor – Compliance**

25          The Independent Monitor and any party may apply to the Court for an order compelling

26   compliance with this Order.  The Commission or the Independent Monitor may, in their

27   discretion, petition the Court to modify this Order.  The Commission shall have the right to

28   petition the Court for immediate relief if the Commission deems that any defendant's or relief

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1    defendant's ongoing activities are contrary to the best interests of the SRA Funds' investors.

2         In accordance with Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order

3    Appointing Independent Monitor shall be binding upon all persons who receive actual notice of

4    it through personal service or otherwise.

5         **VII.    No Prejudice to Seek Modification of Preliminary Injunction**

6         Nothing herein shall prejudice any Party or Relief Defendant's right to petition the Court

7    for an Order modifying any provision of this Preliminary Injunction.

8         **VIII.   Hearing on Plaintiff's Motion Regarding Mazzolas**

9         This Order does not include Defendant Frank G. Mazzola or Relief Defendant Michelle

10   Mazzola.  As to the Mazzolas, the terms of the Temporary Restraining Order entered on March

11   25, 2016, remain in effect and the hearing on Plaintiff's Motion for a Preliminary Injunction as to

12   them, set for May 12, 2016, remains on the Court's calendar.  This Order resolves the Plaintiff's

13   Motion for a Preliminary Injunction as to the parties set forth on page 1.

14        **IT IS SO ORDERED.**

15

16   Dated: May 3, 2016

17

18

19

20   

21

22

23                                        _____
                                          EDWARD M. CHEN

24                                        United States District Judge

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598