1  JINA L. CHOI (N.Y. Bar No. 2699718)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2    schneidere@sec.gov
   JOHN S. YUN (Cal. Bar No. 112260)
3    yunj@sec.gov
   MARC D. KATZ (Cal. Bar No. 189534)
4    katzma@sec.gov
   JESSICA W. CHAN (Cal. Bar No. 247669)
5    chanjes@sec.gov

6  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
7  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
8  Telephone: (415) 705-2500
   Facsimile:  (415) 705-2501

9

10

11                       UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                         SAN FRANCISCO DIVISION

14
   SECURITIES AND EXCHANGE COMMISSION,        Case No. 3:16-cv-01386-EMC
15
            Plaintiff,                        [PROPOSED] STIPULATED ORDER
16                                            REAPPOINTING INDEPENDENT
        v.                                    MONITOR
17
   JOHN V. BIVONA; SADDLE RIVER               Date:  May 12, 2016
18 ADVISORS, LLC; SRA MANAGEMENT              Time:  1:30 p.m.
   ASSOCIATES, LLC; FRANK GREGORY             Courtroom:  5
19 MAZZOLA,                                   Judge:  Edward M. Chen

20          Defendants, and

21 SRA I LLC; SRA II LLC; SRA III LLC;
   FELIX INVESTMENTS, LLC; MICHELE
22 J. MAZZOLA; ANNE BIVONA; CLEAR
   SAILING GROUP IV LLC; CLEAR
23 SAILING GROUP V LLC,

24          Relief Defendants.

25

26

27

28

Reappoint Monitor Order                                    Civ. 3:16-cv-01386-EMC

1       **STIPULATED ORDER REAPPOINTING INDEPENDENT MONITOR**

2       Pursuant to the Stipulation by counsel for plaintiff Securities and Exchange Commission

3   ("Commission"), defendants Saddle River Advisors, LLC ("Saddle River"), SRA Management

4   Associates, LLC ("SRA Management") and John V. Bivona, and relief defendants SRA I LLC; SRA

5   II LLC; SRA III LLC (together, "SRA Funds"), Felix Investments, LLC ("Felix Investments"), Clear

6   Sailing Group IV LLC and Clear Sailing Group V LLC (together, "Clear Sailing"), and good cause

7   appearing from the presentations to the Court on May 12, 2016,

8       IT IS HEREBY ORDERED THAT Michael A. Maidy of Sherwood Partners, Inc., 1100 La

9   Avenida Street, Building A, Mountain View, CA  94043, Telephone: 650-454-8001 is hereby

10  reappointed to act as an Independent Monitor for Saddle River, SRA Management, the SRA Funds,

11  Clear Sailing, and Felix Investments as follows:

12      **Independent Monitor – Responsibilities and Duties**

13      The Independent Monitor shall be empowered to:

14          1.  Have full and complete access to Saddle River's, SRA Management's, the SRA

15              Funds', Clear Sailing's, Felix Investment's, Felix Multi-Opportunity Funds I's and

16              II's ("FMOF") and NYPA Funds I's and II's ("NYPA") books and records;

17          2.  Have full and complete access to Saddle River's, SRA Management's, the SRA

18              Funds', Clear Sailing's, FMOF's and NYPA's principals, officers, employees,

19              agents, consultants, or anyone else who is otherwise associated with those entities

20              to carry out the Independent Monitor's assignment.

21          3.  Review and monitor all proposed purchases and sales of securities or interests in

22              securities by Saddle River, SRA Management, the SRA Funds, Clear Sailing and

23              to object to any purchase or sale that the Independent Monitor determines is not in

24              the best interests of the SRA Funds and its investors.

25          4.  Enter into the offices and premises of Saddle River, SRA Management, the SRA

26              Funds, or Clear Sailing.

27          5.  Review and monitor all proposed transfers of money or assets by Saddle River,

28

SRA Management, the SRA Funds, or Clear Sailing and to object to any transfer of money or assets that the Independent Monitor determines is not in the best interests of the SRA Funds and its investors.

6.  Identify and locate all money, assets, securities and interests in securities held by, or for the benefit of, Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF and NYPA.  Saddle River, SRA Management, the SRA Funds, FMOF and NYPA will promptly identify for the Independent Monitor all securities and interests in securities being held by Equity Acquisition Corporation ("EAC") for their benefit.  In consultation with the Independent Monitor, Saddle River, SRA Management, the SRA Funds, FMOF and NYPA will use their best efforts to arrange for the transfer of such securities and interests in securities from EAC to Clear Sailing so that the Independent Monitor can oversee those securities and interests in securities under this Order.

7.  Identify all investors in the SRA Funds, FMOF and NYPA and determine whether those investors have received the securities or economic interests in securities that the investors have paid for.

8.  Identify all debts, accounts payable, liabilities and unpaid obligations of the SRA Funds.

9.  Review and monitor all bills or invoices sent to Saddle River, SRA Management, the SRA Funds, or Clear Sailing and expenditures that Saddle River, SRA Management, the SRA Funds, or Clear Sailing intends to make and to object to any expenditure that the Independent Monitor determines is not in the best interests of the SRA Funds and its investors.

10. The Monitor is authorized to conduct preliminary future planning, including, but not limited to, market and other research to gather information about potential buyers for the shares and economic interests held for the benefit of the SRA Funds, Clear Sailing, FMOF and NYPA and about potential managers of the SRA Funds,

1      Clear Sailing, FMOF and NYPA.

2      11. Given the limited resources available and exigency of up-coming distribution

3      events, the Independent Monitor is authorized to prioritize its activities to focus

4      upon the impending distributions to the Square, Inc. and Flurry, Inc. investors.  For

5      these two distribution events, Saddle River, Bivona and Clear Sailing shall certify

6      to the best of their knowledge and reasonable investigation that the proposed

7      distributions encompass all of the investors and all of the shares.  The SRA Funds,

8      Clear Sailing, FMOF and NYPA shall not make any distributions without the prior

9      Independent Monitor's prior review and until resolution of any objections by the

10      Independent Monitor.  The parties will be submitting a proposed stipulated order

11      regarding the process for the review of future liquidity events.

12      12. Apply to the Court for an order compelling compliance with this Order or seeking

13      a modification of this Order.

14      **Independent Monitor – Payment**

15      Saddle River and SRA Management shall pay, upon approval of this Court as set forth below,

16 the reasonable costs, fees and expenses of the Independent Monitor incurred in connection with the

17 performance of the respective powers and duties described herein, including, but not limited to, the

18 reasonable costs, fees, and expenses of all persons retained by the Independent Monitor with the

19 Court's approval to assist in carrying out the Independent Monitor's powers and duties.  All

20 applications for costs, fees and expenses of the Independent Monitor and those employed by the

21 Independent Monitor, including but not limited to any attorney or accountant retained by the

22 Independent Monitor, shall be made by application to the Court, with notice to all parties and an

23 opportunity to be heard, setting forth in reasonable detail the nature of such costs, fees, and expenses.

24 The Monitor is directed to be as economical as is reasonably possible in performing the duties set for

25 herein, including by assigning staff located in the New York region, if possible and practical, to

26 minimize the costs and expenses incurred.

27

28

1    **Independent Monitor – Limitation on Liability**

2    The Independent Monitor shall not be responsible for the operation of Saddle River, SRA

3    Management, the SRA Funds or Clear Sailing or for the preservation or sale of any assets.  The

4    Independent Monitor shall have all of the immunities afforded to a court-appointed receiver in a

5    federal action.  The Independent Monitor and all persons who may be engaged or employed by the

6    Independent Monitor to assist him in carrying out his duties or obligations hereunder shall not be

7    liable for any act or omission of the Independent Monitor or such person, respectively, or any of their

8    partners, employees, agents or attorneys, unless it shall be proven that the Independent Monitor or

9    such other person acted recklessly or in bad faith.  In particular, the Independent Monitor shall not,

10   under any circumstances, be liable for any losses in connection with any of the Saddle River's or

11   SRA Management's investment funds, including but not limited to the SRA Funds and Clear Sailing,

12   arising out of or related to the Independent Monitor's work hereunder, including, but not limited to,

13   losses from either the sale or failure to sell securities or delays in the sale of securities during the

14   course of the Independent Monitor's term.  No claim may be filed against the Independent Monitor

15   without first obtaining Court approval to file such an action. This provision shall apply to claims

16   based on conduct during the term of any agreement that may be entered into between the Independent

17   Monitor and any other person who may be engaged or employed by the Independent Monitor

18   hereunder, even if such claims are filed after the termination of such agreement.

19   **Independent Monitor – Indemnification**

20   Saddle River and SRA Management shall indemnify, defend and hold harmless the

21   Independent Monitor and his/her/its agents, employees, consultants, successors, and assigns, from

22   and against all actions (pending or threatened and whether at law or in equity in any forum),

23   liabilities, damages, losses, costs, and expenses, including but not limited to reasonable attorneys'

24   and other professionals' fees, arising from the conduct or omission of the Independent Monitor or

25   his/her/its agents, employees and consultants under the terms of this Order, except for any such

26   conduct or omission adjudged by the Court to be the result of gross negligence or willful misconduct.

27

28

**Independent Monitor – Access**

John V. Bivona, Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF and NYPA and their respective principals, officers, directors, equity holders, agents, servants, employees, and attorneys, shall provide to the Independent Monitor and any other person engaged or employed by the Independent Monitor hereunder with the access to their premises, persons, and information as reasonably requested by the Independent Monitor in connection with his/her/its powers and duties under this Order; shall provide all reasonable cooperation to the Independent Monitor and any other person engaged or employed by the Independent Monitor in carrying out the powers and duties herein; and shall take no action, directly or indirectly, to hinder, obstruct, delay or otherwise interfere in any manner with the actions of the Independent Monitor or any other person engaged or employed by the Independent Monitor to assist in carrying out the powers and duties herein.  The Independent Monitor may authorize any party or party representative to accompany and assist the Independent Monitor in carrying out the Independent Monitor's duties.

**Independent Monitor – Approval of All Contemplated Transfers**

All transfers of money or assets in connection with a liquidity event or distribution shall be governed by the terms of paragraph 11, above.  With respect to all other contemplated transfers of money or assets, purchases, sales, or expenditures by Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF, NYPA and Felix Investments, the Court hereby directs Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF, NYPA and Felix Investments to provide the Independent Monitor with three-business-days' notice of such contemplated transfers of money or assets, purchases, sales, or expenditures.  Until such time as the Independent Monitor has had the opportunity to review the books and records of Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF, NYPA and Felix Investments and to review contemplated transfers of money or assets, purchases, sales, or expenditures by those entities, the Court hereby prohibits Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF, NYPA and Felix Investments from engaging in any transfers of money or assets, purchases, sales, or expenditures.  If the Independent Monitor objects to any transfer, purchase, sale, or expenditure, Saddle River, SRA Management, the

1   SRA Funds, Clear Sailing, FMOF, NYPA and Felix Investments may move the Court on shortened

2   time for administrative relief pursuant to Civil Local Rule 7-11 of the Northern District of California.

3   **Independent Monitor – Communications with the Court, Parties and Investors**

4   To the extent that he deems appropriate, the Independent Monitor shall provide written

5   reports regarding Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF and NYPA

6   to the parties and/or the Court.   The Independent Monitor may also, as he deems advisable, request

7   the input of investors in the SRA Funds, Clear Sailing, FMOF and NYPA.

8   **Independent Monitor – Prohibition Against Bankruptcy Filing**

9   Saddle River, SRA Management, the SRA Funds, Clear Sailing, FMOF and NYPA are

10   hereby enjoined from filing a voluntary petition in bankruptcy without at least five (5) days' notice to

11   the Independent Monitor and Commission (by notice to the attorneys appearing on the Commission's

12   behalf in this matter).  Upon receiving such notice, the Independent Monitor or the Commission may

13   seek appropriate expedited relief from this Court.

14   **Independent Monitor – Compliance**

15   The Independent Monitor and any party may apply to the Court for an order compelling

16   compliance with this Order.  The Commission or the Independent Monitor may, in their discretion,

17   petition the Court to modify this Order.  The Commission shall have the right to petition the Court for

18   immediate relief if the Commission deems that any defendant's or relief defendant's ongoing

19   activities are contrary to the best interests of the SRA Funds' investors.

20   In accordance with Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order

21   Reappointing Independent Monitor shall be binding upon all persons who receive actual notice of it

22   through personal service or otherwise.

23   Dated: May _20_, 2016

24

25   _____

26   EDWARD M. CHEN
     United States District Judge

27

28