1  JINA L. CHOI (N.Y. Bar No. 2699718)
   JOHN S. YUN (Cal. Bar No. 112260)
2    yunj@sec.gov
   MARC D. KATZ (Cal. Bar No. 189534)
3    katzma@sec.gov
   JESSICA W. CHAN (Cal. Bar No. 247669)
4    chanjes@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
7  Telephone: (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14  SECURITIES AND EXCHANGE COMMISSION,      Case No. 3:16-cv-01386-EMC

15              Plaintiff,                   **STIPULATION FOR PLAINTIFF**
                                             **SECURITIES AND EXCHANGE**
16         v.                                **COMMISSION'S STIPULATED**
                                             **PROPOSED ORDER FOR APPOINTMENT**
17  JOHN V. BIVONA; SADDLE RIVER             **OF RECEIVER**
    ADVISORS, LLC; SRA MANAGEMENT
18  ASSOCIATES, LLC; FRANK GREGORY
    MAZZOLA,
19
                Defendants, and
20
    SRA I LLC; SRA II LLC; SRA III LLC;
21  FELIX INVESTMENTS, LLC; MICHELE
    J. MAZZOLA; ANNE BIVONA; CLEAR
22  SAILING GROUP IV LLC; CLEAR
    SAILING GROUP V LLC,
23
                Relief Defendants.
24

25

26

27

28

Stip. For Order Appointing Receiver                        Civ. 3:16-cv-01386-EMC

## STIPULATION FOR APPOINTMENT OF RECEIVER

Plaintiff Securities and Exchange Commission ("Commission") and defendants John V. Bivona, Saddle River Advisors, LLC and SRA Management, LLC and relief defendants SRA I LLC, SRA II LLC, SRA III LLC, Clear Sailing Group IV LLC and Clear Sailing Group V LLC, as well as third party affiliated entities Felix Multi-Opportunity Fund I LLC, Felix Multi-Opportunity Fund II LLC, Felix Management Associates LLC, NYPA Fund I LLC, NYPA Fund II LLC and NYPA Management Associates LLC hereby stipulate to the Court's entry of the attached Plaintiff Securities and Exchange Commission's Stipulated Proposed Order For Appointment of Receiver.

Dated:  October 3, 2016

SECURITIES AND EXCHANGE COMMISSION

John S. Yun
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

SHARTSIS FRIESE LLP

Jahan P. Raissi
Attorneys for Defendants JOHN V. BIVONA and SADDLE RIVER ADVISORS, LLC and Relief Defendant ANNE BIVONA   JPR

SRA MANAGEMENT, LLC
SRA I LLC
SRA II LLC
SRA III LLC

SRA Management, LLC
By John V. Bivona, Manager

CLEAR SAILING GROUP IV LLC and CLEAR SAILING
GROUP V LLC


By John V. Bivona, Manager


FELIX MANAGEMENT ASSOCIATES LLC
FELIX MULTI-OPPORTUNITY FUND I LLC
FELIX MULTI-OPPORTUNITY FUND II LLC


Felix Management Associates, LLC
By John V. Bivona, Manager


NYPA MANAGEMENT ASSOCIATES LLC
NYPA FUND I LLC
NYPA FUND II LLC


NYPA Management Associates LLC
By John V. Bivona, Manager

JINA L. CHOI (NY Bar No. 2699718)
JOHN S. YUN (CA Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (CA Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (CA Bar No. 247669)
  chanjes@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS LLC; SRA MANAGEMENT LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S STIPULATED PROPOSED ORDER FOR APPOINTMENT OF RECEIVER**<br><br>Date:  NA<br>Time:  NA<br>Judge:  Edward M. Chen<br>Courtroom:  5 (Seventeenth Floor) |

## STIPULATED ORDER APPOINTING RECEIVER

Plaintiff Securities and Exchange Commission ("Commission") and defendants John V. Bivona, Saddle River Advisors LLC ("Saddle River") and SRA Management, LLC ("SRA Management") and relief defendants SRA I LLC ("SRA I"), SRA II LLC ("SRA II"), SRA III LLC ("SRA III") (together, "SRA Funds") and Clear Sailing Group IV LLC and Clear Sailing Group V LLC (together, "Clear Sailing") have stipulated for entry of an Order appointing the current Independent Monitor as the Receiver for defendant SRA Management and relief defendants SRA Funds and Clear Sailing, which are, collectively, the "Receivership Defendants."   The Court finds that it is authorized to appoint a Receiver under Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), and Section 209(d) Of the Investment Advisers Act of 1940 ("Advisers Act), 15 U.S.C. § 80b-9(d), which authorize restraining orders and injunctions upon the Commission's proper showing.

The Receivership Defendants do not currently have any permanent employees, and their ability to actively monitor their assets, perform necessary periodic functions such as tax reporting, and distribute assets when appropriate, is uncertain.  In addition, the shares of private companies beneficially owned by the SRA Funds and other investment funds, such as the NYPA Funds and Felix Multi-Opportunity Funds described below, are held centrally at Clear Sailing, through ownership interests in the Clear Sailing entities.  Because these private company shares are not discretely held within the SRA Funds, or other investment funds, claiming an ownership interest over the shares, it is appropriate to have one central authority to ensure that all claims from such investment funds or others to the centrally held assets are resolved and allocated in a fair and equitable manner.  Finally, third parties have made claims against entities and individuals affiliated with the SRA Funds and other investment funds, and there is a possibility of those claims impacting assets that may be available for the benefit of the investors and others.  For these reasons, the stipulating parties, which include the NYPA Funds and Felix Multi-Opportunity Funds, agree that the appointment of a receiver is appropriate.  Also for these reasons, and based on the work recently

performed and the matters set forth in the Independent Monitor's Interim Reports, the Independent Monitor also believes that the appointment of a Receiver over all of the entities covered by the Stipulated Order is now appropriate.

The Court finds that, based on the record in these proceedings, the Independent Monitor's reports to the Court and the parties' Stipulation, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshalling and preserving all assets of the Receivership Defendants, as well as of the stipulating affiliated entities Felix Multi-Opportunity Fund I LLC ("FMOF I"), Felix Multi-Opportunity Fund II LLC ("FMOF II"), Felix Management Associates LLC ("FMOF Management") (collectively, "FMOF Entities"), NYPA Fund I LLC ("NYPA I"), NYPA Fund II LLC ("NYPA II") and NYPA Management Associates LLC ("NYPA Management") (collectively, "NYPA Entities") (all combined, the "Receivership Assets")  and of persons that: (a) are attributable to funds derived from investors; (b) are held in constructive trust by or for the Receivership Defendants; (c) were fraudulently transferred by the Receivership Defendants; (d) are owned, possessed, affiliated with, or under the direct or indirect control of Saddle River and/or the Receivership Defendants and/or (e) may otherwise be includable as assets of the estates of the Receivership Defendants (collectively, the "Recoverable Assets").

Based upon the pleadings on file, and good cause appearing, it is hereby ordered that the current court-appointed Independent Monitor, Sherwood Partners, Inc., 1100 La Avenida Street, Building A, Mountain View, CA  94043, telephone:  650-454-8001, is hereby appointed to act, without bond, as the Receiver for the estate of the Receivership Defendants and the stipulating FMOF Entities and NYPA Entities (all combined, the "Receivership Entities") as follows:

## I.  Marshalling of Receivership Assets

Pending further Orders, this Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of defendant SRA Management and relief defendants SRA Funds and Clear Sailing, as well as of the FMOF Entities and NYPA Entities.  Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or

indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.  This judicial possession and restraint shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.  This judicial possession and restraint shall also include, but not be limited to, all assets, deposits, interests and holdings  that are directly or indirectly managed by Saddle River through a management company such as SRA Management, FMOF Management  and NYPA Management.

## II.  <u>General Powers and Duties of Receiver</u>

The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and members of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any members, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of the Receivership Entities and shall pursue and preserve all of their claims.

No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

A.   To use reasonable efforts to determine the nature, location and value of all Receivership Assets, Recoverable Assets and property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, economic interests and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the

Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.      To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C.      To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D.      To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, members, managers, trustees and agents of the Receivership Entities;

F.      To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.      To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.      The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.      To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.      To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.      To take such other action as may be approved by this Court.

### III.  Access to Information

The past and/or present officers, directors, agents, managers, members, trustees, attorneys, accountants and employees of the Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and

4

electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

Within ten court days of the entry of this Order, John Bivona shall provide to the Receiver and the Commission a sworn statement listing, to the best of his knowledge, (a) all assets owned by the Receivership Entities, (b) identify all bank, securities, or other financial institution account of all of the Receivership Entities, (c) all liabilities of the Receivership Entities, and (d) stating that to the best of his knowledge all books and records required to be provided to the Receiver by Section IV, below, have been provided to the Receiver.  Mr. Bivona shall also reasonably make himself available to provide the Receiver with information and assist the Receiver in transferring any assets covered by this Order to the Receiver's control.

Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Entities' federal income tax returns for 2011, 2012, 2013, 2014 and 2015 with all relevant and necessary underlying documentation.

The Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

The Receivership Entities are required to assist the Receiver in fulfilling his duties and

obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV.  <u>Access to Books, Records and Accounts</u>

The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Entities and/or Recoverable Assets.  All persons and entities having control, custody or possession of any Receivership Property and/or Recoverable Property are hereby directed to turn such property over to the Receiver.

The Receivership Entities as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Entities and/or Recoverable Assets are hereby directed to deliver the same to the Receiver, his agents and/or employees.

All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any Recoverable Assets or any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, of the Receivership Entities that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

A.   Not liquidate, transfer, sell, convey or otherwise transfer Recoverable Assets or any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.   Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

6

## V.  <u>Access to Real and Personal Property</u>

The Receiver is authorized to take immediate possession of the Recoverable Assets and all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI.  <u>Notice to Third Parties</u>

The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and members of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

All persons and entities owing any obligation, debt, or distribution with respect to Recoverable Assets or Receivership Assets shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entity had received such payment.

In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property

CASE NO. 3:16-cv-01386-EMC
PROPOSED RECEIVER ORDER

shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail of any individual Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Entities.  The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII. <u>Injunction Against Interference with Receiver</u>

The Receivership Entities and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or

8

interfering with or creating or enforcing a lien upon any Receivership Property;

B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant or any FMOF Entity or NYPA Entity, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

The Receivership Entities shall cooperate with and assist the Receiver in the performance of his duties.

The Receiver shall promptly notify the Court and the Commission's counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.  Stay of Litigation

As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities including subsidiaries and affiliates; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or members sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction

thereof are enjoined from taking or permitting any action until further Order of this Court.   Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.  <u>Managing Assets</u>

For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Saddle River Management LLC" together with the name of the action.

The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than shares of pre-IPO companies, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

If there has been a "liquidity event," as defined by the operating agreements for the SRA Funds, FMOF I and II and NYPA II, for a particular Series of company shares, the Receiver may, subject to court approval, carry out a distribution of the proceeds of the liquidity event after making a reasonable effort to identify all investors in those shares.  The Receiver may also, subject to Court approval, negotiate for the sale or transfer of shares of pre-IPO companies.  In selling or transferring the shares of pre-IPO companies, the Receiver shall not be required to obtain an independent appraisal of the value of the shares unless specifically instructed by the Court to obtain an appraisal. Upon further Order of this Court, pursuant to such procedures as may be required by this Court, the Receiver will be authorized to sell, and transfer clear title to, the shares of the pre-IPO companies.

Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X. Investigate and Prosecute Claims

Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with the Commission's counsel, be advisable or proper to recover and/or conserve Receivership Property.

Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave

11

of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.  **Bankruptcy Filing**

The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Entities.  If a Receivership Entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all Receivership Entities and may therefore file and manage a Chapter 11 petition.

The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Entities in bankruptcy proceedings.

## XII.  **Liability of Receiver**

Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance

with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XIII.  Recommendations and Reports

The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.  Nothing in this Order shall prevent any interested party from submitting a proof of claim to the Receiver for inclusion in the Liquidation Plan, from objecting to any proposed Liquidation Plan, or from objecting to any proposed disposition of Receivership Estate assets.

Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

The Quarterly Status Report shall contain the following:

A.      A summary of the operations of the Receiver;

B.      The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

13

C.   A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.   A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.  Fees, Expenses and Accountings

Subject to the provisions immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

Subject to the following provision, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  With the exception of John W. Cotton, of Gartenberg, Gelfand & Hayton LLP, 15260 Ventura Blvd., Suite 1920, Sherman Oaks, CA 91403, Direct: 213-542-2136, Main: 213-542-2100, who currently serves as counsel to the Independent Monitor, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.  The Receiver may obtain such Court authorization by filing a motion for administrative relief pursuant to

14

Local Rule 7-11 of the Northern District of California.

The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

The reasonable compensation and expenses of the Receivership shall be paid from a fund (the "Set-Aside Fund") created by the immediate liquidation, upon approval of this Order, by the Receiver of up to 4% of the beneficial interests in share holdings, or contractual rights to such share holdings, of (i) each of the Series at Clear Sailing; (ii) the beneficial interests of SRA I, SRA II, SRA III, NYPA I, NYPA II, FMOF I, FMOF II, SRA Management, NYPA Management Associates, LLC and the FMOF Management Associates, LLC currently held by Equity Acquisition Corporation, or similar entities; and (iii) any direct holdings of any shares currently held by SRA I, SRA II, SRA III, NYPA I, NYPA II, FMOF I, FMOF II, SRA Management, NYPA Management Associates, LLC and the FMOF Management Associates, LLC.  To the extent, after any final accounting and approval of the unpaid compensation and expenses of the Receivership, there is any remaining value in the Set-Aside Fund, such remaining value shall be available for an equitable distribution as approved by the Court.

Notwithstanding the provisions of Section IX above (relating to the sale of pre-IPO shares), the Receiver's sale of beneficial share interest or contractual rights for the Set-Aside Fund shall be subject to court authorization on an expedited basis.  The Receiver may request, without the need for an independent appraisal, the Court's approval for such sales from the Set-Aside Fund on two-weeks expedited notice, with any opposition due in writing five court days after the Receiver's expedited motion, and any reply due in writing  three court days after the filing of any opposition papers. Because the Set-Aside Fund is being created with beneficial share interests or contractual rights that belong in whole or part to investors, the Court anticipates that the Receiver will strive to minimize costs and expenses charged to the Set-Aside Fund so that remaining value can be distributed as

1   approved by the Court.

2   Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained

3   Personnel shall apply to the Court for compensation and expense reimbursement from the

4   Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each

5   Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a

6   complete copy of the proposed Application, together with all exhibits and relevant billing information in a

7   format to be provided by the Commission.

8   All Quarterly Fee Applications will be interim and will be subject to cost benefit and final

9   reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final

10  fee application, describing in detail the costs and benefits associated with all litigation and other

11  actions pursued by the Receiver during the course of the receivership.

12  Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount

13  of fees and expenses for each application filed with the Court.  The total amounts held back during

14  the course of the receivership will be paid out at the discretion of the Court as part of the final fee

15  application submitted at the close of the receivership.

16  Each Quarterly Fee Application shall:

17      A.      Comply with the terms of the Billing Instructions agreed to by the Receiver;
18              and,

19      B.      Contain representations (in addition to the Certification required by the Billing
                Instructions) that: (i) the fees and expenses included therein were incurred in
20              the best interests of the Receivership Estate; and, (ii) with the exception of the
                Billing Instructions, the Receiver has not entered into any agreement, written
21              or oral, express or implied, with any person or entity concerning the amount of
                compensation paid or to be paid from the Receivership Estate, or any sharing
22              thereof.

23

24

25

26

27

28

16

1    At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to

2  be provided by the Commission's staff, as well as the Receiver's final application for compensation

3  and expense reimbursement.

4    SO ORDERED.

5  DATED:  October __11__, 2016

6

7  _____

8  Judge Edward M. Chen
   UNITED STATES DISTRICT COURT

9

10

*IT IS SO ORDERED*

*Judge Edward M. Chen*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28