# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA<br><br>  Defendants. | Case No. 3:16-cv-1386<br><br>**[PROPOSED] ORDER AND STIPULATION GRANTING THE INDEPENDENT MONITOR'S REQUEST FOR AN AMENDMENT TO SEC. IX OF THE ORDER APPOINTING RECEIVER**<br><br>Date:   No Date<br>Time:   No Time<br>Judge:  Edward M. Chen |

The parties, U.S. Securities & Exchange Commission, counsel for defendants Saddle River Advisers, LLC ("Saddle River") and SRA Management Associates, LLC ("SRA Management"), and counsel for the Receiver hereby stipulate and agree to the entry of an order as follows:

1.) The Receiver in this matter, Sherwood Partners Inc., has attempted several times to open a Receivership securities account for the purposes of receiving publicly tradable stock, but has been informed by the securities firms interviewed that they believe the language of this Court's October 11, 2016 Order Appointing Receiver, Sec. IX, requires additional language in order to

1

[PROPOSED] STIPULATION AND ORDER APPROVING AMENDMENT TO SEC. IX OF THE ORDER APPOINTING RECEIVER

permit the securities firms to open such an account, since such firms are not "federally insured banks" as Sec. IX by its terms seems to require.

2.) Counsel to the Receiver brought this problem with the language of Sec. IX to the Court's attention during the CMC hearing on November 18, 2016, and suggested at the hearing that Sec. IX be amended as set forth below.

3.) The parties in attendance at the CMC hearing, plaintiff U.S. Securities & Exchange Commission and counsel for defendants Saddle River and SRA Management informed the Court and the Counsel for the Receiver that they did not object to the amendment (in italics below) of the first sentence of Sec. IX as follows:

### IX. Managing Assets

" For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank *and/or a broker dealer that is both a member of FINRA and Securities Investment Protection Corporation ("SIPC")*, to receive and hold all cash equivalent Receivership Property (the "Receivership Funds"). *Securities that are not certificated may be held in any manner generally acceptable under Rule 206(4)-2 of the Investment Advisers Act of 1940, as amended (the "SEC Custody Rule"), including maintaining custody of only an appropriate indicia of ownership (such as a subscription agreement) with a "qualified custodian" (as such term is defined in the SEC Custody Rule). Applicable security accounts may be maintained either directly with a qualified custodian or through a FINRA member introducing broker that maintains trading and custodial arrangements with a qualified custodian.*

4.) Based on the parties' agreement, the Court will amend the language of Sec. IX as agreed in Paragraph 3 above and issue an amended Order for the Appointment of A Receiver, Docket No. 142.

SO STIPULATED.

Pursuant to Civil L.R. 5.1, I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: December 5, 2016     GARTENBERG GELFAND HAYTON LLP

By:    /s/ *John W. Cotton*
JOHN W. COTTON
Special Counsel to the Monitor

DATED: December 5, 2016    SECURITIES & EXCHANGE COMMISSION

By://s// By Permission (Civ. L.R. 5-1 (i)
JOHN YUN
Attorneys for Plaintiff

DATED: December 5, 2016    DEFENDANTS SADDLE RIVER AND SRA MANAGEMENT

By://s// By Permission (Civ. L.R. 5-1 (i)
JAHAN P. RAISSI
SHARTSIS FRIESE LLP
Attorneys for Defendants Saddle River and SRA Management

IT IS SO ORDERED.

DATED:    December 5, 2016

_____
Judge Edward M. Chen
United States District Court

*[Stamp: IT IS SO ORDERED — Judge Edward M. Chen; Seal of United States District Court, Northern District of California]*