JOHN W. COTTON (SBN 54912)
Email: JCotton@gghslaw.com
GARTENBERG GELFAND & HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
(213) 542-2100
(818) 292-0898

Counsel to Independent
Monitor Michael A. Maidy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA<br><br>Defendants. | Case No. 3:16-cv-1386<br><br>**NOTICE OF LODGING OF RECEIVER'S QUARTERLY REPORT TO THE COURT FOR THE QUARTER ENDED JANUARY 31, 2017**<br><br>Date: N/A<br>Time: N/A<br>Judge: Edward M. Chen |

The Receiver in the above matter, Sherwood Partners Inc. ("the Receiver") pursuant to this Court's Order of October 11, 2016, has been charged with the filing of quarterly reports advising the Court of the status of its work during the quarter then ended, as specified by Sec. XIII of the Order. Attached hereto as <u>Exhibit A</u> is Receiver's First Quarterly Report to the Court, for the period October 11, 2016 to January 31, 2017, regarding specified activities undertaken during the quarter.

Dated: February 1, 2017           GARTENBERG GELFAND HAYTON LLP

                                  By:   */s/ John W. Cotton*
                                        John W. Cotton
                                        Special Counsel to the Monitor

NOTICE OF LODGING OF RECEIVER'S FIRST QUARTERLY REPORT TO THE COURT

# Exhibit A



Sherwood **Partners, Inc.**   |   www.shrwood.com

Michael A. Maidy
Direct: (650) 454-8002
Email: mam@shrwood.com

Hon. Edward M. Chen
United States District Court
Northern District of California
Courtroom 5
United States Courthouse
450 Golden Gate Ave.
San Francisco, California 94102

In re: Securities and Exchange Commission v. John V. Bivona, et al., Case No. 16-cv-01386-EMC

Hon. Edward M. Chen:

Attached please find the First Interim Report of the Receiver in the matter of the Securities and Exchange Commission v. John V. Bivona, et al., Case No. 16-cv-01386-EMC.

Please note that portions of this report are based upon financial and other information provided to the Receiver by the Defendants of Saddle River Advisors, LLC, SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC,  Felix Multi Opportunity Fund I, LLC, and, Felix Multi Opportunity Fund II,LLC ).

This First Interim Report has been prepared under the terms of Order Appointing Receiver.

Sincerely,


Michael A. Maidy
Sherwood Partners, Inc.
Representative of the Receiver
January 31, 2017

**Securities and Exchange Commission v. John V. Bivona, et al., Civil Action No. 3:16-cv-01386**
**Receiver's First Interim Report**
**January 31, 2017**

By this pleading, the Receiver in the above matter, Sherwood Partners, Inc., ("the Receiver"), reports to the Court on the progress of its administration of the estates of the defendants and the stipulating affiliated entities[1], to date. As the Court is aware, the Receiver was appointed on October 11th, 2016 pursuant to this Court's Order which charged it with administering the estates of Saddle River Advisors, LLC's holding companies, SRA I LLC, SRA II LLC, SRA III LLC, (The "SRA Funds") and Clear Sailing IV, and Clear Sailing V, (the "Clear Sailing Funds"), which are, collectively, the "Receivership Defendants".  The stipulating, affiliated entities agreed as well to their administration by the Receiver. The Receiver began his work by familiarizing himself with background facts, relevant pleadings and documentary information during the second and third week of October, and began his tasks in earnest in early November. This report, which the Court requested be provided quarterly, concerns the last three months of 2016 from October 11th, and the first month of 2017, through January 31st.

Pursuant to the Order, Sec. XIII, we are responding to the Court's request that we provide the following information on a quarterly basis:

    A. A summary of the operations of the Receiver;

    B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

    E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

    F. A list of all known creditors with their addresses and the amounts of their claims;

    G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

---

[1] The stipulating affiliated entities include FMOF I, FMOF II, FMOF Management, NYPA I, NYPA II, and NYPA III, each as defined by this Court in its Order of October 11, 2016.

H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

.

**A.   A summary of the operations of the Receiver:**

Since the appointment as Receiver on October 11, 2016, the Receiver, as required, noticed its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, members of the Receivership Entities, counsel to the parties in the SEC action and the SEC, any third party holding any assets of the estate known to the receiver, and any banks or financial institutions that hold funds or securities of the Receivership Entities. The Receiver has set up a website for all noticed parties to review the Order appointing the Receiver and other public Court documents

The Receiver has spent significant time and has used significant effort to determine the nature, location and value of all Receivership Assets, Recoverable Assets and property interests of the Receivership Entities. The Receiver has reached out for assistance to former employees, including, but not limited to John V. Bivona and Sue Diamond in order to understand the types and number of investments held by the Defendant entities and stock distributions made to investors after a stock went public. With respect to the Square, Inc. shares, the Receiver has contacted American Stock Transfer ("AST") to understand the historical transactions as well as confirm the share balance held by AST..

The Receiver has taken custody, control and possession of all known Receivership property and records of the Receivership entities.  To this extent, the Receiver spent one month at the premises of Saddle River Advisors, LLC in Saddle River, NJ reviewing and gathering the records of the defendants. The Receiver has retained temporary staff to assist with inventory and indexing of those hardcopy records.

With regard to obtaining, and therefore having historical knowledge of, the operations of the defendants, the Receiver has temporarily hired former secretary of Saddle River Advisors, Antonia Dazzo to assist the Receiver. Likewise, the Receiver has been in communication with Sue Diamond, Compliance Officer of the Defendant entities in order to understand the flow of transactions concerning post-IPO securities i.e. Square, Inc. and "clawed-back" investments ( in the shares of Flurry, Inc.) In addition, the Receiver has been in contact with AST, to determine the remaining balance of Square, Inc. shares and the history of Square stock transactions

The Receiver has taken appropriate and necessary action to preserve Receivership property and prevent dissipation or concealment of it by changing access to the defendants' premises and retrieving the books and records from defendants' premises and relocating them to the Receiver's storage facilities in Mountain View, California.

The Receiver has engaged and employed to assist him, with the advance approval of this Court, in carrying out his duties and responsibilities, the following professionals:

1. John W. Cotton, Esq. with the law firm Gartenberg, Gelfand and Hayton LLP in Sherman Oaks, CA. Mr. Cotton has assisted the Receiver in filing numerous applications with the Court, including those appointing the other professionals; he has participated in regularly scheduled conference calls with the Receiver's staff to structure methods of distribution and liquidation; and he has acted as an interface with the SEC and the defendants' counsel to accomplish the administrative efforts required of the Receiver in the Order. For the quarter ended December 31, 2016, Mr. Cotton's bills total $21,780 for 48.5 hours of work.

2. Allen G. Kadish, Esq. with the law firm DiConza Traurig Kadish LLP ("DTK") in New York, NY, serves as bankruptcy and local counsel for the Receiver in New York. Mr. Kadish, along with attorneys and paraprofessionals at his firm, has provided local counsel regarding the marshalling, preservation and collection of assets of the Receiver's estates. DTK filed a notice of appointment of receiver in the United States Bankruptcy Court for the Southern District of New York shortly after the Receiver's appointment to ensure the Receiver's estates' property located in New York is preserved.

   In addition, John Vincent Bivona ("Bivona") filed a personal chapter 7 bankruptcy case in the United States Bankruptcy Court for the Southern District of New York (Case No. 16-12961-SCC). In connection with that filing and to preserve claims and assets of the Receiver's estates, DTK has been providing counsel to the Receiver regarding Bivona's bankruptcy case. DTK has filed several joinders related to discovery taking place in the Bivona bankruptcy case, which joinders resulted in preserving the Receiver's rights and may result in lower discovery costs than if the Receiver were required to initiate various discovery matters. DTK has reviewed pleadings filed in the Bivona bankruptcy case. DTK has conducted research regarding potential claims of the Receiver and the rights of the Receiver regarding Bivona's ability to discharge debt owed to the Receiver estates. In connection therewith, Bivona agreed to extend the deadline under which the Receiver was required to file objections to discharge or the dischargeability of debt. DTK also has communicated with the Receiver and counsel for the chapter 7 trustee appointed in Bivona's bankruptcy case regarding frozen funds held in TD Bank, some of which the Receiver believes should not be held up by the bankruptcy filing. In connection with Bivona's bankruptcy, DTK has monitored the case, appeared in Bankruptcy Court and advised the Receiver as to its duties as a fiduciary and the interplay of the bankruptcy and the receivership. For the quarter ending December 31st, DTK current invoice is $29,255.04 (reflecting a 10% discount), and $479.18 in expenses, for 76 hours of work.

3. Brian Crowley, Esq. with the law firm McDonnell Crowley in Red Bank, NJ, as local counsel in New Jersey. Mr. Crowley was tasked under Section 754 to provide Notice of the Receiver's appointment in the Northern District of New Jersey. His current bill totals $2,131.75 for 5.08 hours of work.

4. Catherine Gaul, Esq. with the law firm Ashby and Geddes in Wilmington, DE, as local Counsel in Delaware. Ms. Gaul was tasked with under Section 754 to provide Notice of the Receiver's appointment in the District of Delaware. Her current bill totals $1,316.35 for 2.4 hours worked.

The Receiver is in the process of confirming and reconciling the population of investors, their cash transfers to the defendant entities and the investors' current investments held by the Defendant entities.

> **B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;**

As of the date of this report the receiver has no cash on hand. The Receiver has been acting in its appointed capacity for nearly a year, and thus far there have been no funds available to pay the Receiver, its securities counsel and the numerous local counsel in connection with the preservation of assets and appearance in the bankruptcy court.

As of December 31, 2016 the accrued administrative expenses of the Defendant entities are as follows:

| **Pre Appointment Accrued Administrative Expenses** | |
|---|---|
| | |
| **Office Expenses** | $61,528.60 |
| **Salaries-SRA Management** | $64,927.31 |
| **EXPENSES - JOHN BIVONA** | $10,180.37 |
| **EXPENSES - NINA DAZZO** | $3,018.15 |
| **EXPENSES - VITO FREDELLA** | $1,555.41 |
| **EXPENSES - SUSAN DIAMOND** | $2,540.72 |
| **REGISTERED AGENT- National Corporate Research** | $2,036.00 |
| **STATE OF NJ ANNUAL REPORT** | $105.00 |
| **Delaware delinquent LLC Taxes** | $6,360.00 |
| | $152,251.56 |
| | |
| **Post Appointment** | |
| **Temporary Administrative Labor** | $2,746.08 |
| **Freight Fees** | $1,528.50 |

The Receiver has been bearing the burden of expenses associated with carrying out his duties and the Receiver's retained professionals have incurred expenses as reflected in this Report. Additionally, both Sherwood Partners as the Monitor and John Cotton as the Monitor's Counsel have accrued unpaid administrative expenses. Sherwood Partners, as Monitor has three (3) approved unpaid fee applications totaling $203,925.50 due for the period from March 22nd, 2016 to October 11th, 2016. John Cotton, of the law firm Gartenberg, Gelfand and Hayton LLP, has unpaid fees approved totaling $24,522, for the same period.

**C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;**

As of the date of this Report the Receiver has not made any disbursements, because, among other reasons, there are no liquid assets, i.e. cash, yet available to make any disbursements, no matter what the importance.

**D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended. These include:**

1.) **All Defendant Funds subject to the Securities and Exchange Commission's Stipulated Order for Appointment of Receiver. These Funds would be those of the following defendants and stipulating affiliated entities. They are:**

- - SRA I, LLC
- - SRA II, LLC
- - SRA III, LLC
- - Saddle River Advisors LLC
- - SRA Management LLC
- - Clear Sailing Group IV, LLC
- - Clear Sailing Group V, LLC
- - Felix Multi-Opportunity Fund I, LLC
- - Felix Multi-Opportunity Fund II, LLC
- - Felix Management Associates LLC
- - NYPA Fund I, LLC
- - NYPA Fund II, LLC
- - NYPA Management Associates LLC

2.) **All known investments of the Receivership Entities to the best of the Receiver's knowledge and belief. These investments, all of which but Addepar are held with the so-called "Purchase Funds" Clear Sailing IV, Clear Sailing V and Equity Acquisition Corp. ("EAC").They are:**

- - Addepar
- - Airbnb
- - Badgeville
- - Bloom Energy
- - Candi Controls
- - Cloudera
- - Dropbox
- - Evernote
- - Glam
- - Jawbone

- - ▪ Lookout
- - ▪ Lyft
- - ▪ Mongo DB
- - ▪ Palantir
- - ▪ Pinterest
- - ▪ Practice Fusion
- - ▪ Snapchat
- - ▪ Square
- - ▪ Uber
- - ▪ Big Ten
- - ▪ Series X
-

3.) **All known bank accounts of the Defendant Entities to the best of the Receiver's knowledge and belief. These accounts include:**

| # | ACCOUNT NAME | ACCOUNT # | BALANCE |
|---|---|---|---|
| 1 | SRA Management Associates LLC | TD Bank-8771 | $ 147.72 |
| 2 | SRA I LLC | TD Bank-8804 | $ 37,109.51 |
| 3 | SRA II LLC | TD Bank-8797 | $ 174.11 |
| 4 | SRA III LLC | TD Bank-8789 | $ 135.82 |
| 5 | Saddle River General Account LLC | TD Bank-8846 | $ 4,029.64 |
| 6 | Clear Sailing Group V LLC | TD Bank-2096 | $ - |
| 7 | Clear Sailing Group IV LLC | TD Bank-9076 | $ 38,080.53 |
| 8 | NYPA Fund I LLC | TD Bank-7543 | $ 58.10 |
| 9 | NYPA Fund II LLC | TD Bank-7551 | $ 75.00 |
| | | | $ 79,810.43 |

**E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);**

To the best of its knowledge and belief, the Receiver is unaware of any liquidated and/or unliquidated claims held by the Receivership Estate as of the date of this report.

**F. A list of all known creditors with their addresses and the amounts of their claims:**

As of the date of this Report, the Receiver is in the process of determining the nature and amounts due creditors.

**G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and**

The Receiver has not engaged in a Claims process as of the date of the report.

### H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

The Receiver has only recently been appointed, and its work has only just begun. As a result, its recommendation is to continue the Receivership, so that the information above that is not yet complete, can become so. Additionally, since at this time there is no recommendation for a bankruptcy filing, or a distribution of assets to investors, there is no other course than to continue the Receivership through the initial phases of fact gathering.