UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA, et al.,<br><br>Defendants. | Case No. 16-cv-01386-EMC<br><br>**ORDER REQUIRING PARTIES TO SUBMIT ADDITIONAL INFORMATION AND REQUIRING JOSHUA CILANO TO RESPOND**<br><br>Docket No. 196, 197 |

The Court requires additional information prior to the September 28, 2017 hearing concerning the competing proposed distribution plans.

Mr. Joshua Cilano/Investor Rights LLC is ordered to respond to the SEC and Receiver's response to his proposed role as a manager by **10a.m. PDT on Wednesday, September 27, 2017**. By the same time, Mr. Cilano should also submit a declaration stating whether members of the SRA Fund Investor Group have been given notice of the information in the SEC and Receiver's reply briefs (e.g., Mr. Cilano's role in Defendants' business and the outstanding tax liens). Mr. Cilano should also clarify the nature of the "written commitments" for $5 million in new capital.

In addition, the SEC, Receiver, SRA Fund Investor Group, and any other objectors or interested parties shall file, to the extent currently available to them, the following information no later than **10 a.m. PDT on September 27, 2017**:

1. The projected value of the SRA Funds investment portfolio if it matures as originally intended versus the liquidation value under the Receiver and SEC's proposed plan. The Court appreciates that such projections cannot be made with guarantees or exactness, but the parties should advise the Court to the extent they have information or reasoned expectations. If available, such information may be shared on a company-by-company basis.

2. Which three companies in the SRA Fund portfolio have folded and thus no longer have stock value? How many investors had an interest in those companies and what was the magnitude of each such interest?

3. Is the nature of every investor's claim currently known (*i.e.*, is there a list of the number of shares claimed by each investor and in which companies)?

4. Is a notice and claims process necessary to determine whether there are any unknown claims (including both claims to an interest in securities and creditor claims) against the Receivership Entities?

5. Whether, other than the claimed shortfall of Square and Palantir shares, there are any other known shortfalls in securities interests at this time.

6. The Receiver's efforts, if any, to recover the mis-distributed Square shares; the feasibility and cost of re-acquiring the mis-distributed shares; and whether the investors to whom Square shares were over-distributed have an interest in the pre-IPO securities of other companies.

7. What is the profile of members of the SRA Fund Investor Group? Are they experienced investors? In which companies are these members believed to have invested?

8. What is the total number of investors who are not part of the SRA Fund Investor Group? Are they experienced investors? In which companies do they believe they have invested? Have they received notice of the plans proposed by the SEC, the Receiver, and the SRA Fund Investor Group?

9. If the funds are not liquidated, are there alternative investment managers other than Mr. Cilano? What process would the parties propose for choosing a manager?

**IT IS SO ORDERED**.

Dated:

_____
EDWARD M. CHEN
United States District Judge