# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA <br><br> Defendants. | Case No. 3:16-cv-1386 <br><br> **[PROPOSED] STIPULATION AND PROTECTIVE ORDER CONCERNING THE NON-DISCLOSURE OF CERTAIN CONFIDENTIAL INFORMATION** <br><br> Date: No Date <br> Time: No Time <br> Judge: Edward M. Chen |

The Receiver, interested party SRA Funds Investor Group and interested parties Global Generation Group LLC and Benchmark Capital LLC (collectively, "the parties"), by and through their respective counsel, hereby stipulate and agree to the entry of a protective order as follows:

1.   The Receiver in this matter, Sherwood Partners Inc. ("Sherwood"), has interviewed several investment banking firms ("IB Firms") concerning the various possible methods of valuation and/or liquidation of the SRA Estate's non-public securities assets ("the Assets").

2. On September 28, 2017, the Court ordered the parties to meet and confer on various issues pertaining to the valuation and/or liquidation of the Assets and to reach agreement on the terms of a protective order that would allow the Receiver to exchange confidential information with the other parties, but protect such information from any disclosure to third parties.

3. The parties, through their respective counsel, have met and conferred and agree that sensitive, non-public valuation information arising from the IB Firms' proposals to manage the Assets, should be maintained as confidential, and that the public disclosure of pricing, appraisal or valuation of the Assets could negatively impact the ability of the IB Firm, or any other IB Firm approved by the Court, to fairly negotiate the best price for some or all of the Assets if a sale is ordered by the Court.

Pursuant to the foregoing stipulation, IT IS HEREBY ORDERED THAT:

1. All information that is designated CONFIDENTIAL by the Receiver and provided by the Receiver (either directly or through its counsel) to counsel for the SRA Funds Investor Group and counsel for Global Generation Group LLC and Benchmark Capital LLC ("the Receiving Counsel") shall be maintained as CONFIDENTIAL by Receiving Counsel. This will include the information submitted to the Court *ex parte* by the Receiver on September 28, 2017.

2. Receiving Counsel may share such CONFIDENTIAL information only with those members or employees of their respective law firms directly involved in the representation associated with this lawsuit.

3. In order to allow Receiving Counsel to advise their respective clients in this matter, Receiving Counsel may also share such CONFIDENTIAL information with a single designated client representative on the following conditions:

  a. The designated client representative must be a signatory to the stipulation and order and agree to be bound by its provisions and subject to the jurisdiction of this Court for enforcement purposes; and

  b. The designated client representative may not share any CONFIDENTIAL information with any other person or entity, including any entity with which the designated client representative holds an interest or position, without the express prior written consent of the Receiver.

Dated: October 6, 2017  GARTENBERG GELFAND HAYTON LLP

      By: /s/ *John W. Cotton*
         John W. Cotton

      Counsel for the Receiver

Dated: October 6, 2017  LUBIN, OLSON & NIEWIANDOMSKI LLP

      By: /s/ *Theodore A. Griffinger, Jr.*
         Theodore A. Griffinger, Jr.

      Counsel for Global Generation LLC and Benchmark LLC

Dated: October 6, 2017  PRITZKER LEVINE LLP

      By: /s/ *Jonathan K. Levine*
         Jonathan K. Levine

      Counsel for the SRA Funds Investor Group

Dated: October 6, 2017  GLOBAL GENERATION LLC AND BENCHMARK LLC

      By: _____
         John Syron

Designated Client Representative

Dated: October 6, 2017    THE SRA FUNDS INVESTOR GROUP

By:    /s/ *Peter T. Healy*
Peter T. Healy

Designated Client Representative

IT IS SO ORDERED. (see additional paragraphs 4-6 added below).

DATED:    October 6, 2017

_____
Judge Edward M. Chen
United States District Court

*IT IS SO ORDERED AS MODIFIED*
Judge Edward M. Chen

## ATTESTATION

I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

*/s/ Jonathan K. Levine*
Jonathan K. Levine

4. Information designated CONFIDENTIAL may be used in connection with this case only, and must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this order.

5. If a party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL information to any person or in any circumstances not authorized under this stipulated protective order, the party must immediately (a) notify in writing the Receiver of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the stipulation or order.

6. Without written permission from the Receiver or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL material. A party that seeks to file under seal any CONFIDENTIAL material must comply with Civil Local Rule 79-5.