JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA, <br><br> Defendants, and <br><br> SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC, <br><br> Relief Defendants. | Case No. 3:16-cv-01386-EMC (JCS) <br><br> **CONSENT OF DEFENDANT JOHN V. BIVONA TO ENTRY OF FINAL JUDGMENT** <br><br> Date:  NA <br> Time:  NA <br> Courtroom:  5 (Seventeenth Floor) <br> Judge:  Edward M. Chen |

**CONSENT OF JOHN V. BIVONA TO FINAL JUDGMENT**

1. Defendant John V. Bivona ("Bivona" or "Defendant") acknowledges that Defendant, having been served with the Complaint by plaintiff Securities and Exchange Commission (the "Commission") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 5 of the Securities Act, 15 U.S.C. § 77e; Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2) & (4), and Rule 206(4)-8 thereunder, 17 C.F.R. 275.206(4)-8; Section 203(f) of the Advisers Act, 15 U.S.C. § 80b-3(f); and Section 15(b)(6)(B)(i) of the Exchange Act of 1934, 15 U.S.C. § 78o(b)(6)(B)(i);

   (b) permanently restrains and enjoins Defendant from directly or indirectly soliciting any person or entity to purchase or sell any security or security-based swap; and

   (c) orders Defendant to pay disgorgement in the amount of $4,655,000, $500,000 of which is joint and several with Relief Defendant Anne Bivona, and the remainder of which, $4,155,000, is joint and several with Defendant Frank Mazzola, and $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola.  Defendant's disgorgement obligation shall be due within fourteen calendar days from the entry of this Final Judgment.  However, the

Commission will not enforce the disgorgement order in this Final Judgment against Defendant until the earlier of (i) an order lifting the automatic stay in the *Chapter 7 Bankruptcy Proceeding of John Vincent Bivona*, Case No. 16-12961-SCC, in the United States Bankruptcy Court for the Southern District of New York ("John Bivona Bankruptcy Case"), (ii) termination of the automatic stay pursuant to Section 362(c)(2) of the Bankruptcy Code, 11 U.S.C. § 362(c)(2), in the John Bivona Bankruptcy Case, or (iii) the bankruptcy court's dismissal of the John Bivona Bankruptcy Case.

3. John Bivona will not oppose an unsecured claim by the Commission in the John Bivona Bankruptcy Case for the unpaid portion of the disgorgement amount. Any monetary recovery by the Commission on its unsecured claim in the John Bivona Bankruptcy Case shall reduce the unpaid disgorgement amount against Defendant in this Final Judgment. Defendant John Bivona consents and agrees not to take steps to discharge the Commission's claim and that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19) and is excepted from discharge in the John Bivona Bankruptcy Case.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the

defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/14/2017

_____
John V. Bivona

| | |
|---|---|
| 1 | JINA L. CHOI (N.Y. Bar No. 2699718) |
| 2 | JOHN S. YUN (Cal. Bar No. 112260)<br>  yunj@sec.gov |
| 3 | MARC D. KATZ (Cal. Bar No. 189534)<br>  katzma@sec.gov |
| 4 | JESSICA W. CHAN (Cal. Bar No. 247669)<br>  chanjes@sec.gov |
| 5 | Attorneys for Plaintiff |
| 6 | SECURITIES AND EXCHANGE COMMISSION<br>44 Montgomery Street, Suite 2800 |
| 7 | San Francisco, CA 94104<br>Telephone: (415) 705-2500 |
| 8 | Facsimile:  (415) 705-2501 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>　　　　　Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>　　　　　Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT JOHN V. BIVONA AND RELIEF DEFENDANT ANNE BIVONA** |

1    The Securities and Exchange Commission having filed a Complaint and Defendant John V. Bivona and Relief Defendant Anne Bivona having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)   to employ any device, scheme, or artifice to defraud;
   (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e], by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with

the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce

  (a)  employing any device, scheme, or artifice to defraud any client or prospective client;

  (b)  engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

  (c)  engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

  (d)  while acting as an investment adviser to a pooled investment vehicle:

   1.  making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

   2.  otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)] by willfully becoming associated with an investment adviser without the consent of the Commission while an order barring him from being associated with an investment adviser is in effect.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 15(b)(6)(B)(i) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)(i)] by willfully becoming associated with a broker or dealer in contravention of an order by the Commission to bar him from being associated with a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security or security-based swap.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Anne Bivona is liable, jointly and severally with Defendant John Bivona, for disgorgement in the amount of $500,000, representing profits gained as a result of the conduct alleged in the Complaint.  Relief Defendant shall satisfy this obligation by paying $500,000, within fourteen calendar days from the entry of this Final Judgment, by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood Partners, Inc.  The Receiver shall hold the disgorgement amounts in a separately identified account, pending further orders by the Court.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the terms of the Court's

May 3, 2016 Order Re: Preliminary Injunction, Dkt. No. 68 ("Order"), paragraph III at 2:15-17, which orders Relief Defendant Anne Bivona to preserve and not dissipate $997,667, are hereby vacated and replaced by this Final Judgment.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant John Bivona is liable for disgorgement of $4,655,000, representing profits gained as a result of the conduct alleged in the Complaint, of which $500,000 is joint and several with Relief Defendant Anne Bivona, and the remainder of which, $4,155,000, is joint and several with Defendant Frank Mazzola, and $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola. Defendant's disgorgement obligation shall be due within fourteen calendar days from the entry of this Final Judgment.

The Commission will not enforce the disgorgement order in this Final Judgment against Defendant John Bivona until the earlier of (i) an order lifting the automatic stay in the *Chapter 7 Bankruptcy Proceeding of John Vincent Bivona*, Case No. 16-12961-SCC, in the United States Bankruptcy Court for the Southern District of New York ("John Bivona Bankruptcy Case"), (ii) termination of the automatic stay pursuant to Section 362(c)(2) of the Bankruptcy Code, 11 U.S.C. § 362(c)(2), in the John Bivona Bankruptcy Case, or (iii) the bankruptcy court's dismissal of the John Bivona Bankruptcy Case. The Commission shall have an unsecured claim in the John Bivona Bankruptcy Case for the unpaid portion of the disgorgement amount. Any monetary recovery by the Commission on its unsecured claim in the John Bivona Bankruptcy Case shall reduce the unpaid disgorgement amount against John Bivona in this Final Judgment.

Within fourteen days after the lifting of the automatic stay or dismissal of the bankruptcy case described in the paragraph above, Defendant John Bivona shall pay the unpaid disgorgement amount by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood Partners, Inc. The Receiver shall hold the disgorgement amounts in a separately identified account, pending further orders by the Court.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: _____, 2017

JUDGE EDWARD M. CHEN
United States District Court