JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-01386-EMC |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT JOHN V. BIVONA AND RELIEF DEFENDANT ANNE BIVONA** |
| v. | |
| JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA, | |
| Defendants, and | |
| SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC, | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant John V. Bivona and Relief Defendant Anne Bivona having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e], by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with

the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce

(a)     employing any device, scheme, or artifice to defraud any client or prospective client;

(b)     engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

(c)     engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d)     while acting as an investment adviser to a pooled investment vehicle:

1.     making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

2.     otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

2    Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

3    actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

4    agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

5    with Defendant or with anyone described in (a).

6                                                                V.

7    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

8    restrained and enjoined from directly or indirectly violating Section 203(f) of the Advisers Act [15

9    U.S.C. § 80b-3(f)] by willfully becoming associated with an investment adviser without the consent

10   of the Commission while an order barring him from being associated with an investment adviser is in

11   effect.

12   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

13   Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

14   actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

15   agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

16   with Defendant or with anyone described in (a).

17                                                               VI.

18   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

19   restrained and enjoined from directly or indirectly violating Section 15(b)(6)(B)(i) of the Exchange

20   Act [15 U.S.C. § 78o(b)(6)(B)(i)] by willfully becoming associated with a broker or dealer in

21   contravention of an order by the Commission to bar him from being associated with a broker or

22   dealer.

23   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

24   Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

25   actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

26   agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

27   with Defendant or with anyone described in (a).

28

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security or security-based swap.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Anne Bivona is liable, jointly and severally with Defendant John Bivona, for disgorgement in the amount of $500,000, representing profits gained as a result of the conduct alleged in the Complaint.  Relief Defendant shall satisfy this obligation by paying $500,000, within fourteen calendar days from the entry of this Final Judgment, by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood Partners, Inc.  The Receiver shall hold the disgorgement amounts in a separately identified account, pending further orders by the Court.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the terms of the Court's

1  May 3, 2016 Order Re: Preliminary Injunction, Dkt. No. 68 ("Order"), paragraph III at 2:15-17,

2  which orders Relief Defendant Anne Bivona to preserve and not dissipate $997,667, are hereby

3  vacated and replaced by this Final Judgment.

4                             X.

5         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant John

6  Bivona is liable for disgorgement of $4,655,000, representing profits gained as a result of the conduct

7  alleged in the Complaint, of which $500,000 is joint and several with Relief Defendant Anne Bivona,

8  and the remainder of which, $4,155,000, is joint and several with Defendant Frank Mazzola, and

9  $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola.  Defendant's

10  disgorgement obligation shall be due within fourteen calendar days from the entry of this Final

11  Judgment.

12         The Commission will not enforce the disgorgement order in this Final Judgment against

13  Defendant John Bivona until the earlier of (i) an order lifting the automatic stay in the *Chapter 7*

14  *Bankruptcy Proceeding of John Vincent Bivona*, Case No. 16-12961-SCC, in the United States

15  Bankruptcy Court for the Southern District of New York ("John Bivona Bankruptcy Case"), (ii)

16  termination of the automatic stay pursuant to Section 362(c)(2) of the Bankruptcy Code, 11 U.S.C.

17  § 362(c)(2), in the John Bivona Bankruptcy Case, or (iii) the bankruptcy court's dismissal of the John

18  Bivona Bankruptcy Case.  The Commission shall have an unsecured claim in the John Bivona

19  Bankruptcy Case for the unpaid portion of the disgorgement amount.  Any monetary recovery by the

20  Commission on its unsecured claim in the John Bivona Bankruptcy Case shall reduce the unpaid

21  disgorgement amount against John Bivona in this Final Judgment.

22         Within fourteen days after the lifting of the automatic stay or dismissal of the bankruptcy case

23  described in the paragraph above, Defendant John Bivona shall pay the unpaid disgorgement amount

24  by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood

25  Partners, Inc.  The Receiver shall hold the disgorgement amounts in a separately identified account,

26  pending further orders by the Court.

27

28

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.


Dated: _____, 2017

_____
JUDGE EDWARD M. CHEN
United States District Court