JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-01386-EMC (JCS) |
| Plaintiff, | **CONSENT OF DEFENDANT FRANK G. MAZZOLA TO ENTRY OF FINAL JUDGMENT** |
| v. | |
| JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA, | Date:  NA<br>Time:  NA<br>Courtroom:  5 (Seventeenth Floor)<br>Judge:  Edward M. Chen |
| Defendants, and | |
| SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC, | |
| Relief Defendants. | |

## CONSENT OF FRANK G. MAZZOLA TO FINAL JUDGMENT

1.        Defendant Frank G. Mazzola ("Mazzola" or "Defendant") acknowledges that Defendant, having been served with the Complaint by plaintiff Securities and Exchange Commission (the "Commission") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.        Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)        permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e; Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-3(f); and Section 15(b)(6)(B)(i) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(b)(6)(B)(i);

(b)        permanently restrains and enjoins Defendant from violation of the Commission's Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions, instituted on March 20, 2014, in *In the Matter of Frank Mazzola and Felix Investments, LLC*, Administrative Proceeding File No. 3-15807;

(c)        orders Defendant to pay disgorgement in the amount of $4,655,000, which is joint and several with Defendant John Bivona, and $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola; and

(d)        orders Defendant to pay a civil penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action

4.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from

1  any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

2  before the Commission based on the entry of the injunction in this action, Defendant understands that

3  he shall not be permitted to contest the factual allegations of the complaint in this action.

4        12.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),

5  which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

6  consent to a judgment or order that imposes a sanction while denying the allegations in the complaint

7  or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the

8  defendant or respondent states that he neither admits nor denies the allegations."  As part of

9  Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any

10  action or make or permit to be made any public statement denying, directly or indirectly, any

11  allegation in the complaint or creating the impression that the complaint is without factual basis; (ii)

12  will not make or permit to be made any public statement to the effect that Defendant does not admit

13  the allegations of the complaint, or that this Consent contains no admission of the allegations, without

14  also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent,

15  Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

16  in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section

17  523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and

18  further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

19  Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement

20  agreement entered in this proceeding, is a debt for the violation by Defendant of the federal securities

21  laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

22  Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission

23  may petition the Court to vacate the Final Judgment and restore this action to its active docket.

24  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or

25  factual positions in litigation or other legal proceedings in which the Commission is not a party.

26        13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

27  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

28

1 │ the United States, or any agency, or any official of the United States acting in his or her official
2 │ capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
3 │ expended by Defendant to defend against this action. For these purposes, Defendant agrees that
4 │ Defendant is not the prevailing party in this action since the parties have reached a good faith
5 │ settlement.

6 │      14.     Defendant agrees that the Commission may present the Final Judgment to the Court
7 │ for signature and entry without further notice.

8 │      15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the
9 │ purpose of enforcing the terms of the Final Judgment.

10 │
11 │ Dated: 11-20-17
12 │                                   Frank G. Mazzola

JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT FRANK GREGORY MAZZOLA AND RELIEF DEFENDANT MICHELE J. MAZZOLA** |

1        The Securities and Exchange Commission having filed a Complaint and Defendant Frank G.

2   Mazzola and Relief Defendant Michele J. Mazzola having entered a general appearance; consented to

3   the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action;

4   consented to entry of this Final Judgment without admitting or denying the allegations of the

5   Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII);

6   waived findings of fact and conclusions of law; and waived any right to appeal from this Final

7   Judgment:

8                                    I.

9        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Frank Mazzola

10  is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the

11  "Securities Act") [15 U.S.C. § 77e], by, directly or indirectly, in the absence of any applicable

12  exemption:

13       (a)     Unless a registration statement is in effect as to a security, making use of any means or

14  instruments of transportation or communication in interstate commerce or of the mails to sell such

15  security through the use or medium of any prospectus or otherwise; or

16       (b)     Making use of any means or instruments of transportation or communication in

17  interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any

18  prospectus or otherwise any security, unless a registration statement has been filed with the

19  Commission as to such security, or while the registration statement is the subject of a refusal order or

20  stop order or (prior to the effective date of the registration statement) any public proceeding or

21  examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

22       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

23  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

24  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

25  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

26  with Defendant or with anyone described in (a).

27

28

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 203(f) of the Investment Advisers Act of 1949 ("Advisers Act") [15 U.S.C. § 80b-3(f)] by willfully becoming associated with an investment adviser without the consent of the Commission while an order barring him from being associated with an investment adviser is in effect.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 15(b)(6)(B)(i) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(b)(6)(B)(i)] by willfully becoming associated with a broker or dealer in contravention of an order by the Commission to bar him from being associated with a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating the Commission's Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial

1  Sanctions, instituted on March 20, 2014, in *In the Matter of Frank Mazzola and Felix Investments,*

2  *LLC*, Administrative Proceeding File No. 3-15807.

3          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

4  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

5  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

6  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

7  with Defendant or with anyone described in (a).

8                                                              V.

9          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Michele

10 Mazzola shall pay, jointly and severally with Defendant Frank Mazzola and Defendant John Bivona,

11 disgorgement in the amount of $1,800,000.00, representing profits gained as a result of the conduct

12 alleged in the Complaint.  Relief Defendant shall satisfy this obligation by paying $1,800,000, within

13 thirty calendar days from the entry of this Final Judgment, by check, United States Postal money

14 order, or electronic payment, to the Receiver, Sherwood Partners, Inc.  The Receiver shall hold the

15 disgorgement amounts in a separately identified account, pending further orders by the Court.

16         Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case

17 identifying information to the Commission's counsel in this action.  By making this payment, Relief

18 Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

19 funds shall be returned to Relief Defendant.

20         The Commission may enforce the Court's judgment for disgorgement and prejudgment

21 interest by moving for civil contempt (and/or through other collection procedures authorized by law)

22 at any time after thirty days following entry of this Final Judgment.  Relief Defendant shall pay post

23 judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

24                                                             VI.

25         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

26 Frank Mazzola is liable for disgorgement of $4,655,000, representing profits gained as a result of the

27 conduct alleged in the Complaint, which is joint and several with Defendant John Bivona, and

28

1  $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola.  Defendant shall

2  satisfy this obligation by paying $$4,655,000, within thirty calendar days from the entry of this Final

3  Judgment, by check, United States Postal money order, or electronic payment, to the Receiver,

4  Sherwood Partners, Inc.  The Receiver shall hold the disgorgement amounts in a separately identified

5  account, pending further orders by the Court.

6       Defendant shall simultaneously transmit photocopies of evidence of payment and case

7  identifying information to the Commission's counsel in this action.  By making this payment,

8  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

9  funds shall be returned to Defendant.

10       The Commission may enforce the Court's judgment for disgorgement and prejudgment

11  interest by moving for civil contempt (and/or through other collection procedures authorized by law)

12  at any time after thirty days following entry of this Final Judgment.  Defendant shall pay post

13  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

14  VII.

15       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

16  Frank Mazzola is liable for a civil penalty in the amount of $200,000 pursuant to Section 20(d) of the

17  Securities Act [15 U.S.C. §77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and

18  Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant shall satisfy this obligation by

19  paying $200,000 to the Securities and Exchange Commission within thirty calendar days after entry

20  of this Final Judgment.

21       Defendant may transmit payment electronically to the Commission, which will provide

22  detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a

23  bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

24  Defendant may also pay by certified check, bank cashier's check, or United States postal money

25  order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

26       Enterprise Services Center

27       Accounts Receivable Branch

28

1         6500 South MacArthur Boulevard

2         Oklahoma City, OK 73169

3  and shall be accompanied by a letter identifying the case title, civil action number, and name of this

4  Court; Frank G. Mazzola as a defendant in this action; and specifying that payment is made pursuant

5  to this Final Judgment.

6         Defendant shall simultaneously transmit photocopies of evidence of payment and case

7  identifying information to the Commission's counsel in this action.  By making this payment,

8  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

9  funds shall be returned to Defendant.

10         The Commission may enforce the Court's judgment for disgorgement and prejudgment

11  interest by moving for civil contempt (and/or through other collection procedures authorized by law)

12  at any time after thirty days following entry of this Final Judgment.  Defendant shall pay post

13  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall

14  hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

15  pending further order of the Court.

16         The Commission may propose a plan to distribute the Fund subject to the Court's approval.

17  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of

18  Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the

19  administration of any distribution of the Fund.  If the Commission staff determines that the Fund will

20  not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the

21  United States Treasury.

22         Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as

23  civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all

24  purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant

25  shall not, after offset or reduction of any award of compensatory damages in any Related Investor

26  Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor

27  shall he further benefit by, offset or reduction of such compensatory damages award by the amount of

28

1   any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in

2   any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry

3   of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay

4   the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission

5   directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to

6   change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a

7   "Related Investor Action" means a private damages action brought against Defendant by or on behalf

8   of one or more investors based on substantially the same facts as alleged in the Complaint in this

9   action.

10                                                        VIII.

11          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

12   exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

13   allegations in the complaint are true and admitted by Defendant and Relief Defendant, and further,

14   any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant

15   and Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree

16   or settlement agreement entered in this proceeding, is a debt for the violation by Defendant of the

17   federal securities laws or any regulation or order issued under such laws, as set forth in Section

18   523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

19                                                        IX.

20          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

21   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

22

23   IT IS SO ORDERED.

24

25   Dated: _____, 2017                    _____

26                                                                  JUDGE EDWARD M. CHEN
                                                                    United States District Court

27

28