JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT FRANK GREGORY MAZZOLA AND RELIEF DEFENDANT MICHELE J. MAZZOLA** |

1  The Securities and Exchange Commission having filed a Complaint and Defendant Frank G. Mazzola and Relief Defendant Michele J. Mazzola having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Frank Mazzola is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e], by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 203(f) of the Investment Advisers Act of 1949 ("Advisers Act") [15 U.S.C. § 80b-3(f)] by willfully becoming associated with an investment adviser without the consent of the Commission while an order barring him from being associated with an investment adviser is in effect.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 15(b)(6)(B)(i) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(b)(6)(B)(i)] by willfully becoming associated with a broker or dealer in contravention of an order by the Commission to bar him from being associated with a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating the Commission's Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial

Sanctions, instituted on March 20, 2014, in *In the Matter of Frank Mazzola and Felix Investments, LLC*, Administrative Proceeding File No. 3-15807.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Michele Mazzola shall pay, jointly and severally with Defendant Frank Mazzola and Defendant John Bivona, disgorgement in the amount of $1,800,000.00, representing profits gained as a result of the conduct alleged in the Complaint. Relief Defendant shall satisfy this obligation by paying $1,800,000, within thirty calendar days from the entry of this Final Judgment, by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood Partners, Inc. The Receiver shall hold the disgorgement amounts in a separately identified account, pending further orders by the Court.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Frank Mazzola is liable for disgorgement of $4,655,000, representing profits gained as a result of the conduct alleged in the Complaint, which is joint and several with Defendant John Bivona, and

1 $1,800,000 of which is joint and several with Relief Defendant Michele Mazzola.  Defendant shall
2 satisfy this obligation by paying $$4,655,000, within thirty calendar days from the entry of this Final
3 Judgment, by check, United States Postal money order, or electronic payment, to the Receiver,
4 Sherwood Partners, Inc.  The Receiver shall hold the disgorgement amounts in a separately identified
5 account, pending further orders by the Court.

6 Defendant shall simultaneously transmit photocopies of evidence of payment and case
7 identifying information to the Commission's counsel in this action.  By making this payment,
8 Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the
9 funds shall be returned to Defendant.

10 The Commission may enforce the Court's judgment for disgorgement and prejudgment
11 interest by moving for civil contempt (and/or through other collection procedures authorized by law)
12 at any time after thirty days following entry of this Final Judgment.  Defendant shall pay post
13 judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

14 VII.

15 IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
16 Frank Mazzola is liable for a civil penalty in the amount of $200,000 pursuant to Section 20(d) of the
17 Securities Act [15 U.S.C. §77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and
18 Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant shall satisfy this obligation by
19 paying $200,000 to the Securities and Exchange Commission within thirty calendar days after entry
20 of this Final Judgment.

21 Defendant may transmit payment electronically to the Commission, which will provide
22 detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a
23 bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.
24 Defendant may also pay by certified check, bank cashier's check, or United States postal money
25 order payable to the Securities and Exchange Commission, which shall be delivered or mailed to
26 Enterprise Services Center
27 Accounts Receivable Branch
28

|   |   |
|---|---|
| 1 | 6500 South MacArthur Boulevard |
| 2 | Oklahoma City, OK 73169 |

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank G. Mazzola as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of

any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant and Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: _____, 2017

JUDGE EDWARD M. CHEN
United States District Court

CERTIFICATE OF SERVICE

I, Eric Pease, am a citizen of the United States, over 18 years of age, and am not a party in this action. I hereby certify that on December 15, 2017, I caused the following documents:

**CONSENT OF DEFENDANT ANNE BIVONA TO ENTRY OF FINAL JUDGMENT**

**CONSENT OF DEFENDANT JOHN V. BIVONA TO ENTRY OF FINAL JUDGMENT**

**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT JOHN V. BIVONA AND RELIEF DEFENDANT ANNE BIVONA**

**CONSENT OF DEFENDANT MICHELE MAZZOLA TO ENTRY OF FINAL JUDGMENT**

**CONSENT OF DEFENDANT FRANK MAZZOLA TO ENTRY OF FINAL JUDGMENT**

**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER RELIEF AGAINST DEFENDANT FRANK GREGORY MAZZOLA AND RELIEF DEFENDANT MICHELE J. MAZZOLA**

**CONSENT OF DEFENDANT SADDLE RIVER ADVISORS, LLC TO ENTRY OF FINAL JUDGMENT**

**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT SADDLE RIVER ADVISORS, LLC**

to be served via UPS marked for next day delivery on the following:

Frank Gregory Mazzola
27 Dogwood Hill Drive
Upper Saddle River, NJ 07458

Michele J. Mazzola
27 Dogwood Hill Drive
Upper Saddle River, NJ 07458

　　　　　　　　　　　　　　　　　__/s/ Eric Pease_____
　　　　　　　　　　　　　　　　　Eric Pease
　　　　　　　　　　　　　　　　　Paralegal Specialist
　　　　　　　　　　　　　　　　　Division of Enforcement

Certificate of Service                                                                                           Civ. 3:16-cv-01386-EMC