JOHN W. COTTON (SBN 54912)
Email: JCotton@gghslaw.com
GARTENBERG, GELFAND & HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
(213) 542-2100
(818) 292-0898

Counsel to Receiver Sherwood Partners, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA<br><br>Defendants. | Case No. 3:16-cv-1386<br><br>**RECEIVER'S MOTION FOR APPROVAL OF FEES AND EXPENSES OF LOCAL COUNSEL RETAINED BY THE RECEIVER FOR THE PERIOD OCTOBER 2016 TO NOVEMBER 2017**<br><br>Date: January 25, 2018<br>Time: 10:30 AM<br>Courtroom: 5<br>Judge: Edward M. Chen |

**PLEASE TAKE NOTICE** that on January 25, 2018 in Courtroom 5 at 10:30 AM, the Receiver in the above captioned matter, Sherwood Partners, Inc. ("Sherwood"), will move this Honorable Court for the approval of the fees and expenses of its local counsel in the states of Delaware, New Jersey and New York, accrued for the first year of operation of the Receivership. This Motion consists of this Notice of Motion, Motion and the accompanying declaration of Georgiana Nertea as Sr. Vice President of Sherwood, including Exhibits A, B and C

1

RECEIVER'S MOTION FOR THE PAYMENT OF FEES OF LOCAL COUNSEL

appended thereto, which reflect the time billings and expenses of the three previously approved law firms performing services at the Receiver's request.

Dated: December 20, 2017

GARTENBERG GELFAND HAYTON LLP

By: /s/ John W. Cotton
John W. Cotton
Counsel to the Receiver

## MOTION FOR PAYMENT OF LOCAL COUNSELS' FEES

### I. Background

On October 11, 2016, this Honorable Court issued an Order of Appointment of Receiver ("the Order') and thereby appointed Sherwood Partners, Inc. ("Sherwood") as Receiver in this matter. The Order, at Sec. II F, permitted Sherwood to retain professionals, including attorneys, to assist it in performing its duties. Docket No. 142.

On October 26, 2016 the Court issued a further order, Docket No. 147, permitting Sherwood to retain local counsel in the states of New York, New Jersey and Delaware pursuant to 18 U.S.C. §754, in order to protect the assets of the Receivership in any local disputes over ownership and/or possession of Receivership Estate assets, and if necessary, to defend the Receiver in any local actions filed in those jurisdictions, or bring suit in aid of the Receiver's pursuit of its duties under the Order. On November 3, 2016 the Court issued a further order, Docket No. 153, permitting Sherwood to retain bankruptcy counsel to represent it in the Chapter 7 proceeding filed by Defendant Bivona in the U.S. Bankruptcy Court for the Southern District of New York.

By this Motion, Sherwood, through its Senior Vice President Georgiana Nertea ("Nertea"), requests that this Court approve the fees and expenses of the three firms which were retained by Sherwood pursuant to the Court's Orders of October 26 and November 3, for the period of October 2016 to November 2017. This Motion consists of the Notice of Motion, the Declaration of Georgiana Nertea, the time and expense records of the firm of DiConza Traurig Kadish LLP ("the DiConza Firm", Exhibit A to the Declaration of Nertea), the time records

and expenses of the firm of McDonnell Crowley LLC ( "the McDonnell Firm", Exhibit B to the Declaration of Nertea) and the time records and expenses of the firm of Abby & Geddes ("the Ashby Firm", Exhibit C to the Declaration of Nertea).

## II. The Fee Applications of Sherwood's Local Counsel

As the Declaration of Nertea sets forth, the period for which Sherwood makes this Application is October 2016 to November 2017.[1] The Receiver elected to present these bills after the conclusion of the first year of the Receivership to avoid multiple and piecemeal applications to the Court, which would each cost the time of the Receiver's counsel to file separate motions for each. It was also unclear in 2016 what additional legal assistance would be needed from these three firms after their initial entry of orders under 18 U.S.C. §754. Moreover, until March of 2017, there were no liquid assets available to pay any local counsel until the sale of Square shares that month. These factors militated in favor of making less frequent application for the fees of local counsel.[2]

---

[1] Two of these local counsel, the McDonnell and Ashby Firms have not spent any billable time on any matters since November 2016, and therefore the attached bills represent all of their accrued time in the first two months of the Receivership, filing the notices under 18 U.S.C. §754. The third, the DiConza Firm, has had numerous additional tasks requested of it by the Receiver chiefly in the first four months, as more specifically set forth in the accompanying Declaration of Georgiana Nertea ("Nertea Decl.") at § 3.

[2] The Court ordered in Docket No. 147 that the Receiver seek approval of the parties for work beyond that in filing the notices under 18 U.S.C. §754. The Receiver thereafter obtained the approval of the parties and the Court for the bankruptcy work of the DiConza firm, as set forth in Docket No. 153. The Court also requested in Docket No. 147, quarterly reports from the Receiver regarding the fees spent on outside counsel. The Receiver substantially complied with that request in it first quarterly report, Docket No. 168 (at page 7) where all of the McDonnell and Ashby

No material additional work by the McDonnell and Ashby Firms is contemplated at this time; the DiConza firm will likely be called upon to defend the Receiver in various matters, including the Bivona bankruptcy as set forth in the Nertea Decl. at § 3, as well as in working to set aside certain "confessions of judgment" that the Receiver has recently learned were entered into by Defendant Bivona, which may have improperly bound certain of the Receivership Entities to a debt for which they were not responsible. After further analysis, the Receiver will bring this matter to the Court's attention and estimate the time cost to further using the DiConza firm.

Ms. Nertea has reviewed each of the local firms' billings, and has found them in all respects to be reasonable and necessary. Nertea Decl. at § 7. Ms. Nertea has also reviewed all the time spent by local counsels' personnel on enumerated receivership tasks and has attested to the accuracy and appropriateness of the time billed in relation to the tasks assigned by the Receiver. Nertea Decl., at ¶ 7. In sum, Sherwood believes all the attached bills to be consistent with the SEC's "Billing Guidelines for Receivers" and to have been done within the assigned scope of work given to them by the Receiver. Nertea Decl., at ¶ 7.

**IV. Conclusion**

For the forgoing reasons, the Receiver requests that the Court approve the first year billings of the local counsel set forth above. Those fees and expenses total $36,958.12 for the DiConza Firm; $1,922.50 for the McDonnell Firm, and $1,316.35 for the Ashby Firm.

---

Firms', and the bulk of the DiConza Firm's, fees and expenses are set out for the Court. Through inadvertence, the Receiver did not update the Court on the small, additional time charges and expenses incurred by the DiConza firm in the Bivona Chapter 7 case in its later quarterly reports.

Dated: December 20, 2017

GARTENBERG GELFAND HAYTON LLP

By: /s/ John W. Cotton
John W. Cotton
Counsel to the Receiver