1  JOHN W. COTTON (SBN 54912)
   Email: JCotton@gghslaw.com
2  GARTENBERG GELFAND & HAYTON LLP
   15260 Ventura Blvd., Suite 1920
3  Sherman Oaks, CA 91403
   (213) 542-2100
4  (818) 292-0898

5  Counsel to Receiver Sherwood
   Partners Inc.
6

7
                   **UNITED STATES DISTRICT COURT**
8
                   **NORTHERN DISTRICT OF CALIFORNIA**
9

10 SECURITIES AND EXCHANGE            )  Case No.  3:16-cv-1386
   COMMISSION,                        )
11                                    )  **NOTICE OF LODGING OF**
       Plaintiff,                     )  **RECEIVER'S QUARTERLY**
12                                    )  **REPORT TO THE COURT**
       v.                             )  **FOR THE QUARTER ENDED**
13                                    )  **DECEMBER 31, 2017**
   JOHN V. BIVONA; SADDLE RIVER       )
14 ADVISERS, LLC; SRA                 )  Date:  No Date
   MANAGEMENT ASSOCIATES, LLC;)         Time:  No Time
15 FRANK GREGORY MAZZOLA              )  Judge: Edward M. Chen
                                      )
16     Defendants, and                )
                                      )
17                                    )
   SRA I LLC; SRA II LLC; SRA III
18 LLC; FELIX INVESTMENTS,
   LLC; MICHELE J. MAZZOLA;
19 ANNE BIVONA; CLEAR
   SAILING GROUP IV LLC;
20 CLEAR SAILING GROUP V LLC,

21     Relief Defendants.

22 _____

23

24

25

26

27

28

                                      1
   NOTICE OF LODGING OF THE RECEIVER'S REPORT FOR THE QUARTER ENEDED 12/31/2017

1   The Receiver in the above matter, Sherwood Partners, Inc. ("the
2   Receiver") pursuant to this Court's Order of October 11, 2016, has been
3   charged with the filing of quarterly reports advising the Court of the status of
4   its work for the most recently ended quarter, as specified by Sec. XIII of the
5   Order. Attached hereto as <u>Exhibit A</u> is the Receiver's Fifth Quarterly Report to
6   the Court for the period October 1, 2017 to December 31, 2017, regarding
7   specified activities undertaken during that quarter.

GARTENBERG, GELFAND & HAYTON LLP

January 31, 2018

　　　　　　　　　　　　　　　　　　/s/ John W. Cotton
　　　　　　　　　　　　　　　　　　John W. Cotton
　　　　　　　　　　　　　　　　　　Counsel to the Receiver

# Exhibit A

**SHERWOOD** Partners, Inc.

Sherwood Partners, Inc.  |  www.shrwood.com

Peter Hartheimer
Direct: (212) 333 0711
Email: p.hartheimer@shrwood.com

Hon. Edward M. Chen
United States District Court
Northern District of California
Courtroom 5
United States Courthouse
450 Golden Gate Ave.
San Francisco, California 94102

Re: Securities and Exchange Commission v. John V. Bivona, et al., Case No. 16-cv-01386-EMC

Hon. Edward M. Chen:

Attached please find the Fifth Quarterly Report of the Receiver in the matter of the Securities and Exchange Commission v. John V. Bivona, et al., Case No. 16-cv-01386-EMC.

Please note that portions of this Fifth Quarterly Report are based upon financial and other information provided to the Receiver by the Defendants of Saddle River Advisors, LLC, SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, Felix Multi Opportunity Fund I, LLC, and Felix Multi Opportunity Fund II, LLC.

This Fifth Quarterly Report has been prepared pursuant to the terms of the Order Appointing the Receiver.

Sincerely,

Peter Hartheimer
Sherwood Partners, Inc.
Representative of the Receiver
January 31, 2018

**Securities and Exchange Commission v. John V. Bivona, et al., Civil Action No. 3:16-cv-01386**
**Receiver's Fifth Quarterly Report, January 31, 2018**
**4th Quarter of 2017**

The Receiver in the above matter, Sherwood Partners, Inc. ("Receiver" or "Sherwood"), hereby provides its Fifth Quarterly Report ("Report") to the Court on the progress of its administration of the Receivership Estates of the Defendants and the stipulating affiliated entities[1], for the period October 1, 2017 to December 31, 2017. As the Court is aware, the Receiver was appointed on October 11, 2016, pursuant to this Court's Order ("Order"), which charged it with administering the Receivership Estates of Saddle River Advisors, LLC's holding companies, SRA I, LLC, SRA II, LLC, SRA III, LLC, (the "SRA Funds") and Clear Sailing Group IV, LLC and Clear Sailing Group V, LLC (the "Clear Sailing Funds"), which are, collectively, the "Receivership Defendants." The stipulating affiliated entities agreed as well to their administration by the Receiver. Prior to this Report, the Receiver has filed a total of four quarterly reports on the following dates: February 1, 2017-Court Doc [168], May 16, 2017-Court Doc [183], August 14, 2017-Court Doc [216] and November 9, 2017-Court Doc [271]. These are available for review on the Receiver's website.

Pursuant to the Order, Sec. XIII, the Receiver is to provide the following information on a quarterly basis:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the Receivership Estate;

C. A schedule of the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Report), with one column for the quarterly period covered and a second column for the entire duration of the Receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims, including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments. Note: Please refer to Section A of this Report, specifically to the "Stock Redemptions" paragraph, for additional information;

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H. The Receiver's recommendations for a continuation or discontinuation of the Receivership and the basis for the recommendations.

---

[1] The stipulating affiliated entities include FMOF I, FMOF II, FMOF Management, NYPA I, NYPA II, and NYPA III, each as defined by this Court in its Order on October 11, 2016.

### A. Summary of Operations of the Receiver

Since the submission of the Fourth Quarterly Report on November 9, 2017, the Receiver continued to fulfill the requirements of the Order. The following is a summary of what has transpired between October 1, 2107 and December 31, 2017:

### ASSET MANAGEMENT

**Stock Redemptions:** At the date of Sherwood's appointment, the Defendants' assets consisted of investments in 21 companies that are or were pre-IPO and two companies that had already experienced a liquidity event resulting from their IPOs. Two of the subject pre-IPO companies, which recently had initial public offerings, completed their "lock-up" periods. The two companies are Snap, Inc. and Cloudera, Inc. Details and updates regarding efforts undertaken by the Receiver related to these two companies and during the period of this Report are outlined below. An additional liquidity event occurred during the period of this Report. MongoDB, Inc. had an initial public offering and is expected to complete its "lock-up" period on April 17, 2018.

- **Snap, Inc. ("Snap")** - Snap issued an IPO on the New York Stock Exchange on March 2, 2017. The "lock-up" period expired on August 29, 2017, hence, the Receiver is no longer restricted from recovering the value of the Snap asset. Further details are below:
    - During the appointment of the Independent Monitor, the Monitor pursued a multi-step approach to assess and confirm that the total number of shares of privately held company stock owned by Equity Acquisition Company, Ltd. ("EAC") and by Clear Sailing Group IV, LLC equal or exceed the total number of shares of privately held company stock attributed to the investors in the SRA Funds.
    - During this multi-step confirmation process, the Monitor discovered that Clear Sailing Group IV, LLC is not a record holder of Snap shares and after further review, it discovered that the purchase of Snap shares is under a forward contract with an individual ("Snap Seller").
    - The Receiver has been in communication with the Snap Seller and is diligently working to transfer the shares to the Receiver's account.
    - As of the date of this Report, the Snap shares are with American Stock Transfer & Trust Co., LLC ("AST") pending transfer to the Receiver's account.

- **Cloudera, Inc. ("Cloudera")** - Cloudera issued an IPO on April 28, 2017 and the "lock-up" period expired on October 25, 2017. The Receiver is no longer restricted from recovering the value of the Cloudera asset.
    - Similar to the Snap shares, the purchase of Cloudera shares are under forward contracts with two different sellers ("Cloudera Sellers").
    - The Receiver has been in communication with the Cloudera Sellers and is diligently working to transfer the shares to the Receiver's account.
    - As of the date of this Report, the Cloudera shares are with AST pending transfer to the Receiver's account.

- **MongoDB, Inc. ("MongoDB")** - Mongo issued an IPO on October 19, 2017 and the "lock-up" period is expected to expire on April 17, 2018.
    - During the multi-step confirmation process, the Monitor discovered that Clear Sailing Group IV, LLC is the record holder of 40,000 MongoDB shares instead of

3

>   52,500 shares listed in the confirmation letter. The difference appears to be due to a forward contract with an individual.

- **Practice Fusion, Inc. ("Practice Fusion")** - Practice Fusion was acquired in January 2018 for $100 million by Allscripts Healthcare Solutions, Inc. ("Allscripts"), an electronic health records provider.[2]
    - As of the date of this Report, the Receiver is in the process of determining any potential recovery of this investment in light of the acquisition by Allscripts.

**Square, Inc. ("Square")** – During the period of this Report, the Receiver sent out demand letters to the investors who were recipients of excess Square shares compared to what they were entitled to. As of the date of this Report, the Receiver has successfully clawed back all the excess Square shares that were incorrectly distributed, totaling $120,010.22.

**Solis Associates Fund, LLC ("Solis")** – Solis is a fund that is not a Receivership entity, but an affiliated entity. As of the date of this Report, the Receiver is still in the process of investigating the organization and structure of Solis and what the Receiver's responsibility entails regarding this fund. This matter will be brought up in Court at the Status Hearing on February 8, 2018.

**Investment Banker Retention (Valuation):** Per instructions of the Court, the Receiver, together with the Securities and Exchange Commission ("SEC") and the investor group represented by Jonathan K. Levine of Pritzker Levine, LLP, collectively participated in a selection process of an investment banker. Theodore A. Griffinger of Lubin Olson & Niewiadomski LLP, counsel representing Global Generations, consented to the selection. The main purpose for the retention of an investment banker was to provide all the interested parties with a market research analysis and valuation of the Receivership's assets. The selection and retention of the investment banker was formalized within the period of this Report. The name of the investment banker is Oxis Capital, Inc. ("Oxis"). As part of the engagement, Oxis is to prepare an analysis of different market options and to provide a report to the Court. Oxis' report and conclusions will be separate and apart from the monetization of any securities. As of the date of this Report, Oxis has issued a report on potential recoveries from the liquidation of certain assets. This will be submitted to the Court under seal.

**Notice Process:** At the direction of the Court, the Receiver has proceeded to conduct a public noticing process by publishing a notice in the Wall Street Journal and Wall Street Journal Online, in order to maximize the chances of capturing the majority of the investors in the Defendant entities.

**Proofs of Claim Process:** As of the date of this Report, the Receiver is in the process of collecting proofs of claim, as a result of the claims process that was launched in the fourth quarter of 2017 at the direction of the Court, per the Status Hearing held on November 16, 2017. In order to run an efficient claims process, the Receiver, with the approval of the Court, has retained the services of JND Corporate Restructuring ("JND"). The claims bar date is set for January 31, 2018.

---

[2] "Allscripts to acquire Practice Fusion for $100 million"- www.modernhealthcare.com/article/20180108/NEWS/180109933

**INVESTOR RELATIONS AND CREDITORS**

The Receiver continues to conduct regular communications with the Defendants' investors. Sherwood maintains a log of these communications along with any additional information investors choose to share with the Receiver. Sherwood has made every effort to provide accurate and concise information on the case status and its progress. The Receiver set up a website reflecting the most up-to-date information and Court filings in the matter: http://www.shrwood.com/saddleriver. In certain cases, Sherwood has been asked to conduct meetings with investors regarding their perceived unique circumstances surrounding investments.

**Investor Group ("IG"):** The SEC, IG and counsel for Global Generations, pursuant to the Court's request, have been directed to work together in an attempt to resolve all, or some of the IG's objections to the Liquidation Plan. Since the Hearing on September 28th, the Receiver has participated in no less than five calls starting on October 5th and continuing on a regular basis through November 3rd with the IG, Global Generations and the SEC.

**Mandatory Tax Filings:** In performing its Receiver's duties, Sherwood has engaged an accounting firm to prepare the Receivership entities' tax returns for the years 2015 and 2016, given that the last tax returns prepared for the Receivership entities were for the tax year 2014. The Receiver has gathered some of the records of the Defendant Entities and the Affiliated Entities, in order to make available to the new tax preparer.[3] This was a time-consuming task due to the incomplete and nonexistent records of several entities, as provided to the Receiver when they were surrendered on October 11, 2016.

As of the date of this Report, the Receiver continues to work with the new tax preparer and with the previous tax preparer to finalize the completion of the 2015 and 2016 tax returns for the entities with available records.

**Newsletter:** In an effort to provide updates and information even more frequently, the Receiver is in the process of drafting its first periodic newsletter, which will be uploaded on the Receiver's website at http://www.shrwood.com/saddleriver.

**RECORDS MANAGEMENT**

The Receiver has continued to update the Receiver's website in a timely manner by providing all interested parties with the latest Court documents and relevant information.

**CASE SUPPORT AND ADMINISTRATION**

The Receiver has spent time administering the matter to ensure compliance with the Order. The Receiver's work during this period has included (a) the preparation of the Fourth Quarterly Report of the Receiver, dated November 9, 2017, and (b) the preparation of the Third Fee Application of the Receiver for the period July 1, 2017 to September 30, 2017.

---

[3] The Defendant and Affiliated entities can be identified in the order to appoint the Receiver and are: Defendant Entities - SRA Management Associates, LLC, SRA I, SRA II & SRA III, LLC, and Clear Sailing Group IV & V, LLC, Affiliated Entities - FMOF I & II LLC, FMOF Management Associates, LLC., NYPA I & II LLC, NYPA Management Associates, LLC.

After the Status Hearing held on November 16, 2017, the Court issued a Minute Order referenced by Court Document Number 275. According to the Order, a claims process would begin immediately with a claims bar date set for January 31, 2018. The Court also ordered that a noticing process commence, too, and last, but not least, directed the Receiver to proceed with the retention of an investment banker.

The next Status Hearing is scheduled for February 8, 2018.

**Fee Applications:** The Receiver's second fee application for the quarter ending June 30, 2017 was approved by the Court on November 16, 2017. The Receiver's fee applications have been subject to a 20% hold back.

As of the date of this Report, the Receiver has prepared and submitted for review by the SEC and IG, its fee applications for the quarters ending September 30, 2017 and December 31, 2017. The Court has approved the Receiver's fee application for the quarter ending September 30, 2017, totaling $118,220.57 and the Receiver's counsel fee application for the same period, totaling $30,455.

**Receiver's Professionals Fee Application:** During the period of this Report, the Receiver received and reviewed invoices submitted by different professionals that are assisting the Receiver. Subsequently, the Receiver prepared a fee application for these professionals ("Professionals Fee Application"), which was filed with the Court. The Professionals Fee Application includes professionals' fees and expenses from the inception of the Receivership through December 2017. The professionals include local counsel in New York, DiConza Traurig Kadish, LLP, local counsel in New Jersey, McDonnell Crowley, LLC, and local counsel in Delaware, Ashby Geddes, and P.A. The first Professionals Fee Application totals $40,196.97 and as of the date of this Report it has been approved by this Court.

## SUPPORT OF AND REPORTING TO THE SEC

As part of the administrative obligations, Sherwood has had regular dialog with the SEC. Sherwood has conducted regular meetings with the SEC and has assisted and received support with the following activities:

**Baseline Budget in support of the Plan of Liquidation:** The Receiver has been preparing an ordinary course baseline budget in support of the plan of liquidation with projections over the course of the next three years.

## CLAIMS AND LITIGATION FOR THE BENEFIT OF THE ESTATE

In addition to the monetization and recovery of assets, the Receiver will need to pursue remedies, consensual and legal, to recover funds. These funds are compensation due to the Receivership Estate by misappropriation.

During this period, the Receiver came across a lawsuit filed in March 2017 by an investor in Facie Libre Associates, LLC ("Facie Libre"), a non-defendant entity. Receiver's local counsel in New York has submitted a demand for a stay of the litigation and has asked the investor to file a proof of claim by the claims bar deadline. No other activities were conducted related to claims and litigation on behalf of the Estate.

**B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate:**

As of December 31, 2017, the accrued administrative expenses of the Defendant entities are as follows:

| Pre-Appointment Accrued Administrative Expenses | |
|---|---|
| Office Expenses | $61,528.60 |
| Salaries-SRA Management | $64,927.31 |
| Expenses - John Bivona | $10,180.37 |
| Expenses - Nina Dazzo | $3,018.15 |
| Expenses - Vito Fredella | $1,555.41 |
| Expenses - Susan Diamond | $2,540.72 |
| Registered Agent- National Corporate Research | $2,036.00 |
| State of NJ Annual Report | $105.00 |
| Delaware delinquent LLC taxes | $6,360.00 |
| | $152,251.56 |
| **Post-Appointment Accrued Administrative Expenses** | |
| Temporary Administrative Labor | $2,746.08 |

**C. A Schedule of all the Receiver's Receipts and Disbursements:**

The detail of all receipts and disbursements as of the end of the fourth quarter of 2017 is reflected on the attached Exhibit A. The Receiver's cash balance as of December 31, 2017 is $1,153,307.14. The detail of the Receiver's Receipts and Disbursements through December 31, 2017 is reflected in the schedule below:

| | Amount |
|---|---|
| **Receipts** | |
| Sale of Square shares | $1,665,219.77 |
| Clawback of Square excess misdistributions | 120,010.22 |
| Interest income | 7,363.64 |
| | |
| **Disbursements** | |
| Settlement with the SEC Receiver in ND of Illinois | (20,000.00) |
| Professional Fees (Sherwood as Receiver and Monitor and Receiver's counsel) | (585,589.67) |
| Investment Banker-Retainer Fee | (25,000.00) |
| Claims Agent-Retainer Fee | (1,000.00) |
| Consultant-Advertising Agency | (7,652.00) |
| Miscellaneous/Service Charges | (44.82) |
| | |
| **Balance as of December 31, 2017** | **$1,153,307.14** |

7

Subsequent to the end of the fourth quarter of 2017, the Receiver earned dividend income of $1,015.84 and received a wire of $500,000.00 from Anne Bivona, in accordance with her Final Judgement, representing her disgorgement payment. Also subsequent to the end of the fourth quarter of 2017, the Receiver made one payment to Miller Advertising Agency, Inc. in connection with the notice process run in the Wall Street Journal, in the amount of $6,100.

**D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended:**

**1.** All Defendant Entities' assets subject to the SEC's stipulated Order for Appointment of Receiver. These assets would be those of the Defendant and stipulated affiliated entities. They are as follows:

- SRA I, LLC
- SRA II, LLC
- SRA III, LLC
- Saddle River Advisors, LLC
- SRA Management, LLC
- Clear Sailing Group IV, LLC
- Clear Sailing Group V, LLC
- Felix Multi-Opportunity Fund I, LLC
- Felix Multi-Opportunity Fund II, LLC
- Felix Management Associates, LLC
- NYPA Fund I, LLC
- NYPA Fund II, LLC
- NYPA Management Associates, LLC

**2.** All known investments of the Receivership Entities to the best of the Receiver's knowledge and belief. These investments, with the exception of Addepar, are held with the so-called "Purchase Funds" (Clear Sailing IV, Clear Sailing V, and Equity Acquisition Corp. ("EAC"). They are as follows:

- Addepar, Inc.
- Airbnb, Inc.
- Badgeville, Inc.
- Bloom Energy, Inc.
- Candi Controls, Inc.
- Cloudera, Inc.
- Dropbox, Inc.
- Evernote, Inc.
- Flurry, Inc.
- Glam, Inc.
- Jawbone, Inc.
- Lookout, Inc.
- Lyft, Inc.
- Mongo DB, Inc.
- Palantir, Inc.
- Pinterest, Inc.
- Practice Fusion, Inc.
- Snapchat, Inc.
- Square, Inc.
- Uber, Inc.
- Big Ten
- Series X

**3.** All known bank accounts of the Defendant Entities, to the best of the Receiver's knowledge and belief:

| | ACCOUNT NAME | ACCOUNT # | BALANCE |
|---|---|---|---|
| 1 | SRA Management Associates LLC | TD Bank-8771 | $ 147.72 |
| 2 | SRA I LLC | TD Bank-8804 | $ 37,109.51 |
| 3 | SRA II LLC | TD Bank-8797 | $ 174.11 |
| 4 | SRA III LLC | TD Bank-8789 | $ 135.82 |
| 5 | Saddle River General Account LLC | TD Bank-8846 | $ 4,029.64 |
| 6 | Clear Sailing Group V LLC | TD Bank-2096 | $ - |
| 7 | Clear Sailing Group IV LLC | TD Bank-9076 | $ 38,080.53 |
| 8 | NYPA Fund I LLC | TD Bank-7543 | $ 58.10 |
| 9 | NYPA Fund II LLC | TD Bank-7551 | $ 75.00 |
| | | | $ 79,810.43 |

8

**E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for: forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments):**

To the best of its knowledge and belief, the Receiver is unaware of any liquidated or unliquidated claims held by the Receivership Estate as of the date of this Report. Please refer to Section A of this Report, specifically to the "Stock Redemptions" paragraph, for additional information. The Receiver believes that EAC holds shares in investments on behalf of the Receivership Estate, which remain to be determined.

**F. A list of all known creditors that includes their addresses and the amounts of each claim:**

At the direction of the Court, the Receiver has retained a claims agent, JND Corporate Restructuring ("JND"). JND has been tasked with running and administering a claims process on behalf of the Receivership Estate. A proof of claim form was developed and approved by the Court. In addition, a deadline to submit claims was set for January 31, 2018. After January 31, 2018, JND and the Receiver will conduct a comprehensive review of all the claims filed. A report and summary will be prepared and provided to the Court upon the completion of this process.

**G. The status of Creditor Claims Proceedings, after such Proceedings have commenced:**

The claims process was initiated in December 2017. Please refer to Section F above for further details.

**H. The Receiver's recommendations for a continuation or discontinuation of the Receivership and the reasons for the recommendations:**

The Receiver has made significant progress in administering the Receivership Estate and analyzing and understanding the issues at hand. The Receiver is in the midst of carrying out its duties. The Receiver and the SEC proposed a Joint Plan of Distribution to minimize risk to all investors and, in the face of commingling, to provide a fair and equitable distribution. The IG has submitted an alternative plan that would terminate the duties of the Receiver. While the Receiver does not support the plan submitted by the IG, as it does not represent the most economic method of Estate management and essentially puts back the assets of the Estate in the hands of insiders of the Defendants, the Receiver is the appointee of the Court and performs its duties at the Court's instruction and direction. The Receiver's recommendation is to continue the Receivership, so that it can thoroughly complete its duties as instructed by the Order Appointing the Receiver on October 11, 2016.

## UPCOMING WORK OF THE RECEIVERSHIP

The primary upcoming tasks of the Receiver include the completion of the claims process, review of claims filed, completion of tax returns, continuing to address questions from investors and to update the Receiver's website, as well as providing periodic updates to all interested parties.

Pending the Court's instructions, potential additional upcoming work of the Receiver includes either distribution or liquidation of Estate assets or conversely transition of the Estate to a new fund manager. As far as the sale of Practice Fusion to Allscripts is concerned, the Receiver must determine the recovery on behalf of the Receivership Estate.

## Exhibit A

|  | For quarter ended December 31, 2017 | Cumulative since October 11, 2016 |
|---|---|---|
| **Receiver's Receipts** | $125,370.61 | $1,792,593.63 |
| **Receiver's Disbursements** | ($619,286.49) | ($639,286.49) |
| **TOTAL** | ($493,915.88) | $1,153,307.14 |
| **Cash Balance as of December 31, 2017** |  | $1,153,307.14 |

10