JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT SADDLE RIVER ADVISORS, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendant Saddle River Advisors, LLC, ("SRA" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

1  "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or
2  instruments of transportation or communication in interstate commerce or by use of the mails,
3  directly or indirectly:

4      (a)    to employ any device, scheme, or artifice to defraud;

5      (b)    to obtain money or property by means of any untrue statement of a material fact   or
6      any omission of a material fact necessary in order to make the statements   made, in light of
7      the circumstances under which they were made, not misleading;    or

8      (c)    to engage in any transaction, practice, or course of business which operates or
9      would operate as a fraud or deceit upon the purchaser.

10      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal
11  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive
12  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,
13  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation
14  with Defendant or with anyone described in (a).

15                  III.

16      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is
17  permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e]
18  by, directly or indirectly, in the absence of any applicable exemption:

19      (a)    Unless a registration statement is in effect as to a security, making use of any means or
20      instruments of transportation or communication in interstate commerce or of the mails
21      to sell such security through the use or medium of any prospectus or otherwise; or

22      (b)    Making use of any means or instruments of transportation or communication in
23      interstate commerce or of the mails to offer to sell or offer to buy through the use or
24      medium of any prospectus or otherwise any security, unless a registration statement
25      has been filed with the Commission as to such security, or while the registration
26      statement is the subject of a refusal order or stop order or (prior to the effective date of

27
28

the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), (2) & (4), and Rule 206(4)-8 thereunder, 17 C.F.R. 275.206(4)-8, by, directly or indirectly, by the use of any means or instrumentality of interstate commerce

(a) employing any device, scheme, or artifice to defraud any client or prospective client;

(b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d) while acting as an investment adviser to a pooled investment vehicle:

1. making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

2. otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers,

1  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation
2  with Defendant or with anyone described in (a).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)] by, while acting as an investment adviser, permitting any person as to whom an order issued by the Commission suspending or barring that person from being associated with an investment adviser to become, or remain, a person associated with it without the consent of the Commission if Defendant knew, or in the exercise of reasonable care, should have known, of the bar or suspension order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, while acting as a broker or dealer, effecting transactions in and inducing and attempting to induce the purchase or sale of securities when they are not registered with the Commission as a broker or dealer or associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security or security-based swap.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $44,870,455, representing profits gained as a result of the conduct alleged in the Complaint. This disgorgement obligation shall be joint and several with Defendant SRA Management Associates, LLC, and Relief Defendants SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, and Clear Sailing Group V, LLC. Defendant shall satisfy this obligation by paying $44,870,455, within thirty calendar days from the entry of this Final Judgment, by check, United States Postal money order, or electronic payment, to the Receiver, Sherwood Partners, Inc. The Receiver shall hold the disgorgement amounts in a separately identified account, pending further orders by the Court.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law)

at any time after thirty days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED

Dated: __2/12/2018__, ~~2017~~

_____
IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA