JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-01386-EMC (JCS) |
| Plaintiff, | **CONSENT OF DEFENDANT SRA MANAGEMENT ASSOCIATES, LLC AND RELIEF DEFENDANTS SRA I, LLC, SRA II, LLC, CLEAR SAILING GROUP IV, LLC AND CLEAR SAILING GROUP V, LLC TO ENTRY OF FINAL JUDGMENT** |
| v. | |
| JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA, | |
| Defendants, and | Date: NA<br>Time: NA<br>Courtroom: 5 (Seventeenth Floor)<br>Judge: Edward M. Chen |
| SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC, | |
| Relief Defendants. | |

# CONSENT OF SRA MANAGEMENT ASSOCIATES, LLC AND RELIEF DEFENDANTS SRA I LLC, SRA II LLC, SRA III, LLC, CLEAR SAILING GROUP IV, LLC AND CLEAR SAILING GROUP V, LLC TO FINAL JUDGMENT

1. Defendant SRA Management Associates, LLC ("SRA Management" or "Defendant") and relief defendants SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC and Clear Sailing Group V, LLC (collectively, "Relief Defendants"), as well as third-party affiliated receivership entities Felix Multi-Opportunity Fund I, LLC, Felix Multi-Opportunity Fund II, LLC, FMOF Management Associate, LLC, NYPA Fund I, LLC, NYPA Fund II, LLC and NYPA Management Associates, LLC ("Third-Party Receivership Entities"), through their Court-Appointed Receiver, Sherwood Partners, Inc., acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants admit), Defendant and Relief Defendants hereby consent to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 5 of the Securities Act, 15 U.S.C. § 77e; Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2) & (4), and Rule 206(4)-8 thereunder, 17 C.F.R. 275.206(4)-8; and Section 203(f) of the Advisers Act, 15 U.S.C. § 80b-3(f);

    (b) permanently restrains and enjoins Defendant from violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), with the exception of any such activity

|   |   |   |
|---|---|---|
| 1 |   | in accordance with the Order Appointing Receiver dated October 11, 2016 |
| 2 |   | (Docket No. 142), a court-approved distribution plan and/or an express order |
| 3 |   | of the Court; |
| 4 | (c) | permanently restrains and enjoins Defendant from directly or indirectly |
| 5 |   | soliciting any person or entity to purchase or sell any security or security-based |
| 6 |   | swap, with the exception of any such solicitation in accordance with the Order |
| 7 |   | Appointing Receiver dated October 11, 2016 (Docket No. 142), a court- |
| 8 |   | approved distribution plan and/or an express order of the Court; and |
| 9 | (d) | orders Defendant and Relief Defendants to pay disgorgement, jointly and |

severally, in the amount of $44,870,455. This disgorgement obligation shall be joint and several with Defendant Saddle River Advisors, LLC. Through the Receiver, Defendants and Relief Defendants, as well as the Third-Party Receivership Entities, shall obtain the Court's approval for a Distribution Plan. Defendant's and Relief Defendants' disgorgement obligations under the Final Judgment shall be deemed satisfied by a court-approved Distribution Plan.

3. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant and Relief Defendants agree that the Commission and other agencies of the United States government may informally interview Defendant's and Relief Defendants' former employees and may review and copy, at the government's expense, the receivership's documents and records. Defendant and Relief Defendants agree, and will provide in the Distribution Plan, that the receivership's books and records will not be abandoned or destroyed without court approval following reasonable prior written notice to the Commission and that their books may be delivered to the Commission for retention and storage at the Commission's own expense. Defendant and Relief Defendants acknowledge that the Receiver previously waived the attorney-client and work product privileges of Defendant, Relief Defendants

and Third-Party Receivership Entities with respect to any oral or written communications occurring before commencement of the receivership on October 11, 2016.

4. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant and Relief Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant and Relief Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant and Relief Defendants waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendants in this civil proceeding. Defendant and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendants waive any claim of Double Jeopardy based upon

the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunctions in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant and Relief Defendants' agreement to comply with the terms of Section 202.5(e), Defendant and Relief Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant and Relief Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant and Relief Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and Relief Defendants under the Final

1  Judgment or any other judgment, order, consent order, decree or settlement agreement entered in this
2  proceeding, is a debt for the violation of the federal securities laws by Defendant or any regulation or
3  order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.
4  § 523(a)(19). If Defendant or Relief Defendants breach this agreement, the Commission may petition
5  the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this
6  paragraph affects Defendant's and Relief Defendants': (i) testimonial obligations; or (ii) right to take
7  legal or factual positions in litigation or other legal proceedings in which the Commission is not a
8  party.

9      12.    Defendant and Relief Defendants hereby waive any rights under the Equal Access to
10  Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision
11  of law to seek from the United States, or any agency, or any official of the United States acting in his
12  or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,
13  expenses, or costs expended by Defendant to defend against this action. For these purposes,
14  Defendant and Relief Defendants agree that Defendant and Relief Defendants are not the prevailing
15  party in this action since the parties have reached a good faith settlement.

16      13.    Defendant and Relief Defendants agree that the Commission may present the Final
17  Judgment to the Court for signature and entry without further notice.

18      14.    Defendant and Relief Defendants agree that this Court shall retain jurisdiction over
19  this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: November 2̲4̲, 2017

SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, FMOF Management Associates, LLC, Felix Multi-Opportunity Fund I, LLC, Felix Multi-Opportunity Fund II, LLC, NYPA Management Associates, LLC, NYPA Fund I LLC, and NYPA Fund II, LLC

By: _____/s/_____
Michael Maidy, Chief Executive Officer
Sherwood Partners, Inc., the Court-Appointed Receiver

JINA L. CHOI (N.Y. Bar No. 2699718)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>[PROPOSED] **FINAL JUDGMENT OF PERMANENT INJUNCTIONS AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT SRA MANAGEMENT ASSOCIATES, LLC AND RELIEF DEFENDANTS SRA I LLC, SRA II LLC, SRA III, LLC, CLEAR SAILING GROUP IV, LLC AND CLEAR SAILING GROUP V, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendant SRA Management Associates, LLC, and Relief Defendants SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, and Clear Sailing Group V, LLC, having entered a general appearance; consented to the Court's jurisdiction and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

    (b)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 (the "Adviser's Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce

(a) employing any device, scheme, or artifice to defraud any client or prospective client;

(b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

(d) while acting as an investment adviser to a pooled investment vehicle:

1. making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

2. otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)] by, while acting as an investment adviser, permitting any person as to whom an order issued by the Commission suspending or barring that person from being associated with an investment adviser to become, or remain, a person associated with it without the consent of the Commission if Defendant knew, or in the exercise of reasonable care, should have known, of the bar or suspension order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, while acting as a broker or dealer, effecting transactions in and inducing and attempting to induce the purchase or sale of securities when they are not registered with the Commission as a broker or dealer or associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security or security-based swap, with the exception of any such solicitation in accordance with the Order Appointing Receiver dated October 11, 2016 (Docket No. 142), a court-approved liquidation plan and/or an express order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Relief Defendants are liable for disgorgement of $44,870,455, representing profits gained as a result of the conduct alleged in the Complaint. This disgorgement obligation shall be joint and several with defendant Saddle River Advisors, LLC. Through the Receiver, Defendant and Relief Defendants shall obtain the Court's approval for a Distribution Plan. Defendant's and Relief Defendants' disgorgement obligations under the Final Judgment shall be deemed satisfied by a court-approved Distribution Plan.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED

Dated: 3/22/2018 ~~, 2017~~

*IT IS SO ORDERED*
*Judge Edward M. Chen*