JOHN W. COTTON (SBN 54912)
Email: JCotton@gghslaw.com
GARTENBERG GELFAND & HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
(213) 542-2100
(818) 292-0898

Counsel to Receiver Sherwood Partners, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-1386 |
| Plaintiff, | **EXPEDITED APPLICATION UNDER L.R. 7-11 FOR THE APPROVAL OF CLAIMS ADMINISTRATOR'S FEES AND ADDITIONAL WORK** |
| v. | |
| JOHN V. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA | |
| Defendants, and | Date: No Date<br>Time: No Time<br>Judge: Edward M. Chen |
| SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC, | |
| Relief Defendants. | |

### I. INTRODUCTION

By this Application, the Receiver seeks Court (i) approval for payment to JND Corporate Services ("JND") of the $15,000 authorized in the December 7, 2017 Order for claims notification work (Docket #283); (ii) approval for payment of another $29,466.28 to JND for the "claim validation" work that the

1

Court directed the Receiver to undertake in the February 9, 2018 Order (Docket #309) performed during the months of February and March 2018; and (iii) if the Court believes that additional "claim validation" work is currently needed, to authorize JND to continue billing at its current, hourly rates.[1]

## II.  JND'S COMPLETION OF THE INITIAL CLAIM REGISTER WORK AND THE ADDITIONAL WORK OF THE CLAIMS PROCESS

In an order dated December 7, 2017 (Docket # 283), the Court instructed the Receiver to seek the Court's permission before approving "additional work by the administrator if the expenses have exceeded $15,000." That scope of work was (i) to develop and mail the proof of claim forms; (ii) receive and process the returned claims; (iii) and to maintain a database, or register of claims received. (See: Docket ##'s 256, 275 and 282). This work was substantially complete just prior to the status hearing on February 8, 2018, and involved billings totalling $14,782 for December 2017 and January 2018, while the February 2018 billings were not then available. See: Declaration of Hartheimer, ("Hartheimer Decl.") accompanying this Application at ¶¶ 5-6.[2] In any event, JND has performed the requested claims notice work, and the Court should therefore approve payment of its billings for that work.

On February 9, 2018, the Court required the Receiver to "complete its review, *including validation of the claims*, and to submit a report to the court in approximately three weeks (italics added)." Docket #309. Thereafter, the Receiver prepared a claim guideline memorandum ("the Memorandum") which

---

[1] On March 21, 2018, this Court set a further CMC for May 10, 2018, vacated the then upcoming April 5, 2018, hearing on the SEC's pending Motion to Approve the Amended Plan ("the Motion") and denied (without prejudice to re-file) the Motion until "[after] completion of the claims process". The Court also instructed the Receiver, which had been working with JND, to continue the "claim validation" work (Docket #320).  Because JND has stopped work pending authorization for its billings, the Receiver requests expedited court approval through this Application.

[2] Through inadvertent oversight, the Receiver failed to inform the Court during the February 8 hearing that JND was already close to that limit, and would soon exceed it when it undertook any additional work. Hartheimer Decl. at ¶¶ 5-6.

was designed to set parameters for the claim validation process to satisfy the Court's request, and sent it to the parties for approval. (See: Exhibit A to Docket #319) Hartheimer Decl. at ¶¶ 6 - 8. The Receiver directed that JND undertake the bulk of the Claim Process, instead of Sherwood personnel, due to the much lower cost structure of JND. Hartheimer Decl. at ¶¶ 6 and 13.

JND's cost for this additional scope of work, through March 20, 2018 when the Receiver filed its "First Preliminary Claims Report" ("the Report"), was a then estimated, additional $14,854, over the $15,000 set in Docket #283. Hartheimer Decl. at ¶ 11. While the Receiver did not formally request the Court's permission to assign the additional scope of work to JND, it assumed that, implicit within the February 8 hearing discussion with the Court, and in the language of the February 9 order, there was sufficient authority to have JND undertake the Claim Process, especially since JND could do so less expensively.[3] Therefore, the Receiver requests that JND be paid $29,466.28 for all its work completed to the end of March 2018, as reflected in Exhibits A, B and C to the Hartheimer Declaration.

### III. THE CURRENT STATUS OF CLAIM VALIDATION

The Receiver believes that the work completed in the Report may provide sufficient clarity to determine the existence and extent of any shortfalls and had intended to discuss that view in the hearing previously set for April 5, but then cancelled by Docket #320. The Receiver was prepared to make a recommendation for a limited amount of clean up work to the Report and to inform the Court of the estimated costs for such. Hartheimer Decl. at ¶ 10. However, due to Docket #320's pressing command to the Receiver that it "act expeditiously to have the claims administrator follow-up with prospective claimants", the Receiver is now presented with a quandary; that is, without

---

[3] If Docket #283 required a notification to the Court during the February 8 hearing, or a written notice of some sort thereafter, the Receiver apologizes for this oversight. Hartheimer Decl. at ¶¶ 2. Regardless, JND acted in good faith after receiving the Memorandum, worked hard with JND to finish the validation work asked for in Docket #309, which became the heart of the Report, and it should be paid for that work.

Court approval under Docket #283 further work by JND should not and cannot be undertaken, but any failure to undertake that work expeditiously will delay the progress of the Court and parties toward a decision on a Plan. Had the April 5, 2018 hearing gone forward, this quandary would have been resolved.

The Receiver therefore respectfully requests further guidance from the Court by way of its approval for additional work to be performed by JND, as set out in the accompanying Declaration of Hartheimer. Hartheimer Decl. at ¶¶ 15 to 20.  JND has submitted a proposed budget, and broken out by category (described as "buckets") of yet to be validated claims, the estimated costs for validating those remaining claims. (See: Hartheimer Decl. <u>Exhibit</u> <u>D;</u> <u>and</u> ¶¶ 16 to 18) Even completion of some of the proposed work will significantly increase the percentage of validated claims from the current 41% level.  *Id.* at ¶ 16.  For example, resolving the un-validated claim forms where a discrepancy in just one of the pre-IPO holdings renders the entire claim form un-validated would increase to about 70% the percentage of validated claims.  *Id.* at ¶ 16.

**IV. CONCLUSION**

The Receiver respectfully requests that the Court approve the costs of JND for all of its invoiced work through the end of March 2018, in the amount of $29,466.28. The Receiver also requests that the Court permit JND to undertake additional work toward completing the Claims Process as set forth in <u>Exhibit D</u> to the accompanying Declaration of Hartheimer. The Receiver recommends that the Court permit the Receiver to direct JND to continue the additional work and decide which work should receive priority. Notably, JND has not performed any services since March 23, 2018, and will not perform further work until the Court provides further instructions.

The SEC has indicated to the Receiver's counsel that it has no objection to the requested relief. Counsel for the SRA Investor's Group, and investors Telesoft and Global Generation, have indicated that they will file a response to the application in any time set by the Court to do so.

4
APPLICATION FOR APPROVAL OF PAYMENT TO CLAIMS ADMINISTRATOR

1
2
3                                          Respectfully submitted:
4
   April 11, 2018                          */s/ John W. Cotton*
5                                          John W. Cotton
6                                          Counsel to Sherwood Partners, Inc.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPLICATION FOR APPROVAL OF PAYMENT TO CLAIMS ADMINISTRATOR