# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** 4/19/2018  **Time:** 42 minutes  **Judge:** EDWARD M. CHEN

**Case No.:** 16-cv-01386-EMC  **Case Name:** SEC v. Bivona, et al.

**Attorney for Plaintiff:** John Yun, Peter Hartheimer and Patricia Schrage
**Attorney for Defendant:** John Cotton for Receiver
Jonathan Levine (SRA Funds)
Theodore Griffinger (Global and Benchmark)
Patrick Gibbs (Telesoft Capital)
Georgiana Nertea

**Deputy Clerk:** Betty Lee  **Court Reporter:** Lydia Zinn

## PROCEEDINGS
- Administrative Motion for Approval of Fees for the Period October 1 to December 31, 2017, for the Receiver and Counsel (Telephonically)

## SUMMARY
The Court expressed surprised that the fees incurred so far by the claims administrator exceeded double the authorized amount and that only 41% of the claims have been processed. It understood the initial $15,000 fee estimate to cover all fees associated with completing the claims administration process. Validation of claims is a normal expected part of claims administration. The Court expressed unhappiness that neither the Receiver and his counsel informed the Court at the previous hearing that fees would clearly exceed $15,000 despite a clear provision in the Court's order requiring approval. Nevertheless, because all parties agree that completion of this process is necessary, the Court authorized up to $30,000 in additional fees to complete the processing (including validation of the claims.) The Court will carefully scrutinize any application for fees to ensure that time was spent in the most efficient manner possible. The SEC was directed to work with the Receiver and the claims administrator to make the validation process efficient without undermining quality of the information to be produced. The Court granted the Receiver's application to approve the claim administrator's fees (Docket No. 326).

The Court directed SEC, receiver and investor groups to meet and confer to arrive at a proposed distribution plan, and, if not, to propose a schedule to hear such dispute. They should also meet and confer about the dispute over the possible shortfall of Palantir shares.

Further CMC is reset from 5/10/18 to 6/21/18 at 10:30 a.m. An updated joint CMC statement shall be filed by 6/14/18. The Court expects to receive a complete report concerning the claims administration by that time.