JOHN W. COTTON (SBN 54912)
Email: JCotton@gghslaw.com
GARTENBERG, GELFAND & HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
(213) 542-2100
(818) 292-0898

Counsel to Receiver Sherwood Partners, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA<br><br>    Defendants. | Case No. 3:16-cv-1386<br><br>**RECEIVER'S MOTION FOR THE APPROVAL OF FEES FOR THE PERIOD JANUARY 1 TO MARCH 31, 2018, FOR THE RECEIVER AND COUNSEL**<br><br>Date: August 9, 2018<br>Time: 1:30 PM<br>Courtroom: 5<br>Judge: Edward M. Chen |

**PLEASE TAKE NOTICE** that on August 9, 2018, in Courtroom 5 at 1:30 PM, the Receiver in the above captioned matter, Sherwood Partners, Inc. ("Sherwood"), will move this Honorable Court for the approval of the fees and expenses of the Receiver, Sherwood Partners, Inc. and its counsel, Gartenberg, Gelfand & Hayton. This Motion consists of the Notice of Motion, Motion and the accompanying declaration of Peter Hartheimer of Sherwood, including Exhibits A, B and C appended thereto, which reflects the time billings and expenses of

1

RECEIVER'S (FIFTH) INTERIM QUARTERLY MOTION FOR THE PAYMENT OF FEES

the Receiver and the required SFAR accounting report of the Receivership Estate; and the declaration of John Cotton of Gartenberg, Gelfand & Hayton, including Exhibit A appended thereto, which reflects its time and expenses.

Dated: June 29, 2018                    GARTENBERG GELFAND HAYTON LLP

                                        By:  /s/ John W. Cotton
                                             John W. Cotton
                                             Counsel to the Receiver

**MOTION FOR PAYMENT OF RECEIVER'S FEES**

**I. Background**

On October 11, 2016, this Honorable Court issued an Order of Appointment of Receiver (the "Order") and thereby appointed Sherwood Partners, Inc. ("Sherwood") as Receiver in this matter. The Order also appointed John W. Cotton ("Cotton") of Gartenberg, Gelfand & Hayton LLP as Counsel to the Receiver. Previously, the Receiver and its counsel submitted interim applications for fees and expenses for the time periods October 11, 2016, to March 31, 2017 (See: Docket Nos. 207 and 215, First Quarterly Fee Application filed on July 13, 2017, and approved on July 25, 2017 and August 11, 2017); April 1 to June 30, 2017 (See: Docket No. 275, Second Quarterly Fee Application filed on October 19, 2017 and approved, but with a 20% holdback for Sherwood on *both* the first (retroactive) and second fee applications, on November 16, 2017); July 1 to September 30, 2017 (See: Docket No. 303,Third Quarterly Fee Application, filed on December 26, 2017 and approved by the Court on January 25, 2018); and October 1 to December 31,2017 (See: Docket No. 315, Fourth Quarterly Fee Application, approved by the Court on March 13, 2018).

The total fees and expenses of the Receiver approved by the Court and paid to date total $535,648 and the total fees and expenses of the Receiver's counsel approved by the Court and paid to date are $132,432.[1] The total fees and expenses of the Receiver being requested

---

[1] In the Court's order approving the Fourth Quarter fees, Docket No. 315, the Receiver's counsel in a drafting error, used as the amount for his services for that period, $30,455 from the earlier Third Quarter Application, which was the template counsel used to prepare the [Proposed] Order Approving Fees. This amount was in error, as the amount for the Fourth Quarter in his declaration (as simultaneously

3
RECEIVER'S (FIFTH) INTERIM QUARTERLY MOTION FOR THE PAYMENT OF FEES

in this Fifth Quarterly Motion (the "Motion") are $75,815.82 and the total fees and expenses of the Receiver's counsel requested in this Motion, are $38,294, consisting of $34,847 for the Fifth Quarterly fee request, and $3,447 erroneously omitted from the order approving the Fourth Quarterly application as set forth in Footnote 1 herein.

 Sherwood has, after considerable discussion with the staff of plaintiff SEC, reduced the amount of the original invoices for the current time period, by $118,309.18, or over 60% of the original total. The reasons for agreeing to these further courtesy writes-offs include: (i) During the first quarter of 2018, Sherwood used senior professional staff to meet time sensitive deadlines when traditionally a lower-level billing staff member could have sufficed ; as a result, senior Sherwood personnel were involved in tasks, such as report writing, where expedience trumped expense, hence an unintentional consequence was an overlap of personnel on common tasks that resulted in additional or duplicative time and resources being expanded (i.e.to finish the reports); and (ii) Sherwood personnel conducted weekly calls with Receiver's counsel and in-house professional staff, which the SEC believed should be borne by the Receiver as non-compensable services. .

 Sherwood also wishes to note that of the total of 238.90 hours billed this quarter, 13.2 hours, or 5.5% of the total, were devoted to tasks that resulted from the specific involvement, and needs of the SRA Investors Group ("IG"). Hartheimer Decl. ¶ 5. By pointing this out, Sherwood is not criticizing the IG, or the Court for encouraging the

---

approved by this Court) was $33,902, resulting in an underpayment error of $3,447 in the Order approving fees. Therefore, this Motion also requests payment for that previously approved, but omitted amount as well. See: Declaration of Cotton, Para. 7.

participation of the IG, but simply to highlight that many of the time costs in this matter are beyond the Receiver's control. Similarly, of the total hours billed this quarter, 23.30hours or almost 10% of the total were as a result of SEC support, which while an important part of any Receivership, again is beyond the control of the Receiver in terms of time consumption.

In this Motion, Sherwood through its Director Peter Hartheimer ("Hartheimer"), requests that this Court approve its Fifth Quarterly fees and expenses as well as that of its Counsel, for the time period January 1, 2018 to and including March 31, 2018. The Motion consists of the accompanying Declaration of Peter Hartheimer, the time records of Sherwood (Exhibit A to the Declaration of Hartheimer), a narrative of the work performed by Sherwood (Exhibit B to the Declaration of Hartheimer) and the SEC's Standard Fund Accounting Report ("SFAR", Exhibit C to the Declaration of Hartheimer). The Receiver also requests approval for the fees of his counsel, John W. Cotton for the same time period, as well as the omitted amount of $3,447 from the previous application. (See: Fn. 1 above.) The Declaration of John W. Cotton with accompanying billing statements from his firm (Exhibit A to the Declaration of Cotton) also accompanies this Motion.[2]

**II. The Fee Application of Sherwood**

As the Declaration of Peter Hartheimer of Sherwood sets forth, the interim period for which it makes this Motion is January 1, 2018 to and including March 31, 2018. During this time period, the

---

[2] Exhibit A to the Declaration of Hartheimer may contain unilateral fact characterizations by Sherwood to which defendants reserve their right to object.

personnel who worked on this matter, and their discounted hourly rates include Mr. Michael Maidy ($595); Peter Hartheimer ($510), Georgiana Nertea ($295); Nicolas Hernandez ($ 295) and Alexander Brandtneris ($195).. Sherwood's total charge for time and disbursements in this interim fee request is $75,815.82. This represents a total of 238.90 hours, or 79.63 hours per month. Hartheimer Decl., at ¶ 3.

Sherwood has applied a 15% reduction to its standard rate. Hartheimer Decl., at ¶ 3.  Hartheimer has personally reviewed all the time spent by Sherwood personnel on Receivership tasks and has attested to the accuracy and appropriateness of the time billed and has set forth the major work categories in which time was spent. Hartheimer Decl., at ¶¶ 3 and 4. Finally, Hartheimer has prepared the required SEC Standard Fund Accounting Report, or "SFAR", for the period covered by this Motion. Hartheimer Decl., at ¶ 7.

Hartheimer has broken down the total billed hours of 238.90 to the following organized task categories: Asset management (11.90 hours); Investor relations (141.5 hours); Records Management (4.30 hours); Case Support and Administration (33.00hours); SEC support (23.30 hours); Claims and litigation (22.50 hours); and Solis Funds Associates, LLC (2.40 hours). Hartheimer Decl., at ¶ 4.

**III. The Fee Application of Sherwood's Counsel**

As the Declaration of John Cotton of Gartenberg, Gelfand & Hayton ("GG&H") sets forth, the period for which it makes its fifth interim fee application is January 1, 2018 to and including March 31, 2018. All time spent on Receivership legal matters were undertaken by Cotton alone, at a reduced billing rate of $450 an hour. GG &H's total charge for time and disbursements in this Application is $ 34,847. This represents a

total of 79 hours, or 26hours per month. Cotton Decl., at ¶ 3. GG & H has applied a 15% reduction to its standard rate and has only used personnel appropriate to the level of work being undertaken. Cotton Decl., at ¶ 3. Cotton has personally reviewed all the time spent on Receivership tasks and has attested to the accuracy and appropriateness of the time billed and has set forth the major work categories in which time was spent. Cotton Decl., at ¶ ¶4 to 6.

During the time period of this Motion, the work performed by Cotton consisted of the following work categories: responding to and advising the Receiver (37.3hours); responding to and meeting with the SEC concerning SRA IG investor group concerns and the Joint Plan of Distribution (15.4 hours); review, preparation of and filing court documents (22.1 hours); and responding to and attending investor and Defendants' counsel calls and related questions (4.2hours). Cotton Declaration at ¶ 4.

### IV. The SEC Has Reviewed the Accompanying Fee Invoices

The Receiver and its counsel timely submitted their accompanying fee invoices to the Plaintiff SEC for its initial review as required by the Court. The SEC and Receiver, as noted on Page 4, lines 6 to 19, thereafter held numerous discussions regarding the Receiver's invoices, as a result of which the Receiver has substantially reduced its fees. Hartheimer Declaration at ¶ 4. As a result, the SEC has indicated that it has no objection to the fees now applied for in this Motion, for either the Receiver, or its counsel. However, the SEC would recommend to the Court that it set a 10% holdback on the Receiver's fees, in the amount of $7,582, be imposed. At this time the SEC is not

recommending any holdback for the Receiver's counsel. (The amount of holdback is set forth in the accompanying proposed order.)

## V. Conclusion

For the forgoing reasons, the Receiver and his counsel request that the Court approve the Motion for Fifth Quarterly Fees by signing the attached Proposed Order.

Dated: June 29, 2018            GARTENBERG GELFAND HAYTON LLP

By:   */s/ John W. Cotton*
       John W. Cotton
       Counsel to the Receiver