JOHN W. COTTON (SBN 54912)
Email: JCotton@gghslaw.com
GARTENBERG, GELFAND & HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
(213) 542-2100
(818) 292-0898

Counsel to Receiver Sherwood Partners, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. BIVONA; SADDLE RIVER ADVISERS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA<br><br>Defendants. | Case No. 3:16-cv-1386<br><br>**RECEIVER'S MOTION FOR APPROVAL OF FEES AND EXPENSES OF TAX PREPARER RETAINED BY THE RECEIVER FOR THE PERIOD NOVEMBER 1, 2017 TO APRIL 30, 2018**<br><br>Date:  August 9, 2018<br>Time:  1:30 PM<br>Courtroom: 5<br>Judge:  Edward M. Chen |

**PLEASE TAKE NOTICE** that on August 9, 2018, in Courtroom 5 at 1:30 PM, the Receiver in the above captioned matter, Sherwood Partners, Inc. ("Sherwood"), will move this Honorable Court for the approval of the fees and expenses of Fineman West & Co. LLP ("Fineman") for their services in the preparation and filing of tax returns for certain of the Defendants and Relief Defendants for the years 2015 and 2016. This Motion consists of the Notice of Motion, Motion and the accompanying declaration of Michael Maidy as Co- Managing

1

RECEIVER'S MOTION FOR THE PAYMENT OF FEES OF TAX PREPARER

Member and Co-Founder of Sherwood, including <u>Exhibit A</u> appended thereto, which reflects the time billings and expenses of Fineman, performing services at the Receiver's request.

Dated: June 29, 2018                    GARTENBERG GELFAND HAYTON LLP

                                        By:   */s/ John W. Cotton*
                                              John W. Cotton
                                              Counsel to the Receiver

## MOTION FOR PAYMENT OF TAX PREPARER'S FEES

### I. Background

On October 11, 2016, this Honorable Court issued an Order of Appointment of Receiver ("the Order') and thereby appointed Sherwood Partners, Inc. ("Sherwood") as Receiver in this matter. The Order, at Sec. II F, permitted Sherwood to retain professionals, including accountants, to assist it in performing its duties. See: Docket No. 142. Those duties included, among others, the obligation to ensure that the Defendants and Relief Defendants filed necessary tax returns for their years (or partial years) of operation before becoming assets of the Receivership Estate.

By this Motion, Sherwood, through its Co- Managing Member and Co-Founder, Michael Maidy ("Maidy") requests that this Court approve the fees and expenses of the accountancy firm of Fineman West LLP ("Fineman"), which was retained by Sherwood to organize, and review the Defendant corporations' books and records for the preparation and filing of federal and state tax returns for the years 2015 and 2016 for four (4) separate SRA entities. This Motion consists of the Notice of Motion, Motion, the Declaration of Maidy, and the time and expense records of Fineman (Exhibit A to the Declaration of Maidy).

### II. The Fee Application for Fineman's Services and Fineman's Further Retention

As the Declaration of Maidy sets forth, the period for which Sherwood makes this Motion is November 1, 2017 to April 30, 2018. Fineman presented the Receiver with these bills for the applicable time period, after the conclusion of its work and the filing of the affected federal and state tax returns for the years 2015 and 2016.

As Maidy notes, at the time of engaging Fineman, Sherwood's staff, in reviewing the language of the *first* paragraph of the Order in Section XIV, believed that the retention of Fineman did not require prior approval of this Court, as such was done "in the ordinary course of the administration and operation of the receivership", under which required business activity did not require any further approval. Maidy Decl. at ¶ 5. Subsequently, when Fineman's bills were presented to Sherwood, and the Receiver's counsel reviewed the request for payment, it was then noted to the Receiver by its counsel, that the *second* paragraph of Section XIV of the Order might be applicable, which would have required advance approval of Fineman's retention. Maidy Decl. at ¶ 6.

Mr. Maidy, on behalf of Sherwood, apologizes to the Court for any misinterpretation of Section XIV of Docket No. 142 by its failure to seek approval for Fineman's retention, if in the Court's view such a failure occurred. Further, Mr. Maidy respectfully requests approval for the future use of Fineman for the preparation of further, necessary federal and state tax returns of the Defendants and Relief Defendants. Maidy Decl. at ¶ 6. As Maidy states, he and other senior Sherwood personnel have worked extensively with Fineman, and found it to be a reliable and capable firm for such tax preparation work. Maidy Decl. at ¶4.

Mr. Maidy has reviewed Fineman's billings, and has found them in all respects to be reasonable and necessary, and customary for the work that was performed. In sum, Sherwood believes the format of the Fineman bills to be consistent with the SEC's "Billing Guidelines for Receivers" and to have been done within the assigned scope of work given to them by the Receiver. Maidy Decl. at ¶7. Fineman has prepared

four (4) separate state and federal tax returns for the years 2015 and 2016, for the entities SRA Fund I, SRA Fund II, SRA Fund III and SRA Management Associates LLC for the amount requested. Maidy Decl. at ¶8.

### III. Conclusion

For the forgoing reasons, the Receiver requests that the Court approve the billings of Fineman as tax preparers for the Estate, as set forth above. Those fees and expenses total $33,778.50 for the work completed in filing 2015 and 2016 tax returns for four (4) separate entities; SRA Fund I, SRA Fund II, SRA Fund III and SRA Management Associates LLC. The Receiver also requests that the Court approve the use of Fineman for further tax preparation work required for the administration of the Receivership estate.

Dated: June 29, 2018                GARTENBERG GELFAND HAYTON LLP

                          By:   /s/ John W. Cotton
                                John W. Cotton
                                Counsel to the Receiver