1  JOHN W. COTTON (SBN 54912)
   Email: JCotton@gghslaw.com
2  GARTENBERG GELFAND & HAYTON LLP
   15260 Ventura Blvd., Suite 1920
3  Sherman Oaks, CA 91403
   (213) 542-2100
4  (818) 292-0898

5  Counsel to Receiver Sherwood
   Partners Inc.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10 SECURITIES AND EXCHANGE          )  Case No.  3:16-cv-1386
   COMMISSION,                      )
11                                  )  **NOTICE OF LODGING OF**
            Plaintiff,              )  **RECEIVER'S QUARTERLY**
12                                  )  **REPORT TO THE COURT**
            v.                      )  **FOR THE QUARTER ENDED**
13                                  )  **DECEMBER 31, 2018**
   JOHN V. BIVONA; SADDLE RIVER     )
14 ADVISERS, LLC; SRA               )  Date:  No Date
   MANAGEMENT ASSOCIATES, LLC;)      Time:  No Time
15 FRANK GREGORY MAZZOLA            )  Judge:  Edward M. Chen
                                    )
16        Defendants, and           )
                                    )
17                                  )
   SRA I LLC; SRA II LLC; SRA III
18 LLC; FELIX INVESTMENTS,
   LLC; MICHELE J. MAZZOLA;
19 ANNE BIVONA; CLEAR
   SAILING GROUP IV LLC;
20 CLEAR SAILING GROUP V LLC,

21        Relief Defendants.

22 _____

23

24        The Receiver in the above matter, Sherwood Partners, Inc. ("the

25 Receiver") pursuant to this Court's Order of October 11, 2016 ("the Order"),

26 has been charged with the filing of quarterly reports advising the Court of the

27 status of its work for the most recently ended quarter, as specified by Sec. XIII

28 of the Order. Attached hereto as Exhibit A is the Receiver's Ninth Quarterly

                                    1

1   Report to the Court for the period October 1, 2018 to December 31, 2018,

2   regarding specified activities undertaken during that quarter.

3

4

5                              GARTENBERG, GELFAND & HAYTON LLP

6   February 1, 2019

7

8                                    */s/ John W. Cotton*

                                     John W. Cotton
9                                    Counsel to the Receiver

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**SHERWOOD** Partners, Inc.

**Sherwood** Partners, Inc.  |  www.shrwood.com

Georgiana Nertea
Direct: (212) 930 2247
Email: gnertea@shrwood.com

Hon. Edward M. Chen
United States District Court
Northern District of California
Courtroom 5
United States Courthouse
450 Golden Gate Ave.
San Francisco, California 94102

Re: Securities and Exchange Commission v. John V. Bivona, *et al.*, Case No. 16-cv-01386-EMC

Hon. Edward M. Chen:

Attached please find the Ninth Quarterly Report of the Receiver in the matter of the Securities and Exchange Commission v. John V. Bivona, *et al.*, Case No. 16-cv-01386-EMC, for the period October 1 to December 31, 2018.

Please note that portions of this Ninth Quarterly Report are based upon financial and other information provided to the Receiver by the Defendants of Saddle River Advisors, LLC, SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, Felix Multi Opportunity Fund I, LLC, and Felix Multi Opportunity Fund II, LLC.

This Ninth Quarterly Report has been prepared pursuant to the terms of the Order Appointing the Receiver.

Sincerely,

Georgiana Nertea
Sherwood Partners, Inc.
Representative of the Receiver
January 31, 2019

**Securities and Exchange Commission v. John V. Bivona, *et al.*, Civil Action No. 3:16-cv-01386**

**Receiver's Ninth Quarterly Report for the Quarter ended December 31, 2018**
**January 31, 2019**

The Receiver in the above matter, Sherwood Partners, Inc. ("Receiver" or "Sherwood"), hereby provides its Ninth Quarterly Report ("Report") to the Court on the progress of its administration of the Receivership Estates of the Defendants and the stipulating affiliated entities[1], for the period October 1, 2018 to December 31, 2018. As the Court is aware, the Receiver was appointed on October 11, 2016, pursuant to this Court's Order ("Order"), which charged it with administering the Receivership Estates of Saddle River Advisors, LLC's holding companies, SRA I, LLC, SRA II, LLC, SRA III, LLC, (the "SRA Funds") and Clear Sailing Group IV, LLC and Clear Sailing Group V, LLC (the "Clear Sailing Funds"), which are, collectively, the "Receivership Defendants." The stipulating affiliated entities agreed as well to their administration by the Receiver.  Prior to this Report, the Receiver has filed a total of eight quarterly reports on the following dates: February 1, 2017-Court Doc [168], May 16, 2017-Court Doc [183], August 14, 2017-Court Doc [216], November 9, 2017-Court Doc [271], January 31, 2018-Court Doc [306], May 1, 2018-Court Doc [333], August 1, 2018-Court Doc [386] and October 31, 2018-Court Doc [418].

These are available for review on the Receiver's website, https://www.shrwood.com/saddleriver.

Pursuant to the Order, Sec. XIII, the Receiver is to provide the following information on a quarterly basis:

A. A summary of the operations of the Receiver

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the Receivership Estate

C. A schedule of the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Report), with one column for the quarterly period covered and a second column for the entire duration of the Receivership

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims, including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments. **Note:** Please refer to **Section A** of this Report, specifically to the ***"Stock Redemptions"*** paragraph, for additional information

F. A list of all known creditors with their addresses and the amounts of their claims

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced

---

[1] The stipulating affiliated entities include FMOF I, FMOF II, FMOF Management, NYPA I, NYPA II, and NYPA Management, each as defined by this Court in its Order on October 11, 2016.

   H. The Receiver's recommendations for a continuation or discontinuation of the Receivership
      and the basis for the recommendations

## A. Summary of Operations of the Receiver

Since the submission of the Eighth Quarterly Report for the period ending September 30, 2018, the Receiver continued to fulfill the requirements of the Order. The following is a summary of what transpired between October 1, 2018 and December 31, 2018:

### I. ASSET MANAGEMENT

**Stock Redemptions:** At the date of Sherwood's appointment, the Defendants' assets consisted of investments in 21 companies that are or were pre-IPO and two companies that had already experienced a liquidity event resulting from their IPOs. Details and updates regarding efforts undertaken by the Receiver related to investments during the period of this Report are outlined below. The investments listed below are those that have either gone public or have become valueless since the inception of the Receivership:

- o **Bloom Energy, Inc. ("Bloom")** - Bloom filed for an IPO with the SEC on June 12, 2018. As of the date of this Report Bloom has gone public, trading on the New York Stock Exchange ("NYSE") under the symbol BE. The lock-up period expired on January 21, 2019. The Receiver is no longer precluded from obtaining the shares. The Receivership Estate owns 136,000 Bloom shares, currently residing with the transfer agent, American Stock Transfer ("AST"), in the Receivership entity, Clear Sailing Group's name. Bloom effected a 3-for-2 reverse stock split on July 19, 2018, resulting in a total 90,666 post-split Bloom shares held by the Receivership Estate. A portion of the Bloom shares in the possession of the Receivership Estate is owned by Equity Acquisition Corporation ("EAC"). (Please refer to Section VI of this Report for additional information)

- o **Cloudera, Inc. ("Cloudera")** - Cloudera issued an IPO on April 28, 2017 and the "lock-up" period expired on October 25, 2017. The Receivership Estate owns 45,038 Cloudera shares, currently residing with the transfer agent, AST, in the name of the Receiver. A portion of the Cloudera shares currently in the possession of the Receiver, is owned by EAC. (Please refer to See Section VI of this Report for additional information)

- o **Dropbox, Inc. ("Dropbox")** - Dropbox issued an IPO on March 23, 2018. The "lock-up" period expired on September 19, 2018. The Receiver through its counsel has engaged in direct and active communication with the stock transfer agent, Computershare, as well as all the parties of Stock Transfer Agreements ("STA"), regarding their obligations and steps to turn over the shares belonging to the Receivership Estate, pursuant to the Court Order appointing the Receiver. The Receivership Estate owns 69,000 Dropbox shares that as of December 31, 2018 have been transferred to the Receiver's account by the obligee pursuant to the above-referenced STA. Dropbox effected a 1-for-1.5 reverse stock split on March 7, 2018, hence the obligee transferred 46,000 post-split shares to the Receiver. These shares reside with the Receiver in the Receiver's brokerage account

- **MongoDB, Inc. ("MongoDB") -** Mongo issued an IPO on October 19, 2017. The "lock-up" period expired on April 17, 2018. The Receivership Estate owns 52,500 MongoDB shares. On October 5, 2017 MongoDB effected a 2-for-1 reverse stock split. As a result of the split, the Receivership Estate owns 26,250 post-split shares: 20,000 of the shares reside with AST, in the name of the Receiver while the remaining 6,250 shares are from a forward contract that has not been yet performed. The seller under the contract has informed the Receiver that he no longer has the 6,250 shares owed, and therefore the Receiver and the SEC are taking steps to ensure that his delivery commitment is fulfilled to the extent that the individual has the economic means to do so

- **Practice Fusion, Inc. ("Practice Fusion") -** Practice Fusion was acquired in January 2018 by Allscripts Healthcare Solutions, Inc. ("Allscripts"), an electronic health records provider. The Receiver wrote the General Counsel of Practice Fusion to inquire how the Receivership Estate's interest in Practice Fusion is being treated and what the updated stock valuation amounts to. As a result of the transaction, all Practice Fusion shares that the Receivership Estate owns are now valued at $15,500.  The Receiver has completed and submitted to the paying agent the legal documents and the original Practice Fusion stock certificates in order to take ownership of the $15,500 gross merger consideration in exchange for all Practice Fusion shares

- **Snapchat, Inc. ("Snap") -** Snap issued an IPO on the New York Stock Exchange on March 2, 2017. The lock-up period expired on August 29, 2017. The Receivership Estate owns 15,586 Snap shares, pre-split, all of which were subject to a forward contract. As a result of a stock split, the obligee under the forward contract transferred 31,172 shares to the Receivership Estate, which currently reside with AST in the name of the Receiver

**Solis Associates Fund, LLC ("Solis")** – At the February 8th, 2018 Status Hearing, the Court determined that Solis will not be a Receivership entity, but instead should be managed separately by the Receiver, as the Receiver is a significant investor in Solis. The Court ordered: *"The SEC and Receiver also explained that they have determined that the Solis Associates Fund, not currently managed by the Receivership, possesses approximately 85,000 shares in Bloom Energy owed to the Receivership entities. The SEC and Receiver indicate that transfer of those shares from Solis Associates to the appropriate Receivership Entity will not prejudice the other investors in Solis Associates Fund because there are sufficient assets to compensate all investors. The SEC and Receiver proposed that the Receiver manage Solis Associates Fund, to which no party objected and which the Court approved."* Please refer to Court Document 309, available on the Receiver's website.

The SEC has requested an estimated budget in connection with the Receiver's management of Solis to determine the extent to which a fulsome process should be run that includes noticing, a claims process and a distribution of Solis' assets. The Receiver has set up separate books for this fund.

## II. INVESTOR RELATIONS AND CREDITORS

The Receiver continues to conduct regular communication with the Defendants' investors. The Receiver maintains a log of these communications along with any additional information investors choose to share with the Receiver. The Receiver has made every effort to provide accurate and concise information on the case status and its progress. The Receiver set up a website reflecting the most up-to-date information and

Court filings in the matter: https://www.shrwood.com/saddleriver. In certain cases, the Receiver has been asked to conduct meetings with investors regarding their perceived unique circumstances surrounding investments.

The Receiver has conducted a claims process to best assist the Court in determining a Plan of Distribution. The claims process commenced in the last quarter of 2017.  Please see the *"Proofs of Claim Process"* section below for additional information.

During this quarter the Receiver addressed inquiries regarding claims and also received some late filed proofs of claim that were brought to the attention of the SEC and will be brought to the attention of the Court for a decision.

The Receiver, at the direction of the Court, participated in calls on a regular basis with the SEC and the SRA Investor's Group ("SRA IG"), in an attempt to resolve the SRA IG's objections to the proposed Liquidation Plan and to address questions raised by the SRA IG. The SRA IG purports to represent the interests of approximately 75% of the affected investors.

The SEC and the Receiver filed an Amended Joint Plan of Distribution at the end of the 3rd quarter of 2018 and again on November 21, 2018, in order to address the Court's raised concerns regarding the Amended Joint Plan of Distribution. Please refer to Court Documents [404], [404-1] and [420] available on the Receiver's website.

At the same time, the SRA IG filed its Proposed Alternative Distribution Plan. Please refer to Court Documents [407] and [407-1] available on the Receiver's website.

As above mentioned, on November 21, 2018, per the Court's Minute Order issued on October 23, 2018, the SEC filed the Amended Proposed Distribution Plan together with the Proposed Revised Order appointing the Receiver. Please refer to Court Document [420] on the Receiver's website.

During this fourth quarter of 2018 the Receiver and its counsel reviewed and monitored the several Court Pleadings from various interested parties, such as Progresso Ventures, LLC ("Progresso"), Global Generation Group, LLC ("Global"), Telesoft Capital, LLC ("Telesoft") and SRA IG regarding responses and/or objections to the proposed Plans of Distribution and/or a proposed successor Receiver.

On December 20, 2018 the Court entered an Order regarding the selection of a Plan of Distribution and the selection of the successor Receiver, evidenced by Court Document [443], which can be viewed on the Receiver's website.

**Proofs of Claim Process:** The proofs of claim process was launched in the fourth quarter of 2017 at the direction of the Court, pursuant to the Status Hearing held on November 16, 2017. In order to run an efficient claims process, the Receiver, with the approval of the Court, retained the services of JND Corporate Restructuring ("JND"), a reputable claims agent.  The proofs of claim process concluded in the second quarter of 2018 when the Receiver lodged its final claims progress report with the Court. Please refer to Court Document [340] available on the Receiver's website.

The investors' and creditors' claims treatment will be determined by the Court-approved Plan of Distribution.  Two competing proposed Plans of Distribution were filed with the Court, which were heard at the Court Hearings on October 23, 2018 and December 31, 2018, respectively. Through its Order issued

on December 20, 2018, the Court selected the SRA IG Plan of Distribution. Please refer to Court Document [443].

**Newsletter:** In an effort to provide updates and information even more frequently, the Receiver prepares periodic newsletters. The second issue is available on the Receiver's website at https://www.shrwood.com/saddleriver.

## III. RECORDS MANAGEMENT

The Receiver has continued to update the Receiver's website in a timely manner by providing all interested parties with the latest Court Documents and relevant information. The Receiver's goal is to keep all interested parties up-to-date with all the relevant information in this matter. The Receiver uses its website as its primary tool to disseminate information to investors. The Receiver encourages all interested parties to visit its website https://www.shrwood.com/saddleriver for the most up-to-date information.

## IV. CASE SUPPORT AND ADMINISTRATION

The Receiver has spent time administering the matter to ensure compliance with the Order appointing the Receiver, dated October 11, 2016.

During the fourth quarter of 2018, the Receiver's work included:

**(a) The preparation of the Eighth Quarterly Court Report for quarter ended September 30, 2018**

- The Eighth Quarterly Court Report can be viewed on the Receiver's website, identified as Court Document [418], lodged with the Court on October 31, 2018

**(b) The preparation of the Receiver's seventh fee application for the quarter ended September 30, 2018**

- The Receiver's sixth fee application for the quarter ended June 30, 2018 was approved by this Court on October 23, 2018 during a scheduled Court Hearing
- On September 26, 2018, the Receiver filed its seventh fee application for the quarter ended September 30, 2018; the Court approved the application on December 13, 2018 during a scheduled Court Hearing and the fees were paid to the Receiver in accordance with the issued Order

**(c) Participation in Court Status Hearings and various updates on Receivership matters with Receiver's counsel, John Cotton, Esq. of the law firm Gartenberg Gelfand Hayton LLP**

The Receiver participated in telephonic Court Case Management Conferences on October 23 and December 13, 2018, respectively:

- On October 23, 2018 the Court heard from all interested parties and noted concerns regarding a substantial risk of an asset shortfall due to the outstanding issues with EAC and the management structure proposed in the SRA IG Plan. Please refer to Court Document [413] for the Court Minutes

available on the Receiver's website. The Court ordered the SEC and the Receiver to file an amended Plan of Distribution within 30 days addressing the following concerns:

> ✓ A structure for giving investors input into the administration of the Plan
> ✓ A specific proposal for a pared down Receivership with an estimate of expected costs going forward
> ✓ A clarification on the early payment option that can be exercised only if feasible and approved by the Court

- On December 13, 2018 the Court held the next Case Management Conference, in which the Court heard arguments from all parties in connection with the lodged competing Plans of Distribution by the SEC and Receiver on one side and the SRA IG on the other side. The Court also approved the Receiver and Receiver's counsel fees for the 3rd quarter of 2018 and Receiver's New York Local Counsel's fees for the period November 2017 to October 2018. The Civil Minutes from the Hearing are reflected in Court Document [437], available on the Receiver's website. The next Court Hearing is scheduled for February 28, 2019.

### (d) Cash Management-Receiver and Receiver's Professionals

During the period of this Report, the Receiver issued payments, with prior approval of this Court, to: itself, for fees for the second quarter of 2018 ($36,630.40) and third quarter of 2018 ($49,597.35); to Receiver's counsel for the second quarter of 2018 ($25,111.50) and to Receiver's New York local counsel, Archer & Greiner P.C. for the period November 2017-October 2018 ($7,995.12). Hence, the Receiver paid a total of $119,334.37 during this reporting period to the Receiver and its professionals.

### V. SUPPORT OF AND REPORTING TO THE SEC

As part of its administrative obligations, Sherwood engages in regular dialogue and conducts meetings with the SEC for mutual support relating to the administration of the Receivership Estate.

During this reporting period the Receiver has been provided with support or has provided support to the SEC in connection with:

i.   The SEC's communication with and questions raised by the SRA IG and the SRA IG's request for information
ii.  The legal correspondence and communication regarding the cross-owned investments by the Receivership Estate and EAC, and,
iii. The process and steps in the recovery of assets that belong to the Receivership Estate from parties to forward contracts e.g. Dropbox, MongoDB and Cloudera. As of the date of this Report, the Receiver has recovered the Cloudera and Dropbox shares (the Cloudera shares reside with the transfer agent)
iv.  The Receiver and the SEC have maintained constant communication and have conferred prior to Court Hearings

*Remainder of Page Intentionally Left Blank*

## VI. CLAIMS AND LITIGATION FOR THE BENEFIT OF THE ESTATE

In addition to the monetization and recovery of assets, the Receiver is pursuing and evaluating remedies, consensual and legal, to recover funds. These are:

1. EAC holds shares in investments on behalf of the Receivership Estate and vice versa. The Receiver, through its counsel has engaged in direct communication with EAC's counsel, in an attempt to resolve any outstanding disputes with regard to the cross-owned investments. As of the date of this Report, the Receiver and its counsel together with the SEC have also engaged in direct communication with EAC and its counsel, with the outstanding disputes between them still remaining unresolved. As of the date of this Report, the SEC and counsel for the Receiver are yet to hear a response from EAC's counsel regarding a proposed draft stipulation outlining the exchange of shares of investments between EAC and the Receivership Estate.

2. The Receiver, through its New York local counsel, negotiated and submitted a stipulation to extend the deadline for the Receiver to object to the discharge of debt in the John V. Bivona personal bankruptcy case in Bankruptcy Court in the Southern District of New York. On August 6, 2018, Judge Chapman of the United States Bankruptcy Court in the Southern District of New York ordered the stipulation extending the Receiver's time to commence an action objecting to discharge or dischargeability of debt in the John Vincent Bivona Chapter 7 Bankruptcy, to June 28, 2019.

3. Through its New York local counsel, the Receiver continued discussions with Progresso regarding the frozen TD Bank Accounts of the Receivership Entities dating prior to the commencement of the Receivership, as a result of a Garnishment Order in favor of Progresso. As of the date of this Report, the referenced funds remain frozen. Section D, subsection 3 of this Report lists the TD Bank accounts and their respective frozen balances.

## VII. TAX MATTERS

In performing its Receiver's duties, the Receiver engaged an accounting firm to prepare the tax returns for the various entities that are now managed by the Receiver. The returns have been prepared for the tax years of 2015 and 2016.  Prior to the initiation of the Receivership, the last tax returns filed had been for the tax year 2014. The Receiver undertook significant efforts to gather available records of the Defendant, Relief Defendant and Affiliated Entities, in order to make the necessary information available to the new tax preparer.[2] This has been a time-consuming task due to the incomplete and nonexistent records of several entities, as provided to the Receiver when they were surrendered on October 11, 2016.

The tax returns for SRA I, LLC ("SRA I"); SRA II, LLC ("SRA II"); SRA III, LLC ("SRA III") and SRA Management Associates, LLC ("SRA Management") for the tax years 2015 and 2016 were filed with the tax authorities. Given that the tax returns above for the tax years 2015 and 2016 were filed late, both the Internal Revenue Service ("IRS") and the New York State Department of Taxation ("NYS") have assessed penalties, as a result

---

[2] The Defendant, Relief Defendant and Stipulating Affiliated entities can be identified in the Order to appoint the Receiver and are: Defendant Entities – SRA LLC, SRA Management LLC; Relief Defendant Entities - SRA I, SRA II & SRA III, LLC, and Clear Sailing Group IV & V, LLC, Stipulating Affiliated Entities - FMOF I & II LLC, Felix Management Associates, LLC, NYPA I & II LLC, NYPA Management Associates, LLC.

of the late filing. These assessed penalties amount to $1,511,240, in line with the estimated penalties that were computed by the accounting firm that prepared the 2015 and 2016 tax returns.

The estimated penalties were computed by the accounting firm as follows: a statutory penalty per member of $195 for a maximum of 12 months of late filing of the tax returns. Since the aggregate number of members in SRA I, II, III and SRA Management is 318, it resulted in estimated penalties of $744,120 for each of the two tax years, 2015 and 2016, respectively.

The Receiver is in possession of additional correspondence from the IRS, in the form of Notices of Intent to Levy, in connection with some of the 2014, 2015 and 2016 tax returns.

The Receiver has faced this issue in another recent matter and had the IRS imposed penalties successfully abated. Although, a taxpayer may try to get penalties abated under a showing of reasonable cause, it is not guaranteed. It is up to the IRS to determine whether there is a reasonable cause. The IRS will consider all facts and circumstances involved in the taxpayer's presentation of reasonable cause for the delay. [3]

The late filing of the 2015 and 2016 tax returns was due to reasonable cause and not willful neglect by the taxpayer which is a component of the IRS abatement process.  As noted above, the Receiver was at a significant disadvantage in providing appropriate information to the tax preparer due to the status of the books and records of the various entities.

Under Section 6724(a) of the Internal Revenue Code ("Code"), "no penalty shall be imposed under this part with respect to any failure, if it is shown that such failure is due to reasonable cause and not to willful neglect." Section 6724 reasonable cause relief applies to statements furnished by certain pass-through entities.

Generally, Treasury Regulation §301.6724-1 states that reasonable cause may be established by:

1. Showing that the filer acted in a responsible manner both before and after the failure occurred; and,
2. The filer establishes that the failure arose from events beyond the filer's control or that there were significant mitigating factors

In addition to the preparation of tax returns for the defendant and relief defendant entities above, the Receiver has worked closely with the tax preparer to gather available records and last filed tax returns, in order to enable the preparation and filing of tax returns for the remaining relief defendant and stipulating affiliated entities for tax years 2015 and onward.

These entities are:

o   Saddle River Advisors, LLC ("SRA")
o   Clear Sailing Group IV, LLC ("CSG IV")
o   Clear Sailing Group V, LLC ("CSG V")
o   Felix Multi-Opportunity Fund I, LLC ("FMOF I")
o   Felix Multi-Opportunity Fund II, LLC ("FMOF II")

---

[3] The LLCs have either reported losses or $0 income in the years 2015 and 2016, and accordingly, the IRS has not incurred financial losses nor been harmed by the late filing of these tax returns.

- o   Felix Management Associates, LLC ("FMOF Management")
- o   NYPA Fund I, LLC ("NYPA I")
- o   NYPA Fund II, LLC (NYPA II")
- o   NYPA Management Associates, LLC ("NYPA Management")

The Receiver and its counsel together with the SEC engaged in a direct dialogue with representatives of the Internal Revenue Service ("IRS") in connection with the status of all Receivership entities' tax returns. During that dialogue, the IRS instructed the Receiver to not commit resources of the Receivership Estate to continue to prepare and file the remaining tax returns for the above-referenced entities.

## B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the Estate

As of December 31, 2018, the accrued administrative expenses of the Defendant entities are as follows:

| Pre-Appointment Accrued Administrative Expenses | |
| --- | --- |
| | |
| Office Expenses | $61,528.60 |
| Salaries-SRA Management | $64,927.31 |
| Expenses - John Bivona | $10,180.37 |
| Expenses - Nina Dazzo | $3,018.15 |
| Expenses - Vito Fredella | $1,555.41 |
| Expenses - Susan Diamond | $2,540.72 |
| Registered Agent- National Corporate Research | $2,036.00 |
| State of NJ Annual Report | $105.00 |
| Delaware delinquent LLC taxes | $6,360.00 |
| | $152,251.56 |
| | |
| Post-Appointment Accrued Administrative Expenses | |
| Temporary Administrative Labor | $2,746.08 |

## C. A Schedule of all the Receiver's Receipts and Disbursements

The detail of all receipts and disbursements as of the end of the fourth quarter of 2018 is reflected on the attached **Exhibit A.** The Receiver's cash balance as of December 31, 2018 is $981,749.11.

*Remainder of Page Intentionally Left Blank*

The detail of the Receiver's Receipts and Disbursements through December 31, 2018 is reflected in the schedule below:

| Receipts | Amount |
|---|---|
| Sale of Square shares | $ 1,665,219.77 |
| Clawback of Square excess misdistributions | $ 120,010.22 |
| Anne Bivona settlement | $ 500,000.00 |
| Interest Income | $ 8,768.51 |
| Dividend Income | $ 7,792.11 |
| **Total Receipts** | **$ 2,301,790.61** |

| Disbursements | |
|---|---|
| Settlement with the SEC Receiver in ND of Illinois | $ (20,000.00) |
| Professional Fees (Sherwood as Receiver & Monitor and Counsel) | $ (1,106,917.38) |
| Professional Fees (Receiver's local counsel) | $ (48,192.09) |
| Professional Fees (Tax preparer) | $ (33,778.50) |
| Investment Banker | $ (50,000.00) |
| Claims Agent | $ (45,455.98) |
| Consultant-Advertising Agency | $ (13,752.00) |
| Taxes | $ (1,646.30) |
| Miscellaneous | $ (299.25) |
| **Total Disbursements** | **$ (1,320,041.50)** |

| **Balance as of December 31, 2018** | **$ 981,749.11** |
|---|---|

## D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended

**1.** All Defendant Entities' assets subject to the SEC's stipulated Order for Appointment of Receiver. These assets would be those of the Defendant, Relief Defendant and Stipulated Affiliated entities. They are as follows:

- SRA I, LLC
- SRA II, LLC
- SRA III, LLC
- Saddle River Advisors, LLC
- SRA Management, LLC
- Clear Sailing Group IV, LLC
- Clear Sailing Group V, LLC

- Felix Multi-Opportunity Fund I, LLC
- Felix Multi-Opportunity Fund II, LLC
- Felix Management Associates, LLC
- NYPA Fund I, LLC
- NYPA Fund II, LLC
- NYPA Management Associates, LLC

**2.** All known investments of the Receivership Entities to the best of the Receiver's knowledge and belief. These investments, with the exception of Addepar, Inc., are held with the so-called "Purchase Funds" (Clear Sailing IV, Clear Sailing V, and EAC).

They are as follows:

- Addepar, Inc.
- Airbnb, Inc.
- Badgeville, Inc.
- Bloom Energy, Inc.
- Candi Controls, Inc.
- Cloudera, Inc.
- Dropbox, Inc.
- Evernote, Inc.
- Flurry, Inc.
- Glam, Inc.
- Jawbone, Inc.
- Lookout, Inc.
- Lyft, Inc.
- Mongo DB, Inc.
- Palantir, Inc.
- Pinterest, Inc.
- Practice Fusion, Inc.
- Snapchat, Inc.
- Square, Inc.
- Uber, Inc.
- Big Ten
- Series X

**3.** All known bank accounts of the Defendant Entities, to the best of the Receiver's knowledge and belief:

|   | ACCOUNT NAME | ACCOUNT # | | BALANCE |
|---|---|---|---|---|
| 1 | SRA Management Associates LLC | TD Bank-8771 | $ | 147.72 |
| 2 | SRA I LLC | TD Bank-8804 | $ | 37,109.51 |
| 3 | SRA II LLC | TD Bank-8797 | $ | 174.11 |
| 4 | SRA III LLC | TD Bank-8789 | $ | 135.82 |
| 5 | Saddle River General Account LLC | TD Bank-8846 | $ | 4,029.64 |
| 6 | Clear Sailing Group V LLC | TD Bank-2096 | $ | - |
| 7 | Clear Sailing Group IV LLC | TD Bank-9076 | $ | 38,080.53 |
| 8 | NYPA Fund I LLC | TD Bank-7543 | $ | 58.10 |
| 9 | NYPA Fund II LLC | TD Bank-7551 | $ | 75.00 |
| | | | $ | 79,810.43 |

## E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for: forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments)

To the best of its knowledge and belief, the Receiver is unaware of any liquidated or unliquidated claims held by the Receivership Estate as of the date of this Report. Please refer to Section A of this Report, specifically to the "Stock Redemptions" paragraph, for additional information. The Receiver believes that EAC holds shares in investments on behalf of the Receivership Estate.

## F. A list of all known creditors that includes their addresses and the amounts of each claim

At the direction of the Court, the Receiver has retained JND as the claims agent. JND has been tasked with running and administering a claims process on behalf of the Receivership Estate. A proof of claim form was developed and approved by the Court. In addition, a deadline to submit claims was set for January 31, 2018. After January 31, 2018, JND and the Receiver have commenced conducting a comprehensive review of all the claims filed. The Receiver's initial Claims Progress Report and its second and final Claims

Report were filed with the Court on March 21 and June 14, 2018, respectively. Both Court Documents are available to be viewed on the Receiver's website. The investors' and creditors' addresses together with all the proofs of claim filed are maintained by the claims agent. Please refer to the **"Proofs of Claim Process"** section in this Report.

## G. The status of Creditor Claims Proceedings, after such Proceedings have commenced

The claims process was initiated in December 2017. On March 21, 2018, the Receiver filed its First Preliminary Claims Report. On June 14, the Receiver filed its second and final Claims Report with the Court. Please refer to Section F above and the **"Proofs of Claim Process"** section of this Report, for further details.

## H. The Receiver's recommendations for a continuation or discontinuation of the Receivership and the reasons for the recommendations

The Receiver has carried out its duties in accordance with the Order appointing the Receiver entered on October 11, 2016. This Honorable Court entered a decision regarding a Plan of Distribution in December 2018 and selected the successor Receiver. The Receiver's recommendation at this juncture is to continue to fulfill its duties and transition its tasks and duties to the new Receiver upon the Court's entering the Order appointing the new Receiver.

### UPCOMING WORK OF THE RECEIVERSHIP

The primary upcoming tasks of the Receiver include participating in the upcoming Status Hearing on February 28, 2019, continuing to address questions from investors, maintaining the Receiver's website and monitoring the investments of the Receivership Estate until the successor Receiver is appointed by this Court.

*Remainder of Page Intentionally Left Blank*

**EXHIBIT A**

|  | For quarter ended December 31, 2018 | Cumulative since October 11, 2016 |
|---|---|---|
| **Receiver's Receipts** | $315.62 | $2,301,790.61 |
| **Receiver's Disbursements** | ($119,380.67) | ($1,320,041.50) |
| **TOTAL** | **($119,065.05)** | **$981,749.11** |
| **Cash Balance as of December 31, 2018** |  | $981,749.11 |