1  LESLEY ANNE HAWES (117101)
   DIAMOND McCARTHY LLP
2  150 California Street, Suite 2200
   San Francisco, CA 94111
3  Phone: (415) 692-5200
   Email: lhawes@diamondmccarthy.com
4
   Counsel for Receiver, Kathy Bazoian Phelps
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11

12 | SECURITIES AND EXCHANGE          | Case No. 3:16-cv-01386-EMC
   | COMMISSION,
13 |                                  | **FIRST INTERIM ADMINISTRATIVE**
   |              Plaintiff,          | **MOTION FOR AN ORDER PURSUANT TO**
14 |                                  | **LOCAL RULE 7-11 FOR THE APPROVAL**
   |        v.                        | **OF FEES AND EXPENSES FOR THE**
15 |                                  | **SUCCESOR RECEIVER AND COUNSEL**
   | JOHN V. BIVONA; SADDLE RIVER     | **FROM THE INCEPTION OF THE**
16 | ADVISORS, LLC; SRA               | **SUCCESSOR RECEIVER'S ACTIVITIES**
   | MANAGEMENT ASSOCIATES,           | **THROUGH MARCH 31, 2019**
17 | LLC; FRANK GREGORY
   | MAZZOLA,
18 |                                  |
   |              Defendants, and     |  Date:   No Hearing Set
19 |                                  |  Time:   No Hearing Set
   | SRA I LLC; SRA II LLC; SRA III   |  Judge:  Edward M. Chen
20 | LLC; FELIX INVESTMENTS, LLC;
   | MICHELE J. MAZZOLA; ANNE
21 | BIVONA; CLEAR SAILING GROUP
   | IV LLC; CLEAR SAILING GROUP V
22 | LLC,
   |
23 |              Relief Defendants.

24

25    **I.      Relief Requested**

26         On October 11, 2016, this Court entered an Order appointing Sherwood Partners Inc. as the

27    receiver in this case. On February 28, 2019, the Court entered its Revised Order Appointing

28    Receiver (Dkt. No. 469) and appointed Kathy Bazoian Phelps as the replacement receiver

                                          1
       FIRST INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

("Receiver"). On March 18, 2019, the Receiver filed an administrative motion for an order approving the employment of Diamond McCarthy LLP ("Diamond McCarthy") to serve as general counsel to the Receiver effective as of February 1, 2019 (Dkt. No. 471-472, 474), which was approved by the Court on March 20, 2019 (Dkt. No.476).

Pursuant to Local Rule 7-11, the Receiver requests that the Court approve this First Administrative Interim Motion for the payment of fees and expenses of both the Receiver and Diamond McCarthy from the inception of the successor Receiver's activities through and including March 31, 2019 ("Motion"). The Motion is supported by the Declaration of the Receiver and the Declaration of Lesley Anne Hawes of Diamond McCarthy.

The Receiver seeks approval of compensation in the amount of $46,287.00 for services rendered from the inception of her activities through March 31, 2019,[1] and reimbursement of expenses in the amount of $3,030.33. Additionally, Diamond McCarthy seeks compensation in the amount of $16,802.80[2] for services rendered from February 1, 2019 through March 31, 2019, and reimbursement of expenses in the amount of $524.67. This is the first interim fee motion by the Receiver and her counsel and no prior amounts have been requested or paid to the Receiver or her counsel.

The Receiver has conferred with counsel for the Securities and Exchange Commission ("SEC"), and for the SRA Funds Investor Group, and is advised that they do not oppose the Motion. A stipulation with all parties was deemed impractical given, among other things, the entry of judgment against defendants and pending bankruptcy of defendant John Bivona. (L.R. 7-11(a)).

II.     **Case Status**

Prior to the Receiver's involvement, this case was pending for almost three years. Diamond McCarthy and the Receiver have worked efficiently and economically to analyze the substantial history and background of this case, coordinate with the former receiver and its counsel for the smooth transition of records and information, investigate reports, pleadings, and other materials

---

[1] The Receiver has agreed to a holdback of 20% of this amount so seeks payment of $37,029.00 at this time.

[2] Diamond McCarthy has agreed to a holdback of 20% of this amount so seeks payment of $13,442.24 at his time.

pertaining to the assets of the estate, and strategized on moving the case forward. The Receiver has communicated extensively with the SEC, creditors, and investors.  The Receiver and her counsel have also analyzed in detail the Revised Distribution Plan and provided feedback on its terms and the implementation of said plan.

The receivership estate presently has approximately $986,136.73 in cash on hand in a checking account, money market account and the segregated Anna Bivona account, subject to known accrued expenses of $131,461.69 and holdbacks of $153,884.91. Unencumbered funds in the estate, after deducting expenses incurred through March 31, 2019 total $700,790.13. Attached to the Declaration of the Receiver as Exhibit "C" is a financial summary showing the cash status of the estate as of March 31, 2019. No funds have been disbursed in this time period.

The assets of the receivership estate in addition to cash on hand consistent of shares held by the estate, and shares held by Equity Acquisitions Company ("EAC") in which the estate has an interest. The Receiver has confirmed shares held by the receivership estate at AST and at Wells Fargo Advisors and is in the process of confirming the shares held by the estate through various forward contracts or stock transfer agreements where shares are to be transferred to the estate by third parties. The Receiver has demanded the transfer of 12,500 shares of stock on MongoDB from a third party who is obligated to transfer those shares to Clear Sailing Group IV under an agreement entered into before the Receiver's appointment. The third party has refused to respond to the Receiver's demand and suit may be required to recover the shares or their value, options the Receiver is evaluating.

The Receiver has been negotiating with the judgment creditor Progresso Ventures to try to resolve disputes over the amount and treatment of its claim. The Receiver has also advanced negotiations with EAC in an effort to finalize a stipulation for the exchange and disposition of shares owed to the estate by EAC and shares held by the estate that are owed to EAC. The Receiver is trying to confirm the status, location and number of shares in one corporation which, when determined, may allow the Receiver to finalize an agreement with EAC and present it for Court approval. The Receiver and her counsel are also evaluating information regarding the Solis Funds to make specific recommendations regarding the treatment of that entity under the proposed revised

FIRST INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

1 distribution plan.

2   The Receiver promptly established a website for the receivership with information for

3 investors and creditors, copies of filings, and notices regarding the successor receiver and the

4 claims process. The Receiver evaluated the prior claims noticing and filing process, and identified

5 investors and other potential creditors who may have claims against the estate but who did not

6 receive notice of the opportunity to file claims. The Receiver sent new notices regarding filing

7 claims to those investors and other potential creditors, including developing a more comprehensive

8 notice list for taxing agencies who might have claims to ensure all potential claims can be

9 addressed. The Receiver has begun her analysis of the filed claims for potential objection.

10 **III.  The Receiver's Fee Motion**

11   As detailed in the Declaration of the Receiver, pursuant to the Receiver's proposal for her

12 appointment, and in recognition of the efficiencies and benefits to the estate in her role as Receiver

13 that the Receiver would also be able to directly address legal issues arising in the estate, the

14 Receiver has established two separate Billing Categories (2598-00011 and 2598-00012). By way of

15 this Motion, the Receiver seeks approval of fees and expenses incurred in connection with Billing

16 Category 2598-00011 for the Receiver's professional services pertaining to administration of the

17 case.  For this category, the Receiver has discounted her hourly rate of $675.00 to $425.00, thereby

18 generating savings to the estate. With respect to 2598-00011, the Receiver has performed 104.6

19 hours of services for total fees of $43,180.00.  Separately, the Receiver has written off 3 hours and

20 $1,275 of fees. The Receiver has also incurred costs in the amount of $3,030.33. Attached as

21 Exhibit "A" to the Declaration of the Receiver are true and correct copies of billing statements

22 itemizing the services provided and costs incurred in connection with 2598-00011.

23   Billing category 2598-00012 pertains to administrative services performed by the Receiver.

24 For this category, the Receiver has agreed to charge $130.00 per hour.  With respect to this

25 category, the Receiver seeks compensation in the amount of $3,107.00 for 23.90 hours of services.

26 The Receiver has included her time in communicating with individual investors in this category,

27 which has been significant, in an effort to keep the costs down.  Attached as Exhibit "B" to the

28 Declaration of the Receiver are true and correct copies of billing statements itemizing the services

1  provided in connection with 2598-00011.

2      The Receiver has personally reviewed the billing statements and attested to the accuracy,

3  appropriateness, and necessity of services performed and expenses incurred.

4  **IV.      Diamond McCarthy's Fee Motion**

5      As detailed in the Declaration of Lesley Anne Hawes, Diamond McCarthy seeks

6  compensation in the amount of $16,802.80 and reimbursement of out of pocket expenses in the

7  amount of $524.67.  Services were primarily performed by Ms. Hawes, a partner at Diamond

8  McCarthy. Ms. Hawes's regular hourly rate is $595.00. However, her services have been charged

9  at a discounted rate of $425.00.  Ms. Hawes was assisted by paralegals Catherine A. Burrow, Tasia

10  H. Pavalis, and Rita R. Fix, whose rates have also been discounted.  Attached as Exhibit "A" to the

11  Declaration of Ms. Hawes are true and correct copies of billing statements itemizing the services

12  provided and costs incurred by Diamond McCarthy.

13      Ms. Hawes has personally reviewed the billing statements and attested to the accuracy,

14  appropriateness, and necessity of services performed and expenses incurred.

15  **V. Conclusion**

16      The Receiver and Diamond McCarthy believe that this Motion and the supporting

17  declarations appropriately set forth the significant matters handled, and provide this Court and

18  interested parties with an insightful overview of the scope of services rendered.  Thus, the Receiver

19  and Diamond McCarthy respectfully submit that the fees and expenses sought herein are

20  reasonable and that the services rendered were necessary, effective, efficient, and economical.

21      WHEREFORE, Diamond McCarthy and the Receiver seek entry of an order granting the

22  Motion in all respects.

23  Dated: April 15, 2019                          DIAMOND McCARTHY, LLP

24                                         By:     /s/Lesley Anne Hawes
                                                   Lesley Anne Hawes
25                                                 Counsel for the Receiver

26

27

28

FIRST INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES