KATHY BAZOIAN PHELPS (State Bar No. 155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone:    (310) 651-2997

*Successor Receiver*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**RECEIVER'S INTERIM STATUS REPORT FOR THIRD QUARTER 2019**<br><br>Date:    No Hearing Set<br>Time:    No Hearing Set<br>Judge:   Edward M. Chen |

Kathy Bazoian Phelps, the successor receiver herein, hereby files her Interim Status Report for the Third Quarter 2019.

**I.    PROCEDURAL HISTORY**

1.    On October 11, 2016, the District Court for the Northern District of California ("Court") entered a Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Be Granted (the "TRO").

1
RECEIVER'S THIRD QUARTER INTERIM STATUS REPORT; Case No. 3:16-cv-01386-EMC

2. Pursuant to the TRO, Sherwood Partners was appointed as the temporary receiver over the assets of SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, SRA Management Associates, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, Felix Multi-Opportunity Fund I, LLC, Felix Multi-Opportunity Fund II, LLC, Felix Management Associates, LLC, NYPA Fund I, LLC, NYPA Fund II, LLC, and NYPA Management Associates, LLC (the "Receivership Entities").

3. Pursuant to the Revised Order Appointing Receiver entered on February 28, 2019 (the "Receiver Order"), Kathy Bazoian Phelps was appointed as the successor receiver over the Receivership Entities. Pursuant to Minute Order entered on June 27, 2019, Solis Associates Fund was substantively consolidated with the Receivership Entities.

4. The Receiver was present at the hearing on February 28, 2019, at which time the Court was considering competing plans of distribution filed by the SEC and the SRA Investor Group. A number of issues were raised, but not resolved, at the hearing, and the Court asked the Receiver to file comments relating to the competing plans and, if appropriate, to file her own plan of distribution.

5. The Receiver engaged Diamond McCarthy LLP as her counsel and Grobstein Teeple Financial Advisory Services LLP as her accountants to assist her in the administration of the estate, in proposing a plan of distribution and in addressing complex tax issues arising from the proposed distribution plan.

6. The continued hearing on the distributions plans was held on June 27, 2019. After meeting and conferring with the SEC, the Investor Group, Progresso Ventures LLC and Global Generation, the Receiver filed a proposed plan that adopted the key concepts and the structure of the plan contemplated by the Court, but raised new issues relating to tax consequences of the plan. At the hearing, the Investor Group requested a tax opinion on the tax provisions in the proposed plan, and the Court and the Receiver agreed that a tax opinion would be appropriate to confirm the proposed manner of handling taxes under the plan.

7. The SEC additionally strongly recommended to the Receiver that the Receiver engage securities counsel to advise her on securities implications in selling and transferring shares

1  to comply with all applicable securities regulators as contemplated by the Receiver's proposed
2  plan.

3      8.    Accordingly, the Receiver consulted with professionals and filed a Motion to: (1)
4  Employ Miller Kaplan as Tax Advisors; (2) Employ Schinner & Shain as Securities Counsel; and
5  (3) for Instructions (the "Tax Motion"). The Tax Motion is set for hearing on October 10, 2019.

6      9.    The continued Case Management Conference is also scheduled for October 10,
7  2019, and the Receiver prepared a Joint Status Report to be filed in connection with the
8  conference.

## II. INITIAL ADMINISTRATIVE ACTIONS

The Receiver took the following administrative actions upon her appointment:

- Secured the physical and electronic records of the Receivership Entities;
- Obtained all claims information from JND, the former receiver's claims agent;
- Transferred the former receiver's bank and brokerage accounts to the Receiver's control;
- Established a receiver's website and downloaded all prior pleadings to make them accessible on the new website;
- Conferred with the former receiver and its counsel regarding pending matters;
- Conferred with the former receiver's New York counsel regarding matters pending in New York;
- Studied numerous substantive pleadings relating to claims and distribution plan issues.

## III. ASSET ADMINISTRATION

Upon the Receiver's appointment, she was advised that the estate owned an interest in certain publicly traded securities and that some of the Receivership Entities were owed other pre-IPO securities pursuant to forward contracts, book entries or stock certificates. The Receiver undertook to verify the existence of the securities, including interests in securities held by Equity Acquisition Group that the SEC and former Receiver had been trying to obtain through settlement discussions. The Receiver's efforts in resolving issues with EAC are set forth in this Report. The

chart immediately following identifies the status of all known securities and reflects possible variations if a settlement is ultimately finalized with EAC:

| Company | Securities Owned by Estate | Possible Variance | Total if Variance Realized | Current Status |
|---|---|---|---|---|
| **Addepar, Inc.** | 1,029,298 | (33,789) | 995,509 | Pre-IPO |
| **Airbnb** | 0 | 11,125 | 11,125 | Pre-IPO |
| **Bloom Energy Inc.** | 90,666 | (2,349) | 88,317 | Public |
| **Bloom Energy Inc. (Solis Funds)** | 59,111 | | 59,111 | Public |
| **Cloudera, Inc.** | 45,038 | (7,399) | 37,639 | Public |
| **Dropbox, Inc.** | 46,000 | | 46,000 | Public |
| **Evernote Corp.** | 100,000 | (3,892) | 96,108 | Pre-IPO |
| **Lookout, Inc.** | 212,476 | (37,676) | 174,800 | Pre-IPO |
| **Lyft, Inc.** | 0 | 9,479 | 9,479 | Public |
| **MongoDB Inc.** | 20,000 | 6,250 | 26,250 | Public |
| **Palantir Technologies Inc.** | 5,422,600 | 317,649 | 5,740,249 | Pre-IPO |
| **Pinterest, Inc.** | 0 | 23,206 | 29,206 | Public |
| **Snap, Inc.** | 31,172 | | 31,172 | Public |
| **Uber Technologies Inc.** | 0 | 500 | 500 | Public |
| **ZocDoc, Inc.** | *20,104 unconfirmed* | 1,495 | 21,599 | Pre-IPO |

### IV.   CLAIMS ADMINISTRATION

#### A. Claims Bar Date and Late Claims

1.   Prior to the Receiver's appointment, the Former Receiver had served a Notice of Bar Date, establishing January 31, 2018 as the claims bar date (the "Original Bar Date").

2.   Approximately 17 claims were submitted after the Original Bar Date, but prior to the date when the Former Receiver submitted a Claims Report to the Court on June 14, 2018 [Docket No. 340] ("Former Receiver's Claims Report").

3.   Approximately 8 additional claims were submitted after the filing of the Former Receiver's Claims Report but prior to the appointment of the Receiver.

4.   At the hearing on February 28, 2019 at which the Receiver was appointed, the

Receiver requested authority to serve a new notice of a claims bar date to provide creditors and investors who had not received notice an opportunity to file claims. The date of May 14, 2019 was fixed as the new bar date for these claims (the "Supplemental Bar Date"), and the Receiver served notice of that bar date pursuant to the Court's Minute Order dated February 28, 2019 [Docket No. 470].

5. On March 12, 2019, the Receiver served a second Notice of Bar Date on those parties who the Receiver believed may not have received notice of the Original Bar Date.

6. Following the Receiver's appointment on February 28, 2019, the Receiver received 23 new claims that were submitted prior to the Supplemental Bar Date. The Receiver reviewed all claims filed after February 28, 2019, and concluded that no objection based on timeliness was appropriate under the circumstances. By separate motion, the Receiver advised the Court of the Receiver's conclusions and no intention to object to the late-filed claims on the basis of timeliness.

7. Any claimant wishing to assert a claim against the Receivership estate after May 14, 2019 will need to seek leave of Court to do so.

### B. Objections to Claims

The Receiver reviewed the information aggregated by the Former Receiver relating to claims, obtained claims information from the Former Receiver's claims agent, and conferred with both the SEC and the Investor Group regarding claims issues. As a result, the Receiver filed a Motion to Disallow Certain Claim, which was granted by the Court on June 27, 2019. In summary, the Motion to Disallow Certain Claims seeks disallowance of the following categories of claims:

- Claims which have received prior distribution
- Claims made for funds paid to non-receivership entities
- Duplicate claims
- Claims for Failed Investments

Separately, the Receiver engaged in negotiations with two unsecured creditors, Progresso Ventures LLC and Pradeep Sindu, relating to disputes issues over their claims. Stipulations were reached with both parties to fix the amount of the claims and the type of priority for those claims as follows:

Progresso: The Stipulation provides that the claim shall be allowed in the amount of $4,976,427.83 as an Unsecured Creditor Claim and $552,936.43 as a Subordinated Claim.

Sindhu: The Stipulation results in a substantial reduction in the unsecured claim amount of Mr. Sindhu from over $3.97 million to $300,000 as a Unsecured Creditor Claim.

The Receiver may, in her discretion, file subsequent objections to claims, and shall provide notice and an opportunity to object and be heard pursuant to the Court's Local Rules to any claimant whose claim is affected.

### C. Classes of Claimants

The Receiver has categorized the remaining claims which she believes to be valid into the following classes of claimants:

    Class 1:    Administrative Claims
    Class 2:    Priority Claims
    Class 3:    Unsecured Creditor Claims
    Class 4:    Investor Claims
    Class 5:    Subordinated Claims

As set forth in the Receiver's Proposed Plan, these classes of claims and the proposed treatment of each class are discussed below.

#### 1. Class 1

Class 1 consists of the Administrative Claims. It is contemplated these Administrative Claims will consist primarily of the Receiver's fees and costs and the fees and costs of professional retained by the Receiver.

#### 2. Class 2

Class 2 consists of the Priority Claims. The priority claims will likely consist substantially, if not entirely, of tax claims. At the present time, two tax claims have been submitted by the New York Department of Tax and Finance in the amount of $20,940.

Other anticipated tax claims that would constitute Priority Claims are tax liability at both the federal and state levels attributable to the sale and disbursement of securities. The amount of the tax liability that will be realized from the sale and distribution of securities is presently

6
RECEIVER'S THIRD QUARTER INTERIM STATUS REPORT; Case No. 3:16-cv-01386-EMC

unknown. No distribution will be made to Classes 3, 4 or 5 until such time as Class 1 and 2 claims have been paid in full or sufficient reserves are held to ensure payment in full to Classes 1 and 2.

3. Class 3

Class 3 consists of the Unsecured Creditor Claims. The Receiver's Plan contemplates that the Unsecured Claims will be paid from the Plan Fund, which shall be funded by cash generated from the sale of securities. The Plan Fund will be used to pay Classes 1, 2 and 3. To the extent there is a surplus of cash following payment of those classes, the surplus will be used to pay Class 5 claims on a pro rata basis. To the extent there is a deficiency, Classes 1 and 2 will be paid in full, and Class 3 will receive a pro rata distribution on account their claims from the remaining funds in the Plan Fund following payment in full to Classes 1 and 2 claimants.

4. Class 4

Class 4 consists of the Investor Claims, which have been divided by the company in which the claimants invested. In order to protect the privacy of investors, the Receiver assigned an Investor I.D. number to each unique investor and she emailed each investor their number. The Class 4 claims are identified by Investor I.D. number and by intended investment. A detailed listing of the claimants by type of investment can be found at the Receiver's website at www.diamondmccarthy.com/saddleriverreceiver so that all investors may check the status of their claims.

Class 4 claims are broken out as follows:

    Class 4A:  Addepar
    Class 4B:  Airbnb
    Class 4C:  Bloom Energy
    Class 4D:  Cloudera
    Class 4E:  Dropbox
    Class 4F:  Evernote
    Class 4G:  Lookout
    Class 4H:  Lyft
    Class 4I:  MongoDB
    Class 4J   Palantir
    Class 4K:  Pinterest
    Class 4M:  Snap, Inc.
    Class 4N:  Uber
    Class 4O:  ZocDoc

The following chart reflects the claims for shares that have been confirmed by the Receiver and the likely shares owned or to be owned by the estate, subject to finalization and court approval of the settlement with EAC:

| Company | Possible Securities Owned by Estate | Shares Claimed by Investors | Surplus/ Shortfall |
| --- | --- | --- | --- |
| **Addepar, Inc.** | 995,509 | 995,509 | 0 |
| **Airbnb** | 11,125 | 11,125 | 0 |
| **Bloom Energy Inc.** | 147,428 | 139,583 | 7,845 |
| **Cloudera, Inc.** | 37,639 | 37,639 | 0 |
| **Dropbox, Inc.** | 46,000 | 46,001 | (1) |
| **Evernote Corp.** | 96,108 | 88,287 | 7,821 |
| **Lookout, Inc.** | 174,800 | 171,797 | 3,003 |
| **Lyft, Inc.** | 9,479 | 9,479 | 0 |
| **MongoDB Inc.** | 20,000 | 22,171 | (2,171) |
| **Palantir Technologies Inc.** | 5,740,249 | 5,895,853 | (155,604) |
| **Pinterest, Inc.** | 23,206 | 23,205 | 0 |
| **Snap, Inc.** | 31,172 | 31,172 | 0 |
| **Uber Technologies Inc.** | 500 | 500 | 0 |
| **ZocDoc, Inc.** | *21,599 unconfirmed* | 21,599 | 0 |

5.  Class 5

Class 5 consists of the Subordinated Claims. It is presently unknown whether any distribution will be made to Class 5 creditors. The source of any distribution to Class 5 creditors will be any surplus monies in the Plan Fund after Classes 1, 2, and 3 have been paid in full. To the extent that any surplus funds remain following payment in full of Class 5 claims, those funds shall be distributed to the Investors on a pro rata basis using their gross investment amount.

V.   **EAC DISPUTE**

The Receiver has been engaged in active and ongoing settlement discussions with Equity

Acquisition Group ("EAC") since her appointment. Prior to her appointment, the Former Receiver and the SEC had negotiated a tentative resolution over a portion of the disputed issues with EAC but the parties were unable to finalize or document their agreement. Since the Receiver's appointment, she has worked closely with EAC to try to resolve all of the global issues between the parties, including allocations of shares and allowance of claims. The negotiations have been lengthy and difficult but the parties have significantly narrowed the issues. They are working out the last several details and have begun the process of trying to document the agreement. Any agreement that is reached will be subject to the approval of the Court.

## VI. BEN SABRIN AND THE MONGODB SHARES

The Receiver has made demand on Ben Sabrin to return the shares, or the value thereof, that he owes to the estate. Mr. Sabrin has thus far failed and refused to deliver what he owes to the estate. The Receiver is in the process of drafting a complaint to sue Mr. Sabrin in connection with this transaction.

## VII. JOHN BIVONA BANKRUPTCY

The former receiver had filed a proof of claim in the bankruptcy case of John Bivona and had entered into a stipulation with Bivona to extend the deadline to object to Bivona's discharge. The Receiver has amended the proof of claim to reflect that she is the successor receiver, and she has also stipulated to further extend the denial of discharge deadline, which is currently extended through October 28, 2019. In the meantime, the Trustee in the Bivona bankruptcy case recently filed a complaint objecting to Bivona's discharge under section 727 of the Bankruptcy Code. Because the bankruptcy trustee has now filed a 727 complaint and is prosecuting denial of discharge claims against Bivona, the Receiver believes that any additional complaint she might file will be duplicative and an unnecessary expenditure of receivership estate resources. Accordingly, the Receiver believes that it is appropriate and most cost-effective for the estate to rely on the Bivona Trustee's efforts to deny the debtor's discharge and to decline to enter into additional extensions of the discharge deadline.

## VIII. PLAN OF DISTRIBUTION APPROVAL PROCESS

The Receiver's primary task in this case and to assist the Court in putting a distribution

plan in place and then ultimately in implementing that plan. Upon her appointment on February 27, 2019, the Court asked the Receiver to provide her Comments to the versions of plans previously submitted by the SEC and the SRA Funds Investor Group. The Receiver did so and also proposed her own Plan based upon the history in the case prior to her appointment and the Court's comments based on its understanding of the facts in the case. The Receiver met and conferred extensively with the SEC, the Investor Group and counsel for Progresso Ventures in advance of filing her Plan and, with some relatively minor exceptions, all parties were in general agreement with the structure of the Plan.  The Investor Group requested that the Receiver obtain a tax opinion regarding the proposed tax treatment of the estate as a Qualified Settlement Fund, and both the Court and the Receiver agreed.

Following the June 27, 2019 hearing, the Court entered a Minute Order reflecting its findings made at the June 27, 2019 hearing. In summary, the Court found the following:

1. The claim for backend fees by Joshua Cilano is disallowed;
2. Solis Associates Fund is consolidated into the Receivership Estate;
3. The Receiver is authorized to commence litigation against EAC and Ben Sabrin;
4. The Anna Bivona funds shall continue to be held in a segregated account and any recommendation as to its distribution shall be subject to Court approval;
5. The Receiver will obtain a written legal opinion setting forth the potential tax liability under the distribution plan and the advisability of filing tax returns for a Qualified Settlement Fund, before the Plan is approved.

The Receiver thereafter engaged in discussions with both tax and securities advisors to obtain the opinions and advice that the Court, the SEC, and the Investor Group desire in advance of approving a distribution plan.  The Receiver filed her Motion to (1) Employ Miller Kaplan as Tax Advisors; (2) Employ Schinner & Shain as Securities Counsel; and (3) for Instructions (the "Motion"), which is set for hearing on October 10, 2019.  The Receiver seeks instructions regarding the tax issues due to uncertainty in the manner in which the Qualified Settlement Fund and resulting tax issues should be handled. The SEC supports the Receiver's Motion, and the Investor Group filed a Response requesting that the Receiver consider additional options to

mitigate tax liability for the investors.

The Receiver has not, in the meantime, filed QSF tax returns and notes that the Former Receiver did not file QSF tax returns. The Former Receiver had filed returns for 4 of the receivership entities for the years 2016 and 2017, and the IRS had advised both the Former Receiver and the Receiver that filing returns for the other entities was not necessary since the entities had been determined to be uncollectible. Accordingly, the Receiver is awaiting further direction before she files any tax returns.

## IX. FINANCIAL REPORTING

The Receiver has engaged in minimal financial activities since her appointment. The only disbursements have been for court approved fees and expenses. The only receipts have been interest and dividends paid in the accounts. A detailed listing of each financial transaction since her appointment is attached hereto as Exhibit "1."

DATED: October 3, 2019         By:   /s/ *Kathy Bazoian Phelps*
                                     Kathy Bazoian Phelps
                                     Successor Receiver

# Exhibit 1

**Receivership Estate of SRA Management Associates, LLC et al**
**3d Quarter 2019 - Cash Receipts and Disbursements**

**Checking #0063**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 7/1/2019 | Opening Balance | | | $151,892.01 |
| 7/2/2019 | 1st Qtr fees for Gartenbert, Gelfand & Hayton | | $6,315.00 | $145,577.01 |
| 7/2/2019 | 1st Qtr Fees for Diamond McCarthy | | 13,442.24 | $132,134.77 |
| 7/2/2019 | 1st Qtr Expenses for Diamond McCarthy | | $524.67 | 131,610.10 |
| 7/2/2019 | 1st Qtr Fees for Receiver | | $37,029.60 | 94,580.50 |
| 7/2/2019 | 1st Qtr Expenses for Receiver | | $3,030.33 | 91,550.17 |
| 7/2/2019 | 1st Qtr Fees for Sherwood Partners | | $17,716.14 | 73,834.03 |
| 8/22/2019 | transfer from 2849 | 75,000 | | 148,834.03 |
| 8/27/2019 | 2d Qtr Fees for Receiver | | $68,588.40 | 80,245.63 |
| 8/27/2019 | 2d Qtr Expenses for Receiver | | $185.93 | 80,059.70 |
| 8/27/2019 | 2d Qtr Fees for Diamond Mccarthy | | $24,500.00 | 55,559.70 |
| 8/27/2019 | 2d Qtr Fees for Diamond McCarthy | | $1,924.16 | 53,635.54 |
| 8/27/2019 | Payment of fees to Stretto | | $2,958.40 | 50,677.14 |
| | Ending Balance | | | **50,677.14** |

**Brokerage #2849 (Mutual Fund)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 7/1/2019 | Opening Balance | | | $281,183.13 |
| 7/1/2019 | dividend reinvested | $587 | | $281,770.32 |
| 8/1/2019 | dividend reinvested | $542.34 | | $282,312.66 |
| 8/22/2019 | sell and transfer to checking #0063 | | 75,000.00 | $207,312.66 |
| 8/22/2019 | transaction fee | | 7.00 | $207,305.66 |
| 9/3/2019 | dividend reinvested | 456 | | $207,761.66 |
| | Ending Balance | | | **$207,761.66** |

**Brokerage #7306 (Anna Bivona funds)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 7/1/2019 | Opening Balance | | | $501,736.28 |
| 7/31/2019 | dividend reinvested | $191.76 | | $501,928.04 |
| 8/30/2019 | dividend reinvested | $136.83 | | $502,064.87 |
| 9/30/2019 | dividend reinvested | $98.35 | | $502,163.22 |
| | Ending Balance | | | **$502,163.00** |

**Cash Position of Receivership Estate of SRA Management Associates, LLC et al**
**As of September 30, 2019**
**Cash**

| | | |
|---|---|---|
| Checking | | $50,677.14 |
| Money Market | | $207,761.66 |
| Anna Bivona Funds | | $502,163.00 |
| | Subtotal | **$760,601.80** |

**Holdbacks**

| | |
|---|---:|
| Sherwood Partners, Former Receiver | $144,627.51 |
| Kathy Bazoian Phelps, Receiver | $26,404.50 |
| Diamond McCarthy | $9,485.56 |
| Subtotal | **$180,517.57** |