1  KATHY BAZOIAN PHELPS (State Bar No. 155564)
   *kphelps@diamondmccarthy.com*
2  DIAMOND MCCARTHY LLP
   1999 Avenue of the Stars, Suite 1100
3  Los Angeles, California 90067-4402
   Telephone:   (310) 651-2997
4

5  *Successor Receiver*

6              **UNITED STATES DISTRICT COURT**

7            **NORTHERN DISTRICT OF CALIFORNIA**

8              **SAN FRANCISCO DIVISION**

9

10  SECURITIES AND EXCHANGE
    COMMISSION,                             Case No. 3:16-cv-01386-EMC
11
              Plaintiff,                    **JOINT STATUS REPORT**
12
         v.                                 Hearing Date:  October 10, 2019
13                                          Time:          10:30 a.m.
    JOHN V. BIVONA; SADDLE RIVER            Location:      Courtroom 5, 17th Floor
14  ADVISORS, LLC; SRA                                     450 Golden Gate Ave.
    MANAGEMENT ASSOCIATES,                                 San Francisco, CA 94102
15  LLC; FRANK GREGORY
    MAZZOLA,
16
              Defendants, and
17
    SRA I LLC; SRA II LLC; SRA III
18  LLC; FELIX INVESTMENTS, LLC;
    MICHELE J. MAZZOLA; ANNE
19  BIVONA; CLEAR SAILING GROUP
    IV LLC; CLEAR SAILING GROUP V
20  LLC,
21            Relief Defendants.
22
23
24
25
26
27
28

1     Kathy Bazoian Phelps, the successor receiver herein (the "Receiver"), Plaintiff Securities

2 and Exchange Commission (the "SEC" or "Commission") and interested parties the SRA Investor

3 Group ("Investor Group"), and Progresso Ventures, LLC ("Progresso") jointly submit this Status

4 Report in anticipation of the Case Management Conference on October 10, 2019.

5    **I.    Status of Distribution Plan**

6     On June 27, 2019, the Court heard and considered the Receiver's comments to the pending

7 competing distribution plans filed by the SEC and the Investor Group, as well as the Receiver's

8 proposed plan of distribution. At the hearing, the Investor Group requested, and the Court and

9 Receiver agreed, that the Receiver would obtain a tax opinion regarding certain aspects of the

10 Receiver's proposed tax treatment of the plan.

11     The Receiver and the SEC agree and approve of Miller Kaplan as a proposed tax advisor.

12 The SEC also strongly recommended that the Receiver engage securities counsel to advise her with

13 respect to securities regulations and complexities arising from the proposed distribution of

14 securities to investors under the terms of the plan.

15     The Receiver filed her Motion to (1) Employ Miller Kaplan as Tax Advisors; (2) Employ

16 Schinner & Shain as Securities Counsel; and (3) for Instructions (the "Motion"), which is set for

17 hearing on October 10, 2019 at 10:30 a.m.  The Investor Group filed a Response to the Motion and

18 the Receiver has filed a Reply addressing the issues raised in the Response. The SEC's counsel has

19 informed the Receiver that the SEC supports the Motion.

20     The parties hope to obtain a ruling from the Court and instructions on how the Receiver

21 should proceed regarding the tax consequences of any distribution plan that is ultimately approved.

22    <u>Additional Comments of the Investor Group</u>:

23     While the Investor Group did ask that the Receiver obtain tax advice with respect to any

24 proposed tax treatment of the plan,[1] the Investor Group did not agree to and has not approved of

25

---

26 [1] The Investor Group wishes to remind the Court that the Receiver's proposed plan of distribution
must follow, as closely as practicable, the distribution plan put forward by the Investor Group.  *See*

27 Order Re Proposed Distribution Plans (Dkt. No.  443) at 10 ("Accordingly, the Court determines
that the receivership assets shall be distributed in accordance with Sections E ("Use of cash funds

28 currently held by the Receivership Estate"), F ("Calculation of accrued management fees, back-end
fees and share surpluses upon the occurrence of a liquidity event"), and G ("Payment of eligible
claims and other administrative expenses upon the occurrence of liquidity events") of the Investor

Miller Kaplan as the proposed tax advisor.  The Investor Group respectfully requests that any tax advisor to be retained by the Receiver for the purpose of providing her advice regarding the tax treatment of the proposed distribution plan consider any and all appropriate avenues of tax treatment that (1) adhere as closely as possible to the investment goals of investors and (2) will not unduly harm investor interests.

<u>Responsive Comments of Receiver</u>:

Following the hearing on February 28, 2019 and the Receiver's appointment, the Receiver filed Comments (Dkt No. 488) to the Investor Group's proposed plan identified in Footnote 1 hereof. Those Comments identified a number of issues that made the Investor Group's plan not feasible and also highlighted the absence of any consideration to tax consequences of the plan that the Investor Group proposed. The Receiver met and conferred with all parties to address the issues with the Investor Group's plan so that implementation of the plan could be feasible. As a result, the Receiver proposed a plan (Dkt No. 487) that all parties, including the Investor Group, largely supported, with the understanding that a tax opinion needed to be obtained regarding the Receiver's proposed tax treatment. The Receiver filed the Motion set for hearing concurrently herewith to bring to the Court's attention the complexities of the tax issues so that the Court can address the costs, risks, delays and other considerations in the Court's ongoing efforts to determine what type of plan is feasible, reasonable and fair in this case. No such determination has yet been made.

## II.   Status of Settlement Discussions with Equity Acquisition Corporation and Ben Sabrin

Since the Receiver's appointment on February 28, 2019, she has been in discussions with EAC regarding resolution of all outstanding issues as between EAC and the estate. The Receiver has recently reached a tentative settlement structure with EAC and the parties are in the process of resolving certain share exchange numbers and documenting the settlement, which shall be subject to Court approval.

The Receiver initially communicated with Ben Sabrin regarding shares of MongoDB that

(continued)

Plan.")

JOINT STATUS REPORT; Case No. 3:16-cv-01386-EMC

are owed to the estate following her appointment and they discussed resolution of the claim against him. Mr. Sabrin has ceased communicating with the Receiver, and the Receiver is in the process of preparing a complaint to be filed against Mr. Sabrin.

### III.    Claims Administration

The second and final claims bar date in this case was May 14, 2019. The Receiver has not received any late filed claims after that date.

The Receiver filed Omnibus objections to claims which were approved by the Court on June 27, 2019. The Receiver also settled disputes with two unsecured creditors, Progresso Ventures LLC and Pradeep Sindhu, pursuant to stipulations that were approved by the Court.

The Receiver is in discussions with Fortuna Funds to try to consensually resolve disputed issues relating to Fortuna's claim.

There may remain a few lingering objections to claims relating to guaranty claims, but otherwise the claims administration has largely been completed.

### IV.    John Bivona Bankruptcy Proceeding

The former receiver had filed a proof of claim in the bankruptcy case of John Bivona and had entered into a stipulation with Bivona to extend the deadline to object to Bivona's discharge. The Receiver has amended the proof of claim to reflect that she is the successor receiver, and she has also stipulated to further extend the denial of discharge deadline, which is currently extended through October 28, 2019. In the meantime, the Trustee in the Bivona bankruptcy case recently filed a complaint objecting to Bivona's discharge under section 727 of the Bankruptcy Code. Because the bankruptcy trustee has now filed a 727 complaint and is prosecuting denial of discharge claims against Bivona, the Receiver believes that any additional complaint she might file will be duplicative and an unnecessary expenditure of receivership estate resources. Accordingly, the Receiver believes that it is appropriate and most cost-effective for the estate to rely on the Bivona Trustee's efforts to deny the debtor's discharge and to decline to enter into additional extensions of the discharge deadline. The Receiver raises this issue for discussion at the status conference to the extent that any party or the Court disagrees with her intention not to further extend the deadline.

1   DATED: October 2, 2019                By:   /s/ Kathy Bazoian Phelps
2                                               Kathy Bazoian Phelps
                                                Successor Receiver
3

4   DATED: October 2, 2019                By:   /s/ John S. Yun
5                                               John S. Yun
                                                Mark Katz
6                                               Attorneys for Plaintiff Securities and Exchange
                                                Commission
7

8   DATED: October 2, 2019                By:   /s/ Jonathan K. Levine
9                                               Jonathan K. Levine
                                                Elizabeth Pritker
10                                              Pritzker Levine LLP
                                                Attorneys for the SRA Funds Investor Group
11
    DATED: October 2, 2019                By:   /s/ Avi Israeli
12                                              Avi Israeli (pro hac vice)
                                                Holwell Shuster & Goldberg LLP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT; Case No. 3:16-cv-01386-EMC

1

**ATTESTATION OF E-FILED SIGNATURES**

2      I, Kathy Bazoian Phelps, am the ECF user whose ID and password are being used to file

3  this Joint Status Report.  In compliance with Local Rule 5-1(i)(3), I hereby attest that John S. Yun,

4  Jonathan K. Levine, and Avi Israeli have each concurred in this filing.

5

6  Dated: October 3, 2019                           _/s/ Kathy Bazoian Phelps_____

7                                                   KATHY BAZOIAN PHELPS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT; Case No. 3:16-cv-01386-EMC