KATHY BAZOIAN PHELPS (State Bar No. 155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone:    (310) 651-2997

*Successor Receiver*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**RECEIVER'S INTERIM STATUS REPORT FOR FOURTH QUARTER 2019**<br><br>Date:    No Hearing Set<br>Time:   No Hearing Set<br>Judge:  Edward M. Chen |

Kathy Bazoian Phelps, the successor receiver herein, hereby files her Interim Status Report for the Fourth Quarter 2019.

## I. PROCEDURAL HISTORY

1. On October 11, 2016, the District Court for the Northern District of California ("Court") entered a Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Be Granted (the "TRO").

2. Pursuant to the TRO, Sherwood Partners was appointed as the temporary receiver over the assets of SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC, SRA Management Associates, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, Felix Multi-Opportunity Fund I, LLC, Felix Multi-Opportunity Fund II, LLC, Felix Management Associates, LLC, NYPA Fund I, LLC, NYPA Fund II, LLC, and NYPA Management Associates, LLC (the "Receivership Entities").

3. Pursuant to the Revised Order Appointing Receiver entered on February 28, 2019 (the "Receiver Order"), Kathy Bazoian Phelps was appointed as the successor receiver over the Receivership Entities. Pursuant to Minute Order entered on June 27, 2019, Solis Associates Fund was substantively consolidated with the Receivership Entities.

4. The Receiver was present at the hearing on February 28, 2019, at which time the Court was considering competing plans of distribution filed by the SEC and the SRA Investor Group. A number of issues were raised, but not resolved, at the hearing, and the Court asked the Receiver to file comments relating to the competing plans and, if appropriate, to file her own plan of distribution.

5. The Receiver engaged Diamond McCarthy LLP as her counsel and Grobstein Teeple Financial Advisory Services LLP as her accountants to assist her in the administration of the estate, in proposing a plan of distribution, and in addressing complex tax issues arising from the proposed distribution plan. The Court has continued the hearings regarding approval of a distribution plan on several occasions to address issues relating to tax consequences of a distribution plan and to address the request of the SRA Funds Investor Group for a report regarding the tax provisions set forth in the Receiver's proposed plan.

6. The Receiver sought to engage a tax advisor to address specific questions asked by the Investor Group, and to engage securities counsel to address the complexities of a distribution plan that would both liquidate securities to generate funds to pay administrative, priority and unsecured creditors, and to also return some shares to investors.

7. A hearing was held on October 8, 2019 on the Receiver's Motion to: (1) Employ Miller Kaplan as Tax Advisors; (2) Employ Schinner & Shain as Securities Counsel; and (3) for Instructions (the "Tax Motion"). The Court granted the Receiver's request to employ Miller Kaplan as Tax Advisors and Schinner & Shain as Securities Counsel (Doc 532) and continued the portion of the Tax Motion requesting instructions regarding the tax report that was requested to December 19, 2019. Due to the complexities of the issues, the Receiver's professionals required additional time to complete their analysis, and the parties agreed to continue the December 19, 2019 hearing to January 16, 2020.

8. On December 16, 2019, the Receiver filed her Supplement to the Tax Motion (Doc. 538) (the "Supplement"), which contained the report requested by the Investor Group relating to the tax issues, and the Receiver also provided a full report on the securities issues that might arise under a distribution plan or pursuant to any other viable alternatives that the Receiver's professionals could visualize.

9. On December 18, 2019, the Investor Group filed an Administrative Motion re the Tax Motion, seeking the turnover of written materials from the Receiver relating to the legal advice provided by her professionals (Doc 539). The Receiver and the SEC each filed oppositions to the Investor Group's Administrative Motion on the basis that the Receiver's Supplement already contained the materials that the Investor Group sought, among other reasons. The Court denied the Investor Group's Administrative Motion (Doc 543).

10. The continued hearing on the Tax Motion and the plan issues is scheduled for January 30, 2019 at 1:30 p.m. The Investor Group filed a Response to the Receiver's Supplement, asking the Court, among other things, to decline to authorize the Receiver to file qualified settlement fund tax returns or to obtain valuations of securities for tax purposes. Both the Receiver and the SEC filed Replies to the Investor Group's Response.

11. The Receiver continues to update her website at www.diamondmccarthy.com/saddleriverreceiver regarding the filings in the case and the status of upcoming matters.

## II. ASSET ADMINISTRATION

### A. Settlement with EAC

During the fourth quarter, the Receiver's activities related primarily to finalizing the figures relating to the estate's interest in certain publicly traded securities and other interests in pre-IPO securities pursuant to forward contracts, book entries or stock certificates. The Receiver engaged in active and ongoing settlement discussions with Equity Acquisition Group ("EAC"). Prior to her appointment, the Former Receiver and the SEC had negotiated a tentative resolution over a portion of the disputed issues with EAC but the parties were unable to finalize or document their agreement. Since the Receiver's appointment, she has worked closely with EAC to try to resolve all of the global issues between the parties, including allocations of shares and allowance of claims. The negotiations have been lengthy and difficult but the parties were ultimately able to reach a settlement that provides, in summary, as follows:

1. Transfer of Shares

   a. EAC shall transfer the right title and beneficial interest in the following securities, or contractual rights to shares, to the Receiver as set forth in the Settlement Agreement:

   11,125 shares of *Airbnb, Inc*;
   9,479 shares of *Lyft, Inc.*;
   23,206 shares of *Pinterest, Inc.*;
   500 shares of *Uber Technologies, Inc.*;
   317,649 shares of *Palantir Technologies, Inc.*; and
   1,495 shares of *ZocDoc, Inc.*

   b. The Receiver shall transfer the right, title and beneficial interest in the following shares, or contractual rights to shares, to EAC as set forth in the Settlement Agreement:

   33,789 shares of *Addepar, Inc.*;
   2,349 shares of *Bloom Energy, Inc.*;
   7,399 shares of *Cloudera, Inc.*;
   3,892 shares of *Evernote, Corp*; and

37,676 shares of *Lookout, Inc.*

    c. EAC shall transfer the right title and beneficial interest in 835,000 shares of ***Practice Fusion, Inc.*** to the Receiver or any payments attributable to such 835,000 Practice Fusion shares.

2. Allowance of Claims: The following claims shall be allowed as subordinated claims, presently contemplated to be included in Class 5 of the Plan and to only receive distribution following payment in full to all Allowed Claims for administrative fees and expenses, federal and state taxes, unsecured creditor claims and investor claims. Those Allowed Claims are currently described in Classes 1, 2, 3 and 4 of the proposed Plan, while the subordinated claims are currently in Class 5 of the proposed Plan.

    a. Kenneth Lacey for $500,000 as a subordinated claim;
    b. Alexander Pisemskiy for $500,000 as a subordinated claim;
    c. Klein for $100,000 as a subordinated claim

### B. Ben Sabrin and the MongoDB Shares

The Receiver has made demand on Ben Sabrin to return the 6,250 shares of MongoDB, or the value thereof, that he owes to the estate. Mr. Sabrin has thus far failed and refused to deliver what he owes to the estate. The Receiver intends to commence litigation to seek recovery of these shares or the value thereof and is in the process of drafting a complaint to sue Mr. Sabrin in connection with this transaction.

### C. Summary of Securities Holdings

The following chart identifies the status of all known securities and includes the modifications in light of the EAC settlement:

| Company | Pre-Agreement Securities | Reallocation from Agreement | New Total | Shares Claimed by Investors |
|---|---|---|---|---|
| Addepar, Inc. | 1,029,298 | (33,789) | 995,509 | 995,509 |
| Airbnb | 0 | 11,125 | 11,125 | 11,125 |
| Bloom Energy Inc. | 90,667 | (2,349) | 147,429 | 139,583 |
| Cloudera, Inc. | 45,038 | (7,399) | 37,639 | 37,639 |
| Dropbox, Inc. | 46,000 | | 46,000 | 46,000 |
| Evernote Corp. | 100,000 | (3,892) | 96,108 | 88,287 |
| Lookout, Inc. | 212,476 | (37,676) | 174,800 | 171,797 |
| Lyft, Inc. | 0 | 9,479 | 9,479 | 9,479 |

| | | | | |
|---|---|---|---|---|
| MongoDB Inc. | 20,000 | | 20,000[1] | 22,171 |
| Palantir Inc. | 5,422,600 | 317,649 | 5,740,249 | 5,895,853 |
| Pinterest, Inc. | 0 | 23,206 | 23,206 | 23,206 |
| Snap, Inc. | 31,172 | | 31,172 | 31,173 |
| Uber Inc. | 0 | 500 | 500 | 500 |
| ZocDoc, Inc. | *20,104* *unconfirmed* | 1,495 | 21,599 | 21,598 |

### D. JOHN BIVONA BANKRUPTCY

The former receiver had filed a proof of claim in the bankruptcy case of John Bivona and had entered into a stipulation with Bivona to extend the deadline to object to Bivona's discharge. The Receiver has amended the proof of claim to reflect that she is the successor receiver, and she has also stipulated to further extend the denial of discharge deadline, which is currently extended through February 25, 2020. The Trustee in the Bivona bankruptcy case filed a complaint objecting to Bivona's discharge under section 727 of the Bankruptcy Code.

The Receiver has been in discussions with the Bivona Trustee and the representative of The Eliv Group regarding competing claims to funds currently frozen at TD Bank, as well as claims to funds held in an attorney account owned by John Bivona. The Receiver and the Eliv Group assert claims to the funds in the attorney account and are in discussions with the Bivona Trustee to try to resolve these issues.

### III. CLAIMS ADMINISTRATION

#### A. Claims Bar Date and Late Claims

1. Prior to the Receiver's appointment, the Former Receiver had served a Notice of Bar Date, establishing January 31, 2018 as the claims bar date (the "Original Bar Date").

2. Following the Receiver's appointment on February 28, 2019, a Supplemental Bar Date was set for May 14, 2019, and the Receiver received 23 new claims. The Receiver subsequently filed a Motion to Disallow Certain Claim, which was granted by the Court on June 27, 2019. As a result claims in the following categories were disallowed:

---

[1] The estate is owed 6,250 shares from Ben Sabrin which have not yet been received.

1  - Claims which have received prior distribution
2  - Claims made for funds paid to non-receivership entities
3  - Duplicate claims
4  - Claims for Failed Investments

5 One investor sought to withdraw its claim from the receivership, which the Receiver
6 approved.

7 Separately, the Receiver engaged in negotiations with two unsecured creditors, Progresso
8 Ventures LLC and Pradeep Sindu, relating to disputes issues over their claims. Stipulations were
9 reached and approved with both parties to fix the amount of the claims and the type of priority for
10 those claims as follows:

11 Progresso: The Stipulation provides that the claim shall be allowed in the amount of
12 $4,976,427.83 as an Unsecured Creditor Claim and $552,936.43 as a Subordinated Claim.

13 Sindhu: The Stipulation results in a substantial reduction in the unsecured claim amount of
14 Mr. Sindhu from over $3.97 million to $300,000 as an Unsecured Creditor Claim.

15 The Receiver may, in her discretion, file subsequent objections to claims, and shall provide
16 notice and an opportunity to object and be heard pursuant to the Court's Local Rules to any
17 claimant whose claim is affected.

18 **B.  Classes of Claimants**

19 The Receiver has categorized the remaining claims which she believes to be valid into the
20 following classes of claimants:

21 Class 1:    Administrative Claims
22 Class 2:    Priority Claims
23 Class 3:    Unsecured Creditor Claims
24 Class 4:    Investor Claims
25 Class 5:    Subordinated Claims

26 The Receiver created separate classes for the unsecured creditors and the investors based on the
27 proceedings in this case to date which have contemplated that these classes would receive separate
28 treatment under a distribution plan such that unsecured creditors would receive cash and investors

would receive securities. As is well known to the Court and parties, there are not sufficient funds to pay cash to the unsecured creditors, so securities will need to be liquidated to fund payments to administrative, priority and unsecured creditors. Since a distribution plan has not yet been approved by the Court, the Receiver leaves open the possibility that the classes of claims and proposed distributions may be revised in the future. At the present time, as set forth in the Receiver's Proposed Plan, these classes of claims and the proposed treatment of each class are discussed below.

1. Class 1

Class 1 consists of the Administrative Claims. It is contemplated these Administrative Claims will consist primarily of the Receiver's fees and costs and the fees and costs of professional retained by the Receiver.

2. Class 2

Class 2 consists of the Priority Claims. The priority claims will likely consist substantially, if not entirely, of tax claims. At the present time, two tax claims have been submitted by the New York Department of Tax and Finance in the amount of $20,940.

Other anticipated tax claims that would constitute Priority Claims are tax liability at both the federal and state levels attributable to the sale and disbursement of securities. The amount of the tax liability that will be realized from the sale and distribution of securities is presently unknown. No distribution will be made to Classes 3, 4 or 5 until such time as Class 1 and 2 claims have been paid in full or sufficient reserves are held to ensure payment in full to Classes 1 and 2.

3. Class 3

Class 3 consists of the Unsecured Creditor Claims. The Receiver's Plan contemplates that the Unsecured Claims will be paid from the Plan Fund, which shall be funded by cash generated from the sale of securities. The Plan Fund will be used to pay Classes 1, 2 and 3. To the extent there is a surplus of cash following payment of those classes, the surplus will be used to pay Class 5 claims on a pro rata basis. To the extent there is a deficiency, Classes 1 and 2 will be paid in full, and Class 3 will receive a pro rata distribution on account their claims from the remaining funds in the Plan Fund following payment in full to Classes 1 and 2 claimants.

4. Class 4

Class 4 consists of the Investor Claims, which have been divided by the company in which the claimants invested. In order to protect the privacy of investors, the Receiver assigned an Investor I.D. number to each unique investor and she emailed each investor their number. The Class 4 claims are identified by Investor I.D. number and by intended investment. A detailed listing of the claimants by type of investment can be found at the Receiver's website at www.diamondmccarthy.com/saddleriverreceiver so that all investors may check the status of their claims.

Class 4 claims are broken out as follows:

Class 4A: Addepar
Class 4B: Airbnb
Class 4C: Bloom Energy
Class 4D: Cloudera
Class 4E: Dropbox
Class 4F: Evernote
Class 4G: Lookout
Class 4H: Lyft
Class 4I: MongoDB
Class 4J: Palantir
Class 4K: Pinterest
Class 4M: Snap, Inc.
Class 4N: Uber
Class 4O: ZocDoc

5. Class 5

Class 5 consists of the Subordinated Claims. It is presently unknown whether any distribution will be made to Class 5 creditors. The source of any distribution to Class 5 creditors will be any surplus monies in the Plan Fund after Classes 1, 2, and 3 have been paid in full. To the extent that any surplus funds remain following payment in full of Class 5 claims, those funds shall be distributed to the Investors on a pro rata basis using their gross investment amount.

At the present time, the known subordinated claims consist of the following:

a. Progresso Ventures for $552,936.43

b. Kenneth Lacey for $500,000

c. Alexander Pisemskiy for $500,000

         d.  Klein for $100,000

## IV. PLAN OF DISTRIBUTION APPROVAL PROCESS

The Receiver's primary task in this case and to assist the Court in putting a distribution plan in place and then ultimately in implementing that plan. Upon her appointment on February 27, 2019, the Court asked the Receiver to provide her Comments to the versions of plans previously submitted by the SEC and the SRA Funds Investor Group. The Receiver did so and also proposed her own Plan based upon the history in the case prior to her appointment and the Court's comments based on its understanding of the facts in the case. The Receiver met and conferred extensively with the SEC, the Investor Group and counsel for Progresso Ventures in advance of filing her Plan and, with some relatively minor exceptions, all parties were in general agreement with the structure of the Plan.

At the hearing on June 27, 2019, the Investor Group requested that the Receiver obtain a tax opinion regarding the proposed tax treatment of the estate as a Qualified Settlement Fund

The Receiver thereafter engaged in discussions with both tax and securities advisors and filed a Supplement to her Tax Motion wherein she sought instructions regarding the tax issues. The SEC supports the analysis set forth in the Receiver's Supplement. The Investor Group has opposed the position on the issues covered in the Supplement, and both the Receiver and the SEC have filed replies thereto. A hearing is scheduled for January 30, 2020 on the plan and tax issues.

The Receiver has not, in the meantime, filed QSF tax returns and notes that the Former Receiver did not file QSF tax returns. The Former Receiver had filed returns for four of the receivership entities for the years 2016 and 2017, and the IRS had advised both the Former Receiver and the Receiver that filing returns for the other entities was not necessary since the entities had been determined to be uncollectible.

As set forth in her Supplement, the Receiver believes it is appropriate that she file QSF returns from the inception of the case but is awaiting further direction from the Court before she files any tax returns.

## V. FINANCIAL REPORTING

The Receiver has engaged in minimal financial activities since her appointment. The only disbursements have been for court approved fees and expenses. The only receipts have been interest and dividends paid in the accounts. A detailed listing of each financial transaction during the fourth quarter of 2019 is attached hereto as Exhibit "1."

DATED: January 24, 2020          By:   /s/ *Kathy Bazoian Phelps*
                                       Kathy Bazoian Phelps
                                       Successor Receiver

# Exhibit 1

**Receivership Estate of SRA Management Associates, LLC et al**
**4th Quarter 2019 - Cash Receipts and Disbursements**

**Checking #0063**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 10/1/2019 | Opening Balance | | | **$50,677.14** |
| 10/15/2019 | Retainer to Schinner & Shain | | 10,000 | $40,677.14 |
| 12/4/2019 | transfer | 45,000 | | $85,677.14 |
| 12/6/2019 | 3d Qtr Fees for Receiver | | $32,279.52 | 53,397.62 |
| 12/6/2019 | 3d Qtr Expenses for Receiver | | $542.73 | 52,854.89 |
| 12/6/2019 | 3d Qtr Fees for Diamond Mccarthy | | $3,560.72 | 49,294.17 |
| 12/6/2019 | 3d Qtr Fees for Diamond McCarthy | | $131.35 | 49,162.82 |
| 12/6/2019 | Fees for Grobstein Teeple | | $3,540.50 | 45,622.32 |
| 12/6/2019 | 2nd Qtr Fees for Sherwood Partners | | $5,280.50 | 40,341.82 |
| | Ending Balance | | | **40,341.82** |

**Brokerage #2849 (Mutual Fund)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 10/1/2019 | Opening Balance | | | $207,761.66 |
| 10/1/2019 | dividend reinvested | $347.24 | | $208,108.90 |
| 11/1/2019 | dividend reinvested | $322.27 | | $208,431.17 |
| 12/1/2019 | dividend reinvested | $274.63 | | $208,705.80 |
| 12/2/2019 | transaction fee | | $7.00 | $208,698.80 |
| 12/4/2019 | sell and transfer to checking #0063 | | 45,000.00 | $163,698.80 |
| | Ending Balance | | | **$163,698.80** |

**Brokerage #7306 (Anna Bivona funds)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 10/1/2019 | Opening Balance | | | $502,163.22 |
| 10/31/2019 | dividend reinvested | $69.89 | | $502,233.11 |
| 11/29/2019 | dividend reinvested | $45.82 | | $502,278.93 |
| 12/31/2019 | dividend reinvested | $34.40 | | $502,313.33 |
| | Ending Balance | | | **$502,313.33** |

**Cash Position of Receivership Estate of SRA Management Associates, LLC et al**
**As of December 31, 2019**

**Cash**

| | | |
|---|---|---|
| Checking | | $40,341.82 |
| Money Market | | $163,698.80 |
| Anna Bivona Funds | | $502,313.33 |
| | Subtotal | **$706,353.95** |

**Known Accrued and Unpaid Expenses**

| | | |
|---|---|---|
| Kathy Bazoian Phelps, Receiver - fees (4th Qtr 2019) | | 50,187.30 |
| Kathy Bazoian Phelps, Receiver - Expenses (4th Qtr 2019) | | $27.00 |
| Diamond McCarthy LLP - fees (4th Qtr 2019) | | 12,550.00 |
| Schinner & Shain 4th Qtr fees less $10,000 retainer already paid | | $10,949.13 |
| Miller Kaplan  fees(4th Qtr 2019) | | $42,465.60 |
| | Subtotal | **$116,179.03** |

**Holdbacks**

| | | |
|---|---|---|
| Sherwood Partners, Former Receiver | | $144,627.51 |
| Kathy Bazoian Phelps, Receiver | | $34,474.38 |
| Diamond McCarthy | | $10,375.74 |
| | Subtotal | **$180,517.57** |