KATHY BAZOIAN PHELPS (State Bar No. 155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone:  (310) 651-2997

*Successor Receiver*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>     v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>         Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>         Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH INTERIM ADMINISTRATIVE MOTION FOR AN ORDER PURSUANT TO LOCAL RULE 7-11 FOR THE APPROVAL OF FEES AND EXPENSES FOR THE SUCCESOR RECEIVER AND COUNSEL FROM OCTOBER 1, 2019 THROUGH DECEMBER 31, 2019; FOR THE APPROVAL OF FEES FOR MILLER KAPLAN ARASE LLP FROM AUGUST 2019 THROUGH DECEMBER 31, 2019; AND FOR THE APPROVAL OF FEES FOR SCHINNER & SHAIN LLP THROUGH DECEMBER  31, 2019**<br><br>Date:   No Hearing Set<br>Time:  No Hearing Set<br>Judge: Edward M. Chen |

I, Kathy Bazoian Phelps, declare:

1. Pursuant to this Court's Revised Order Appointing Receiver, entered on February 28, 2019, I was appointed as the successor receiver ("Receiver") in this case. I am also an attorney duly licensed to practice in the State of California and am senior counsel at the firm of Diamond McCarthy LLP ("Diamond McCarthy"). I have personal knowledge of the matters set forth below and if called as a witness, I would and could testify competently to the matters stated herein.

2. This declaration is made in support of the Fourth Interim Administrative Motion for an Order Pursuant to Local Rule 7-11 for the Approval of Fees and Expenses for the Successor Receiver and Counsel from October 1, 2019 through December 31, 2019; Approval of Fees for Miller Kaplan Arase LLC from August 2019 through December 31, 2019; and Approval of Fees for Schinner & Shain, LLP through December 31, 2019 ("Motion").

3. Attached hereto as Exhibit "1" is a financial summary of the receivership estate for the fourth quarter 2019, as of December 31, 2019. The financial summary sets forth the cash on hand in the estate. The summary also includes the known accrued but unpaid administration expenses through December 31, 2019, and the net unencumbered cash of the estate after deducting the known incurred expenses, including the fees and costs subject to this Motion and including holdbacks.

4. Attached hereto as Exhibit "2" is the Standardized Fund Accounting Report for the Motion Period, prepared on the form requested by the SEC to reflect the cash activity in the case during this period.

5. Pursuant to my proposal for my appointment, and in recognition of the efficiencies and benefits to the estate in my role as Receiver that I can also address legal issues arising in the estate, I have divided my time between the following 6 billing categories:

2598-00011 – Case Administration

2598-00012 – Receiver Administrative Services

2598-00013 – Claims Administration/Objection

2598-00014 – Asset Analysis and Recovery

2598-00016 – Plan Implementation

2

Case No. 3:16-cv-01386-EMC   DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

6. The detailed time entries reflecting the time spent in each of these categories is attached hereto as Exhibit "3."

7. While my standard hourly rate is $675.00, I have discounted my hourly rate to $425.00 for Matters 11, 13-16, thereby generating savings to the estate. For Matter 2598-00012, I have discounted my hourly rate to $130.00.

2598-00011 – Case Administration

8. With respect to Category 2598-00011, I performed 17.70 hours of services for total fees of $6,042.80 for the period of October 1, 2019 through December 31, 2019 ("Motion Period"). In connection with services performed, I have also incurred reasonable and necessary costs in the amount of $27.00. Attached as Exhibit "3-1" hereto are true and correct copies of billing statements itemizing the services provided and costs incurred for Category 2598-00011.

9. Prior to my involvement in this case, this case was pending for almost three years. I have worked efficiently and economically to move this case forward. During the Motion Period, I have taken actions to manage the administration of the case, including issues dealing with financial reporting, document management and banking. I managed the funds of the receivership estate and handled banking and the accounts at Wells Fargo Bank.

10. During the Motion Period, I have continued to communicate with investors who had inquiries on a number of matters, including the status of the case and the receivership estate, claims, tax issues, and upcoming motions. I have also prepared a status report with the Court regarding my activities in the case.

2598-00012 – Administrative Services

11. I have billed the administrative services that I, as well as my paralegals, provided to the estate to this category. I have discounted my hourly rate and the hourly rates of my paralegal support to $130.00. Attached as Exhibit "3-2" hereto are true and correct copies of billing statements itemizing the services provided for Category 2598-00012. In this category, with the assistance of my paralegals, we performed 8.40 of services for the amount of $1,092.00.

12. Services performed in this category include but are not limited to updating the master service list with new information, addressing service issues, monitoring and updating the receiver's

3

Case No. 3:16-cv-01386-EMC    DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH
INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

website, and finalizing, filing, and serving various motions.

2598-00013 – Claims Administration and Objection

13. With respect to Category 2598-00013, I performed 4.90 hours of services for total fees of $2,082.50. Attached as Exhibit "3-3" hereto are true and correct copies of billing statements itemizing the services provided for Category 2598-00013.

14. Shortly after my appointment, I issued and served a new claims bar date notice to creditors and investors who had not previously received notice of an opportunity to file claims. This new notice provided a final chance for creditors and investors to file claims by May 14, 2019. I have not received any late filed claims after that date.

15. During the Motion Period, I continued to engage in settlement discussions with Fortuna Funds regarding the claim it filed against the estate. After the exchange of information and further discussions, Fortuna agreed to amend its claim, significantly reducing the amounts asserted against the receivership estate.

16. I communicated with an investors regarding withdrawal of his three claims against the receivership estate.

17. I updated my website to reflect the new status of claims.

18. There may be a few lingering objections to claims relating to guaranty claims and other miscellaneous issues, but otherwise the claims administration has largely been completed.

2598-00014 – Asset Analysis and Recovery

19. With respect to Category 2598-00014, I performed 31.50 hours of services for total fees of $13,387.50. Attached as Exhibit "3-4" hereto are true and correct copies of billing statements itemizing the services provided for Category 2598-00014.

20. During the Motion Period, I continued to engage in extensive discussions with Equity Acquisition Corporation ("EAC") and Carsten Klein in order to resolve all outstanding issues between EAC and the receivership estate. I gathered additional facts, and reviewed and analyzed issues pertaining to a possible settlement with EAC. I communicated with my counsel and the SEC on matters pertaining to a potential settlement, and exchanged various versions of settlement terms with EAC.

4

Case No. 3:16-cv-01386-EMC    DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

21. I was ultimately able to reach a settlement with EAC and have documented the agreement with EAC and Klein. I prepared the motion seeking approval of the agreement and communicated with the interested parties in the case regarding the terms of the settlement and the motion seeking approval of the agreement.

22. I have continued to review the estate's possible claims for funds located in the John Bivona Esq. account, which is part of Mr. Bivona's individual bankruptcy proceedings. I have communicated with the representative of the Eliv Group, who has also asserted claims to those funds, as well as with counsel for the trustee of John Bivona, to discuss possible resolution to the competing claims to the funds.

2598-00016 – Plan Implementation

23. With respect to Category 2598-00016, I along with the assistance of a paralegal, performed 70.10 hours of services for total fees of $27,582.50. Attached as Exhibit "3-5" hereto are true and correct copies of billing statements itemizing the services provided for Category 2598-00016.

24. This category includes services provided to the estate in connection with tax issues that are extremely complex and unsettled.

25. On June 27, 2019, the Court considered my Comments to the pending competing distribution plans filed by the SEC, the SRA Funds Investor Group ("Investor Group"), as well as by me. At the hearing, the Investor Group requested, and the Court and I agreed, that I should obtain a tax opinion regarding complicated aspects of my proposed Plan of Distribution ("Plan").

26. I consulted with Miller Kaplan in order for that firm to serve as tax advisors to the estate and for the firm to render a tax opinion. I communicated with Miller Kaplan extensively regarding its handling of tax issues and in order to obtain tax advice. I also consulted with my counsel on tax issues and implications.

27. The SEC recommended that I retain securities counsel to ensure that the anticipated sale and transfer of securities under the Plan were compliant with, or exempt from, securities regulations. I thus consulted with and decided to engage Schinner & Shain LLP to render a securities opinion.

5

Case No. 3:16-cv-01386-EMC    DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

28. Through numerous discussions with Miller Kaplan, I learned that there may be alternative approaches to address tax issues. Thus, on August 9, 2019, I filed an administrative motion requesting the Court to excuse me from providing a tax opinion by the Court's suggested deadline of August 9, 2019, and requesting that I file a motion to employ tax and securities professionals and seek instructions no later than August 15, 2019 (Dkt. No. 512). On August 13, 2019, the Court granted my requests (Dkt. No. 514). I filed the Motion to (1) Employ Miller Kaplan as Tax Advisor; (2) Employ Schinner & Shain LLP as Securities Counsel; and (3) For Instructions, which I filed on August 15, 2019 ("Motion to Employ and For Instructions") (Dkt. No. 516).

29. Based upon the Investor Group's response to the Motion to Employ and For Instructions, further briefing and an additional hearing was required. I attended the hearing on October 2019 at which the Investor Group requested that I and my professionals consider alternatives that were raised but not explored by the Investor Group's professional. The Court asked me to work with my professionals and to file a supplement addressing the tax questions raised by the Investor Group. I thereafter engaged in extensive discussions with my professionals to address all of the questions raised on the tax issues and to address securities issues that would also be raised if the Investor Group alternative approaches to distribution were considered. As a result of the discussions and analysis, a Supplement was prepared and filed with the Court in connection with a continued hearing that had been scheduled for December 19, 2019.

30. The Investor Group filed an Administrative Motion seeking disclosure of expert reports that had not been prepared. Despite having been advised that no such reports were prepared, the Investor Group proceeded with its motion, and it was necessary for me to file an opposition. A telephonic conference was held with the Court's clerk, and the Court thereafter denied the Investor Group's motion.

31. I have read the Motion and the billing statements attached to my declaration. To the best of my knowledge, information and belief formed after reasonable inquiry, all the fees and expenses requested in the attached billing statements are true and correct and the Motion complies with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and

6

Case No. 3:16-cv-01386-EMC   DECLARATION OF KATHY BAZOIAN PHELPS IN SUPPORT OF FOURTH INTERIM ADMINISTRATIVE MOTION FOR FEES AND EXPENSES

Exchange Commission.

32. The fees that I and my staff have charged are reasonable, necessary, and commensurate with the skill and experience required for the activity performed. I respectfully submit that neither I nor my staff have expended time unnecessarily and that I have rendered efficient and effective services.

33. In seeking reimbursement of services for which I purchased or contracted for from a third party, I have only requested reimbursement for the amount billed by the third-party vendor and paid to the vendor. I have not made a profit on such reimbursable services. I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

34. The detail relating to the fees and expenses of Miller & Kaplan and Schinner and Shain are set forth in the Declarations of Julia Damasco and Fred Koenen, respectively, filed concurrently herewith. I have reviewed their billing statements and believe that the fees and expenses charged are reasonable and were necessary in this case. To the best of my knowledge, information and belief formed after reasonable inquiry, all the fees and expenses requested in their billing statements are true and correct and the Motion complies with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

35. I have conferred with counsel for the Securities and Exchange Commission and counsel for Progresso Ventures, and I am advised that they do not oppose the Motion. Counsel for the SRA Investor Group has declined to take a position on the Motion. A stipulation with all parties was deemed impractical given, among other things, the entry of judgment against defendants and pending bankruptcy of defendant John Bivona.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of February 2020 at Los Angeles, California.

*/s/ Kathy Bazoian Phelps*
Kathy Bazoian Phelps