KATHY BAZOIAN PHELPS (State Bar No. 155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone:   (310) 651-2997
*Successor Receiver*

CHRISTOPHER D. SULLIVAN (148083)
csullivan@diamondmccarthy.com
STACEY L. PRATT (124892)
stacey.pratt@diamondmccarthy.com
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Telephone:  (415) 692-5200
*Counsel for Kathy Bazoian Phelps, Successor Receiver*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>            Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>            Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**NOTICE OF MOTION AND MOTION BY RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTORS ADVISORY COMMITTEE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[DECLARATION OF KATHY BAZOIAN PHELPS FILED CONCURRENTLY]*<br><br>Date:     April 7, 2020<br>Time:    10:30 a.m.<br>Courtroom:  5<br>Judge:    Edward M. Chen |

**PLEASE TAKE NOTICE THAT** on April 7, 2020, at 10:30 a.m. in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California 94102, Kathy Bazoian Phelps, the Court-appointed successor receiver (the "Receiver"), will and hereby does make this Motion for Instructions Regarding Investors Advisory Committee.

The Receiver has met and conferred with counsel for the Securities and Exchange Commission ("SEC"), the SRA Investors Group (the "Investor Group"), and Progresso Ventures, LLC and the parties have been unable to reach a consensus as to who will serve on the Investors Advisory Committee ("IAC"). Specifically, while the parties each have no opposition to the six individuals who have applied to serve on the IAC, the Investor Group has asked that Joshua Cilano be appointed to the IAC, and the SEC has expressed opposition to Mr. Cilano serving on the IAC. By this Motion, the Receiver requests instructions as to whether to include Joshua Cilano on the Investors Advisory Committee.

This Motion is made on grounds that the Investor Group requests that Mr. Cilano be included on the IAC, but the SEC has expressed its opposition to Mr. Cilano's participation on the IAC. The Receiver's proposed Plan contemplates that, in the event of a dispute over who shall serve on the IAC, the Receiver shall file a request for instructions. The Motion is based on the Memorandum of Points and Authorities below, and the Declaration of Kathy Bazoian Phelps filed concurrently herewith. The Motion and supporting papers are available at the Receiver's website, http://www.diamondmccarthy.com/saddleriverreceiver, The Receiver has discussed the dispute over whether to include Mr. Cilano on the IAC with counsel for the SEC, the SRA Investor Group, and Progresso Ventures, but the parties have been unable to reach a resolution, which has necessitated the filing of this Motion.

**Procedural Requirements**: For purposes of this Motion, if you oppose all or part of the relief requested in this Motion, you are required to file your written opposition with the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California 94102, and serve the same on the undersigned not later than **March 20, 2020**.

1

Case No. 3:16-cv-01386-EMC
NOTICE OF MOTION AND MOTION OF RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTOR ADVISORY COMMITTEE

1   IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the
2  Court may grant the requested relief without further notice.
3   WHEREFORE, the Receiver requests that the Court grant the relief requested herein, and
4  such other relief as may be appropriate under the circumstances.

6  DATED: March 13, 2020

By:   /s/ *Christopher D. Sullivan*
Christopher D. Sullivan
Counsel for Successor Receiver
Kathy Bazoian Phelps

2

NOTICE OF MOTION AND MOTION OF RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTOR ADVISORY COMMITTEE

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

The Court has preliminarily approved the major components of a distribution plan in this case. One component of the Receiver's final Plan of Distribution (the "Plan") is an Investment Advisor Committee ("IAC") to consult with the Receiver on the liquidation of securities under the Plan. The Receiver's motion for final approval of the Plan invited any interested investor to submit an application to the Receiver if they wished to serve on the IAC, as described in the Plan, by March 9, 2020. (Doc. No. 570.)

The Receiver has met and conferred with the SEC, the SRA Investor Group ("Investor Group"), and Progresso Ventures, LLC ("Progresso Ventures") regarding those investors who submitted timely applications, and the parties have agreed on six such persons for appointment to the IAC. However, the Investor Group proposes that SRA insider Joshua Cilano also serve on the IAC. Mr. Cilano did not submit an application to serve on the IAC, but counsel for the Investor Group has requested that Mr. Cilano be included. The Receiver is advised that the SEC objects to Mr. Cilano's appointment to the IAC. This Motion seeks instructions from the Court regarding whether Mr. Cilano should be included on the IAC.

II. STATEMENT OF FACTS UNDERLYING THIS MOTION

1. The SEC filed a complaint commencing this action on March 22, 2016, and Sherwood Partners was appointed as the Independent Monitor on March 25, 2016. (Doc. No. 36)

2. Pursuant to the Stipulated Order for Appointment of Receiver so ordered on October 11, 2016 (Doc. No. 142), the Court appointed Sherwood Partners, Inc. (the "Former Receiver") as the Receiver to take possession and control of the assets of the following entities: SRA Management Associates, LLC ("SRA Management"), SRA I LLC ("SRA I"), SRA II LLC ("SRA II"), SRA III LLC ("SRA III") (together, "SRA Funds"), Clear Sailing Group IV LLC and Clear Sailing Group V LLC (together, "Clear Sailing"), and third-party affiliated entities NYPA Fund I LLC ("NYPA I"), NYPA II Fund LLC ("NYPA II") (together, "NYPA Funds") and NYPA Management Associates LLC (collectively, "NYPA Entities") and Felix Multi-Opportunity Funds

Case No. 3:16-cv-01386-EMC
NOTICE OF MOTION AND MOTION OF RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTOR ADVISORY COMMITTEE

1   I and II, LLC ("FMOF I and II") (together, "FMOF Funds") and FMOF Management Associates,
2   LLC (collectively, "FMOF Entities"). Pursuant to the Court's Civil Minutes entered on June 27,
3   2019 (ECF 503), the Solis Associates Fund LLC ("Solis") was substantively consolidated into the
4   receivership estate.  SRA Management, SRA I, SRA II, SRA III, Clear Sailing, NYPA Entities,
5   FMOF Entities and Solis are collectively referred to as the "Receivership Entities").

6        3.   By Order entered on February 28, 2019, the Court appointed Kathy Bazoian
7   Phelps as the successor Receiver (the "Receiver") (Doc. No. 469).

8        4.   At the time of the Receiver's appointment, the SEC and the Former Receiver, on
9   the one hand, and the Investor Group, on the other hand, were promoting competing plans of
10  distribution. At the request of the Court, the Receiver proposed a distribution plan in line with the
11  guidelines established by the Court. After multiple hearings that served to refine the issues, on
12  February 27, 2020, the Receiver filed her motion for final approval of her proposed Distribution
13  Plan, which is set for hearing on April 7, 2020.

14       5.   In connection with the Motion to approve the Plan, the Receiver provided notice of
15  the opportunity to serve on the IAC to consult with the Receiver regarding the liquidation of
16  securities in connection with the Plan implementation.  Any investor who was interested in serving
17  on the IAC was required to submit an application to the Receiver by March 9, 2020, and the
18  Receiver also consider as candidates the members of the Investor Group identified in that Investor
19  Group's Proposed Alternative Distribution Plan [Doc No. 407-1].  Phelps Decl., ¶ 7, Doc. No. 570,
20  p. 2.

21       6.   The Receiver received applications from Demetrios Mallios and Paul A. Lavery.
22  Additionally, she confirmed that Peter Healy, Charles Pope and Robert Brunner, who had
23  previously been presented by the Investor Group as candidates to serve on the IAC, each want to
24  serve on the IAC. The Investor Group had also previously suggested John Woods as a candidate,
25  but the Receiver has been unable to confirm whether Mr. Woods continues to wish to serve on the
26  IAC.

4

7. Mr. Cilano submitted a claim for management fees from the receivership estate. (*See* Doc. No. 572, Attachment 2). On February 28, 2020, the SEC filed its objections to the receivership claim of Joshua Cilano for management fees. (Doc. No. 572).

8. Mr. Cilano did not submit an application for appointment to the IAC. However, on March 11, 2020, counsel for the Investor Group requested that Mr. Cilano be included as a member of the IAC. Phelps Decl., ¶ 6.

9. During the week of March 9, 2020, the Receiver met and conferred with counsel for the SEC, the Investor Group, and Progresso Ventures regarding the applicants for the IAC. Although the parties each had no objection to the six members who had submitted timely applications as candidates, the SEC expressed its objection to the Investor Group's proposal that Mr. Cilano be appointed to the IAC. Counsel for the Investor Group took the position that Mr. Cilano is entitled to serve on the IAC because "the Court previously considered him to be a member of the IAC." Phelps Decl., ¶ 8.

10. The Receiver is aware of the Court's December 20, 2018 Order re Proposed Distribution Plans (Doc. No. 443) in which the Court declined to confer management responsibilities on Mr. Cilano. In footnote 4 of that Order, the Court noted: "The Investor Plan advocates for Mr. Cilano to be appointed as the operational manager in charge of the day-to-day administration of the SRA Funds. While the Court declines to adopt the governance model, Mr. Cilano, who is himself a member of the Investor Group, can still contribute his expertise to the Receiver as a member of the investment advisory committee." (Doc. No. 443, fn. 4.)

11. The SEC voiced its objection to the Investor Group's request that Mr. Cilano be appointed to the IAC.

12. Given the conflicting positions of the SEC and the Investor Group as to whether Mr. Cilano should serve on the IAC, the Receiver now brings this Motion for Instructions.

### III. LEGAL ARGUMENT

**A. The Receiver Requires Instructions From the Court as to the Composition of the Investor Advisory Committee**

5

Case No. 3:16-cv-01386-EMC
NOTICE OF MOTION AND MOTION OF RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTOR ADVISORY COMMITTEE

1. **The Receivership Court has Broad Discretion in Its Supervisory Role in an Equity Receivership**

Courts presiding over equity receiverships have extremely broad power to supervise the receivership and promote an orderly and fair administration of receivership assets. *SEC v Hardy*, 803 F.2d 1034, 1038 (9th Cir.1986). "The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). As the appointment of a receiver is authorized by the broad equitable powers of the court, any distribution of assets must also be done equitably and fairly. *See SEC v. Elliot*, 953 F.2d 1560, 1570 (11th Cir. 1992).

The Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

*SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). (citations omitted); *see also Commodities Futures Trading Comm'n. v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

**B. The Receiver Seeks Instructions on Whether Mr. Cilano Should be Appointed to the IAC**

The SEC has advised the Receiver that it objects to the Investor Group's proposal that Joshua Cilano be appointed to the IAC. The Investor Group insists that Mr. Cilano serve on the IAC. The Receiver has not received an application from Mr. Cilano to serve on the IAC and

6
Case No. 3:16-cv-01386-EMC

NOTICE OF MOTION AND MOTION OF RECEIVER KATHY BAZOIAN PHELPS FOR INSTRUCTIONS REGARDING INVESTOR ADVISORY COMMITTEE

1 remains uncertain of his qualifications. The Receiver seeks instructions from the Court that
2 clarifies which investors should serve on the IAC.

3       The Receiver notes the following factors for the Court's consideration:

4       1. Mr. Cilano failed to submit an application to serve on the IAC. The deadline for
5 submission for all applications was March 9, 2020, and the application was required to set forth
6 the applicant's qualifications to serve on the IAC. The Receiver does not have Mr. Cilano's
7 statement of qualifications to serve on the IAC.

8       2. Mr. Cilano has asserted a claim for backend fees, which would be an unsecured claim,
9 if allowed. The interests of unsecured creditors and investors are not necessarily aligned under the
10 terms of the Plan, which could place Mr. Cilano in a conflict position.

11       3. The Receiver is willing to nevertheless communicate with Mr. Cilano, whether on or
12 off the IAC, to the extent he has views he wishes to share regarding the timing of liquidation of
13 securities. The Receiver does not view Mr. Cilano's, or any other investors', participation on the
14 IAC as mutually exclusive of other investors' ideas.

15 **IV.   CONCLUSION**

16       For the reasons set forth above, the Receiver respectfully requests that the Court issue an
17 order instructing the Receiver as to who to include on the IAC.

18 Dated: March 13, 2020                      Respectfully submitted,

19                                        DIAMOND MCCARTHY LLP

20                                        /s/ Christopher D. Sullivan
21                                        Christopher D. Sullivan
                                       Counsel for Successor Receiver
22                                        Kathy Bazoian Phelps

23

24

25

26

27

28