**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**AMENDED ORDER RE MOTIONS:**<br><br>**(1) FOR FINAL APPROVAL OF RECEIVER'S PLAN OF DISTRIBUTION AND FOR ORDER APPROVING FORM AND MANNER OF NOTICE [DKT NO 570];**<br><br>**(2) TO DISALLOW PURPORTED GUARANTEE CLAIMS [DKT NO 575]; AND**<br><br>**(3) FOR INSTRUCTIONS RE INVESTOR ADVISORY COMMITTEE [DKT NO 583]**<br><br>Date: May 13, 2020<br>Time: 10:00 a.m.<br>Place: Zoom webinar<br>450 Golden Gate Ave.<br>San Francisco, CA<br>Judge: Edward M. Chen |

1    The following matters came on for hearing at the above-referenced date and time and were

2  conducted by Zoom webinar before the Honorable Edward M. Chen, United States District Judge

3  presiding:

4    • Receiver's Motion for (1) Final Approval of Receiver's Plan of Distribution; and (2)

5        For Order Approving Form and Manner of Notice, and Notice of Opportunity to

6        Serve on Investment Advisory Committee (Dkt. No. 570) (the "Plan Motion");

7    • Receiver's Motion to Disallow Purported Guarantee Claims (Dkt. No. 575) (the

8        "Guaranty Claim Motion");

9    • Receiver's Motion for Instructions Regarding Investors Advisory Committee (Dkt.

10       No. 583) (the "Motion for Instructions"); and

11   • Plaintiff Securities and Exchange Commission's Objection to Receivership Claims

12       by Michelle Mazzola and Joshua Cilano for Management Fees (Dkt. No. 572) (the

13       "SEC Claim Objection");

14    Appearances were as noted on the record. The Court having reviewed and considered the

15  motions, the supporting declarations and accompanying exhibits, all oppositions or responses to

16  the motions, all the papers and files in this matter, and having heard the comments of counsel and

17  interested parties at the time of hearing, for GOOD CAUSE APPEARING,

18    IT IS HEREBY ORDERED that:

19    1.    The Receiver's Plan Motion and all relief sought therein is GRANTED except as

20  modified by this Order.

21    2.    The Receiver's Guaranty Claim Motion and all relief sought therein is

22  GRANTED.

23    3.    The Receiver's Distribution Plan (the "Plan") is approved in the form of Exhibit

24  "A", attached to the Declaration of Kathy Bazoian Phelps in support of the Plan Motion, except as

25  modified in this Order.

26    4.    The Court defers final resolution on the SEC's Opposition [Dkt. No. 582] to the

27  Plan Motion related to the treatment of the failed investments, while reiterating the Court's

28

ORDER GRANTING MOTION
FOR FINAL APPROVAL OF RECEIVER'S PLAN OF DISTRIBUTION

rejection of the rescission argument and remaining open to recognizing the benefit of the tax loss generated by the Failed Investments.

5.     After the Receiver is able to determine the ultimate tax benefit, if any, generated by the Failed Investments, the Receiver may move to update and modify the Plan to allow payment on account of Failed Investment Claims in an amount not to exceed the benefit to the estate derived from tax losses on account of the Failed Investments that serve to reduce the amount of tax liability to the estate. The Court reserves ruling on the amount, if any, and priority of payments to the Failed Investment Claimants, vis-à-vis the Class 5 Claimants, and allowance of any payment to the Failed Investment Claimants shall be subject to further Court approval.  All parties reserve their rights with respect to any motion to modify the Plan to allow for any payment from the Tax Holding Account to the Failed Investment Claimants.

6.     The Court overrules SRPO's objection to the Plan Motion and denies SRPO's claim for back-end fees and interest.

7.     The Court sustains the SEC Claim Objection as to the claim of Michele Mazzola and disallows that claim.

8.     The Court defers ruling on the SEC's Claim Objection as to the creditor claim of Joshua Cilano for backend fees (the "Cilano Claim"). The Court will consider later modification of the Plan to include an additional Class, entitled Class 6, that would be subordinated to payment in full to Classes 1 through 5. If the Court determines to allow the Cilano Claim, it would be classified as a Class 6 claim. The Court defers making a determination on the allowance of such a claim for Mr. Cilano until such time as it appears likely that a distribution could be made to Class 6.  At the appropriate time, if it appears there will be surplus funds after the five classes are compensated, the Court will examine (1) whether Mr. Cilano has legal standing to seek back end fees through the receivership (since he contracted with Alexander Capital, which had a contract with SRA Management wherein payment to Alexander Capital was based upon moneys received by SRA Management); and (2) whether Mr. Cilano is truly non-culpable (including, *inter alia*, the accuracy of his statement to prospective investors that SRA Funds was the only way to invest in

Palantir and other Silicon Valley entities). The Court may also make a determination regarding appropriate discovery in connection with the Cilano Claim.

9.      The form and manner of notice to investors and creditors as provided in the Plan Motion is approved.

10.      With respect to the Receiver's Motion for Instructions, the Court rules that Mr. Cilano is permitted to be a member of the Investor Advisory Committee.

Dated: May 25, 2020

_____
Honorable Edward M. Chen
United States District Court

Case No. 3:16-cv-01386-EMC

ORDER GRANTING MOTION
FOR FINAL APPROVAL OF RECEIVER'S PLAN OF DISTRIBUTION