KATHY BAZOIAN PHELPS (State Bar No. 155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone:    (310) 651-2997

*Successor Receiver*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN V. BIVONA; SADDLE RIVER ADVISORS, LLC; SRA MANAGEMENT ASSOCIATES, LLC; FRANK GREGORY MAZZOLA,<br><br>                    Defendants, and<br><br>SRA I LLC; SRA II LLC; SRA III LLC; FELIX INVESTMENTS, LLC; MICHELE J. MAZZOLA; ANNE BIVONA; CLEAR SAILING GROUP IV LLC; CLEAR SAILING GROUP V LLC,<br><br>                    Relief Defendants. | Case No. 3:16-cv-01386-EMC<br><br>**RECEIVER'S INTERIM STATUS REPORT THROUGH SECOND QUARTER 2020**<br><br><br> Date:    No Hearing Set<br>Time:   No Hearing Set<br>Judge:  Edward M. Chen |

1  Kathy Bazoian Phelps, the successor receiver herein, hereby files her Interim Status Report
2  for the First and Second Quarters 2020.

3  **I.   PROCEDURAL HISTORY**

4  1.   On October 11, 2016, the District Court for the Northern District of California
5  ("Court") entered a Temporary Restraining Order and Order to Show Cause why Preliminary
6  Injunction Should Not Be Granted (the "TRO").

7  2.   Pursuant to the TRO, Sherwood Partners was appointed as the temporary receiver
8  over the assets of SRA Management Associates, LLC, SRA I, LLC, SRA II, LLC, SRA III, LLC,
9  SRA Management Associates, Clear Sailing Group IV, LLC, Clear Sailing Group V, LLC, Felix
10  Multi-Opportunity Fund I, LLC, Felix Multi-Opportunity Fund II, LLC, Felix Management
11  Associates, LLC, NYPA Fund I, LLC, NYPA Fund II, LLC, and NYPA Management Associates,
12  LLC (the "Receivership Entities").

13  3.   Pursuant to the Revised Order Appointing Receiver entered on February 27, 2019
14  (the "Receiver Order"), Kathy Bazoian Phelps was appointed as the successor receiver over the
15  Receivership Entities. Pursuant to Minute Order entered on June 27, 2019, Solis Associates Fund
16  was substantively consolidated with the Receivership Entities.

17  4.   The Receiver was present at the hearing on February 27, 2019, at which time the
18  Court was considering competing plans of distribution filed by the SEC and the SRA Investor
19  Group.  A number of issues were raised, but not resolved, at the hearing, and the Court asked the
20  Receiver to file comments relating to the competing plans and, if appropriate, to file her own plan
21  of distribution.

22  5.   The Receiver engaged Diamond McCarthy LLP as her counsel and Grobstein
23  Teeple Financial Advisory Services LLP as her accountants to assist her in the administration of
24  the estate, in proposing a plan of distribution, and in addressing complex tax issues arising from
25  the proposed distribution plan. The Court continued the hearings regarding approval of a
26  distribution plan on several occasions to address issues relating to tax consequences of a
27  distribution plan and to address the request of the SRA Funds Investor Group for a report
28  regarding the tax provisions set forth in the Receiver's proposed plan.

6.      The Receiver sought to engage a tax advisor to address specific questions asked by the Investor Group, and to engage securities counsel to address the complexities of a distribution plan that would both liquidate securities to generate funds to pay administrative, priority and unsecured creditors, and to also return some shares to investors.

7.      A hearing was held on October 8, 2019 on the Receiver's Motion to: (1) Employ Miller Kaplan as Tax Advisors; (2) Employ Schinner & Shain as Securities Counsel; and (3) for Instructions (the "Tax Motion"). The Court granted the Receiver's request to employ Miller Kaplan as Tax Advisors and Schinner & Shain as Securities Counsel (Doc. 532) and continued the portion of the Tax Motion requesting instructions regarding the tax report that was requested to December 19, 2019. Due to the complexities of the issues, the Receiver's professionals required additional time to complete their analysis, and the parties agreed to continue the December 19, 2019 hearing to January 16, 2020.

8.      On December 16, 2019, the Receiver filed her Supplement to the Tax Motion (Doc. 538) (the "Supplement"), which contained the report requested by the Investor Group relating to the tax issues, and the Receiver also provided a full report on the securities issues that might arise under a distribution plan or pursuant to any other viable alternatives that the Receiver's professionals could visualize.

9.      On December 18, 2019, the Investor Group filed an Administrative Motion re the Tax Motion, seeking the turnover of written materials from the Receiver relating to the legal advice provided by her professionals (Doc. 539). The Receiver and the SEC each filed oppositions to the Investor Group's Administrative Motion on the basis that the Receiver's Supplement already contained the materials that the Investor Group sought, among other reasons. The Court denied the Investor Group's Administrative Motion (Doc. 543).

10.     The continued hearing on the Tax Motion and the plan issues was scheduled for January 30, 2019 at 1:30 p.m. The Investor Group filed a Response to the Receiver's Supplement, asking the Court, among other things, to decline to authorize the Receiver to file qualified settlement fund tax returns or to obtain valuations of securities for tax purposes. Both the Receiver and the SEC filed Replies to the Investor Group's Response. At the hearing, the Court

3

made preliminary findings regarding the distribution plan and asked the Receiver to file a motion for final approval of the plan.

11.     The Receiver filed a motion for final approval of the distribution plan, which was set for hearing on May 13, 2020. The Receiver also filed a motion objecting to guaranty claims and seeking instructions regarding the constitution of the Investor Advisory Committee (the "IAC"), and the SEC filed an objection to the claims of Joshua Cilano and Michelle Mazzola. The Court conducted a hearing by Zoom conference and extensive discussion took place on the record regarding the Plan and the related motions. The Court approved the Plan with potential future adjustments relating to failed investment claims and the claim of Joshua Cilano, and an Amended Order was entered on May 25, 2020 [Doc. 613].

12.     Following Court approval of the Plan, the Receiver met with the IAC regarding implementation of the Plan. They discussed the disposition of both the publicly traded securities as well as the pre-IPO securities.

13.     The Receiver began preparation of the distribution schedules for the publicly traded securities so that she can file a motion seeking approval of the exact distributions to made and the sale of securities to fund the Plan Fund and the Tax Holding Account.

14.     The Receiver continues to update her website at www.diamondmccarthy.com/saddleriverreceiver regarding the filings in the case and the status of upcoming matters.

## II.     ASSET ADMINISTRATION

### A.     Settlement with EAC

During the first quarter 2020, the Receiver finalized the settlement with Equity Acquisition Group ("EAC") regarding disputed issues with EAC over share allocations. The Receiver filed a motion to approve the settlement, which was approved by the Court. The settlement provides for the following:

1. Transfer of Shares

   a. EAC shall transfer the right title and beneficial interest in the following securities, or contractual rights to shares, to the Receiver as set forth in the Settlement Agreement:

11,125 shares of *Airbnb, Inc*;
9,479 shares of *Lyft, Inc.*;
23,206 shares of *Pinterest, Inc.*;
500 shares of *Uber Technologies, Inc.*;
317,649 shares of *Palantir Technologies, Inc.*; and
1,495 shares of *ZocDoc, Inc.*

b. The Receiver shall transfer the right, title and beneficial interest in the following shares, or contractual rights to shares, to EAC as set forth in the Settlement Agreement:

33,789 shares of *Addepar, Inc.*;
2,349 shares of *Bloom Energy, Inc.*;
7,399 shares of *Cloudera, Inc.*;
3,892 shares of *Evernote, Corp*; and
37,676 shares of *Lookout, Inc.*

c. EAC shall transfer the right title and beneficial interest in 835,000 shares of **Practice Fusion, Inc.** to the Receiver or any payments attributable to such 835,000 Practice Fusion shares.

2. Allowance of Claims: The following claims were allowed as subordinated claims:
   a. Kenneth Lacey for $500,000 as a subordinated claim;
   b. Alexander Pisemskiy for $500,000 as a subordinated claim;
   c. Klein for $100,000 as a subordinated claim

The shares were transferred pursuant to the terms of the agreement and the claims have ben allowed and accounted for in the distribution plan.

**B.      Ben Sabrin and the MongoDB Shares**

The Receiver continued to make demand on Ben Sabrin to return the 6,250 shares of MongoDB, or the value thereof, that he owes to the estate. Mr. Sabrin failed and refused to deliver what he owes to the estate, and the Receiver drafted a complaint to sue Mr. Sabrin for the return of the shares. The complaint was filed against Mr. Sabrin and the initial case management conference was held. The parties discussed settlement generally but have not yet reached a resolution of the disputed issues.

**C.      Summary of Securities Holdings**

The following chart identifies the status of all known securities and includes the modifications in light of the EAC settlement:

| Company | Pre-Agreement Securities | Reallocation from Agreement | New Total | Shares Claimed by Investors |
|---|---|---|---|---|
| Addepar, Inc. | 1,029,298 | (33,789) | 995,509 | 995,509 |
| Airbnb | 0 | 11,125 | 11,125 | 11,125 |
| Bloom Energy Inc. | 90,667 | (2,349) | 147,429 | 139,583 |
| Cloudera, Inc. | 45,038 | (7,399) | 37,639 | 37,639 |
| Dropbox, Inc. | 46,000 | | 46,000 | 46,000 |
| Evernote Corp. | 100,000 | (3,892) | 96,108 | 88,287 |
| Lookout, Inc. | 212,476 | (37,676) | 174,800 | 171,797 |
| Lyft, Inc. | 0 | 9,479 | 9,479 | 9,479 |
| MongoDB Inc. | 20,000 | | 20,000[1] | 22,171 |
| Palantir Inc. | 5,422,600 | 317,649 | 5,740,249 | 5,895,853 |
| Pinterest, Inc. | 0 | 23,206 | 23,206 | 23,206 |
| Snap, Inc. | 31,172 | | 31,172 | 31,173 |
| Uber Inc. | 0 | 500 | 500 | 500 |
| ZocDoc, Inc. | *20,104 unconfirmed* | 1,495 | 21,599 | 21,598 |

## D.   JOHN BIVONA BANKRUPTCY

The former receiver had filed a proof of claim in the bankruptcy case of John Bivona and had entered into a stipulation with Bivona to extend the deadline to object to Bivona's discharge. The Receiver has amended the proof of claim to reflect that she is the successor receiver, and she has also stipulated to further extend the denial of discharge deadline, which is currently extended through February 25, 2020. The Trustee in the Bivona bankruptcy case filed a complaint objecting to Bivona's discharge under section 727 of the Bankruptcy Code.

The Receiver reached a settlement with the Bivona Trustee regarding competing claims to funds currently frozen at TD Bank. The Receiver and the Eliv Group had asserted claims to the funds, and the Bivona trustee contended that the funds were property of the Bivona bankruptcy estate. The parties reached a settlement that provided for payment of all of the funds in the accounts in the name of the receivership entities, totaling approximately $84,000, and half of the funds in the Bivona Esq. account, or approximately $215,000, were to be paid to the Receiver. The Eliv Group released any direct claims to the funds but retained its claim in the receivership. The parties

---

[1] The estate is owed 6,250 shares from Ben Sabrin which have not yet been received.

documented the settlement agreement and the Receiver filed a motion seeking approval of the settlement. The settlement was approved both in this Court and in the Bivona bankruptcy court. The Receiver received two checks from TD Bank in the amounts of $84,470.43 and $216,373.19 which were deposited into the Receivership checking account.

## III.   CLAIMS ADMINISTRATION

### A.  Claims Bar Date and Late Claims

The claims bar date has passed, and no new claims have been filed in the first quarter 2020. During this period, one investor sought to withdraw its claim from the receivership, which the Receiver approved. During this period, the Receiver continued to engage in settlement discussions with Fortuna Funds regarding the claim it filed against the estate. After the exchange of information and further discussions, Fortuna agreed to amend its claim, significantly reducing the amounts asserted against the receivership estate. The claim was reduced when amended so no stipulation or motion was required.

## IV.   PLAN OF DISTRIBUTION APPROVAL PROCESS

The Receiver's primary task in this case is to assist the Court in putting a distribution plan in place and then ultimately in implementing that plan. Upon her appointment on February 27, 2019, the Court asked the Receiver to provide her Comments to the versions of plans previously submitted by the SEC and the SRA Funds Investor Group. The Receiver did so and also proposed her own Plan based upon the history in the case prior to her appointment and the Court's comments based on its understanding of the facts in the case. The Receiver met and conferred extensively with the SEC, the Investor Group and counsel for Progresso Ventures in advance of filing her Plan and, with some relatively minor exceptions, all parties were in general agreement with the structure of the Plan.

At the hearing on June 27, 2019, the Investor Group requested that the Receiver obtain a tax opinion regarding the proposed tax treatment of the estate as a Qualified Settlement Fund. The Receiver thereafter engaged in discussions with both tax and securities advisors and filed a Supplement to her Tax Motion wherein she sought instructions regarding the tax issues. The SEC supported the analysis set forth in the Receiver's Supplement. The Investor Group opposed the

position on the issues covered in the Supplement, and both the Receiver and the SEC filed replies thereto. A hearing took place on January 30, 2020 on the plan and tax issues. At the hearing, the Court directed the Receiver to file an amended distribution plan that addressed the issues discussed at the January 30, 2020 hearing. The Receiver engaged in extensive meetings with counsel for the SEC, the Investor Group, Progresso Ventures and with Global Generation to discuss the terms of the distribution plan. Ultimately the Receiver was able to obtain consensus among the competing parties to the main provisions of the plan, and other a few small issues remained unresolved. The parties briefed the remaining issues in preparation for the hearing to approve the final distribution plan, which was held on May 13, 2020.

On May 13, 2020, the Court held a hearing by Zoom video conference on a number of matters relating to the distribution plan, which were disposed of as follows:

1.      Receiver's Motion for (1) Final Approval of Receiver's Plan of Distribution; and (2) For Order Approving Form and Manner of Notice, and Notice of Opportunity to Serve on Investment Advisory Committee (Doc. 570). The Motion was granted with two modifications that postpone decisions relating to the treatment of Failed Investment Claims and the treatment of the claim of Joshua Cilano.

2.      Plaintiff Securities and Exchange Commission's Objection to Receivership Claims by Michelle Mazzola and Joshua Cilano for Management Fees (Doc. 572). The Court granted the objection to the claim of Michelle Mazzola and postponed a decision of the allowance of the claim of Joshua Cilano.

3.      Receiver's Motion to Disallow Purported Guarantee Claims (Doc. 575). The Court granted the motion.

4.      Receiver's Motion for Instructions Regarding Investors Advisory Committee (Doc. 583). The Court approved the participation of Joshua Cilano on the Investment Advisory Committee.

The Court-approved Plan, in summary, provides that investors will receive some of their claimed shares back if and only if an IPO event has occurred for a particular company in which shares are claimed, and creditors will receive some cash back. Some of the shares held in the

estate will be liquidated to create the Plan Fund as described in the Plan, which will be used to pay cash to administrative and unsecured creditors. Additionally, some of the shares will be liquidated to pay the tax liability associated with the sale and distribution of the shares. Shares that remain pre-IPO at this time will not yet be distributed as the Plan requires that the shares first have an IPO or liquidity event prior to distribution.

The Plan provides that a distribution schedule for each investment company will be filed with the Court and approved before any distributions are made. The Receiver took steps to prepare those final distribution schedules during this reporting period for the publicly traded securities.

## V.   FINANCIAL REPORTING

The Receiver has engaged in minimal financial activities since her appointment. The only disbursements have been for court-approved fees and expenses. The receipts have consisted of interest and dividends paid in the accounts as well as the funds from the Bivona settlement agreement. A detailed listing of each financial transaction during the first and second quarters of 2020 are attached hereto as Exhibits "1" and "2," respectively.

DATED: July 13, 2020                    By:   /s/ *Kathy Bazoian Phelps*
                                              Kathy Bazoian Phelps
                                              Successor Receiver

# EXHIBIT 1

**Receivership Estate of SRA Management Associates, LLC et al**
**1st Quarter 2020 - Cash Receipts and Disbursements**

**Checking #0063**

| Date | Notes | Deposits | Withdrawals | Balance |
|------|-------|----------|-------------|---------|
| 1/1/2020 | Opening Balance | | | **40,341.82** |
| 2/21/2020 | transfer | 40,000 | | $80,341.82 |
| 2/24/2020 | 4th Qtr Fees for Receiver | | $35,131.11 | 45,210.71 |
| 2/24/2020 | 4th Qtr Expenses for Receiver | | $27.00 | 45,183.71 |
| 2/24/2020 | 4th Qtr Fees for Diamond Mccarthy | | $8,785.00 | 36,398.71 |
| 2/24/2020 | 4th Qtr Fees for Miller Kaplan Arase | | $33,972.48 | 2,426.23 |
| 2/25/2020 | transfer | 30,000 | | 32,426.23 |
| 2/25/2020 | 4th Qtr Fees for Schinner & Shain | | $5,044.96 | 27,381.27 |
| 3/10/2020 | Retainer for Oxis Capital | | $10,000.00 | 17,381.27 |
| | Ending Balance | | | **17,381.27** |

**Brokerage #2849 (Mutual Fund)**

| Date | Notes | Deposits | Withdrawals | Balance |
|------|-------|----------|-------------|---------|
| 1/1/2020 | Opening Balance | | | **$163,698.80** |
| 1/2/2020 | dividend reinvested | $218.67 | | $163,917.47 |
| 2/3/2020 | dividend reinvested | $210.77 | | $164,128.24 |
| 2/21/2020 | transaction fee | | $7.00 | $164,121.24 |
| 2/21/2020 | sell and transfer to checking #0063 | | 40,000.00 | $124,121.24 |
| 2/25/2020 | transaction fee | | $7.00 | $124,114.24 |
| 2/25/2020 | sell and transfer to checking #0063 | | 30,000.00 | $94,114.24 |
| 2/26/2020 | cash sweep | $1.00 | | $94,115.24 |
| 3/2/2020 | dividend reinvested | $175.43 | | $94,290.67 |
| | Ending Balance | | | **$94,290.67** |

**Brokerage #7306 (Anna Bivona funds)**

| Date | Notes | Deposits | Withdrawals | Balance |
|------|-------|----------|-------------|---------|
| 1/1/2020 | Opening Balance | | | **$502,313.33** |
| 1/31/2020 | dividend reinvested | $34.06 | | $502,347.39 |
| 2/28/2020 | dividend reinvested | $31.84 | | $502,379.23 |
| 3/31/2020 | dividend reinvested | $16.33 | | $502,395.56 |
| | Ending Balance | | | **$502,395.56** |


**Cash Position of Receivership Estate of SRA Management Associates, LLC et al**
**As of March 30, 2020**

**Cash**

| | | |
|------|------|------|
| Checking | | 17,381.27 |
| Money Market | | $94,290.67 |
| Anna Bivona Funds | | $502,395.56 |
| | Subtotal | **$614,067.50** |

**Known Accrued and Unpaid Expenses**

| | | |
|------|------|------|
| Kathy Bazoian Phelps, Receiver - fees (1st Qtr 2020) | | 75,058.00 |
| Kathy Bazoian Phelps, Receiver - Expenses (1st Qtr 2020) | | $145.00 |
| Diamond McCarthy LLP - fees (1st Qtr 2020) | | 32,454.00 |
| Diamond McCarthy LLP - expenses (1st Qtr 2020) | | 169.43 |
| Schinner & Shain 1st Qtr 2020 fees and expenses | | $3,072.06 |
| Miller Kaplan  fees (1st Qtr Fees 2020) | | $9,840.00 |
| | Subtotal | **$120,738.49** |

**Holdbacks**

| | | |
|------|------|------|
| Sherwood Partners, Former Receiver | | $144,627.51 |
| Kathy Bazoian Phelps, Receiver | | $49,530.57 |
| Diamond McCarthy | | $13,140.74 |
| Miller Kaplan | | $8,493.12 |
| Schinner & Shain | | $3,761.24 |
| | Subtotal | **$219,553.18** |

# EXHIBIT 2

**Receivership Estate of SRA Management Associates, LLC et al**
**2nd Quarter 2020 - Cash Receipts and Disbursements**

**Checking #0063**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 4/1/2020 | Opening Balance | | | **17,381.27** |
| 5/27/2020 | deposit - Bivona TD funds | $84,470.43 | | $101,851.70 |
| 5/27/2020 | deposit - Bivona Esq TD funds | $216,373.19 | | 318,224.89 |
| 6/25/2020 | Receiver's costs 2nd Qtr | | $145.00 | |
| 6/25/2020 | Diamond McCarthy costs 2nd Qtr | | $169.43 | |
| 6/25/2020 | Schinner & Shain costs 2nd Qtr | | $622.06 | |
| 6/25/2020 | Schinner & Shain fees 2nd Qtr | | $2,450.00 | |
| 6/25/2020 | Oxis Capital - second installment flat fee | | $25,000.00 | |
| 6/25/2020 | Diamond McCarthy fees 2nd Qtr | | $25,963.20 | |
| 6/25/2020 | Receiver fees 2nd Qtr. | | $60,046.80 | |
| | Ending Balance | | | **203,828.40** |

**Brokerage #2849 (Mutual Fund)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 4/1/2020 | Opening Balance | | | **$94,290.67** |
| 4/1/2020 | dividend reinvested | $67.77 | | $94,358.44 |
| 5/1/2020 | dividend reinvested | $18.81 | | $94,377.25 |
| 6/1/2020 | dividend reinvested | $12.12 | | $94,389.37 |
| | Ending Balance | | | **$94,389.37** |

**Brokerage #7306 (Anna Bivona funds)**

| Date | Notes | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| 4/1/2020 | Opening Balance | | | **$502,395.56** |
| 4/30/2020 | dividend reinvested | $4.12 | | $502,399.68 |
| 5/29/2020 | dividend reinvested | $4.26 | | $502,403.94 |
| 6/30/2020 | dividend reinvested | $4.12 | | $502,408.06 |
| | Ending Balance | | | **$502,408.06** |

**Cash Position of Receivership Estate of SRA Management Associates, LLC et al**
**As of June 30, 2020**

**Cash**

| | | |
|---|---|---|
| Checking | | **$203,828.40** |
| Money Market | | **$94,389.37** |
| Anna Bivona Funds | | **$502,408.06** |
| | Subtotal | **$800,625.83** |

**Holdbacks**

| | | |
|---|---|---|
| Sherwood Partners, Former Receiver | | $144,627.51 |
| Kathy Bazoian Phelps, Receiver | | $64,541.77 |
| Diamond McCarthy | | $19,631.54 |
| Miller Kaplan | | $8,493.12 |
| Schinner & Shain | | $3,761.24 |
| | Subtotal | **$241,055.18** |