UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FELIX INVESTMENTS, LLC,<br><br>Defendant. | Case No. 16-cv-01386-EMC<br><br>**ORDER DENYING NONPARTY PATRICK NICHOLSON'S MOTION TO QUASH SUBPOENA**<br><br>Docket No. 695 |

Nonparty Patrick Nicholson filed a motion to quash the U.S. Securities and Exchange Commission's subpoena on documents maintained by Mr. Nicholson at TD Bank. Docket No. 695. Mr. Nicholson argues that his personal financial records are not relevant to the SEC's judgment enforcement against the judgment debtors in this case. *Id.*

The challenge procedures set forth in Chapter 35 of the Right to Financial Privacy Act ("RFPA") "constitute the sole judicial remedy available to a customer to oppose disclosure of financial records" from a financial institution. 12 U.S.C. § 3410(e). RFPA subpoenas are to be enforced if the records sought "are relevant to a legitimate law enforcement inquiry." *Davidov v. SEC*, 415 F. Supp. 2d 386, 387 (S.D.N.Y. 2006). "All such proceedings shall be completed and the motion or application decided within seven calendar days of the Government's response." *Id.* at 388 (citing 12 U.S.C. § 3410(b)).

Here, the SEC's investigation is a legitimate law enforcement inquiry. Per 12 U.S.C. § 3401(8), a "law enforcement inquiry" is "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." In 2017, the Court entered final judgments in which, in relevant

1   part, Defendant John Bivona and Defendant Frank Mazzola were jointly and severally liable with

2   for $4,155,000.  Docket No. 294.  Mr. Mazzola was further ordered to pay a civil penalty of

3   $200,000.  Docket No. 295.  All Defendants in the case were ordered to pay the disgorgement

4   amounts within 30 days from the entry of final judgment.  Mr. Mazzola has only made one

5   payment towards the judgment and his personal accounts are funded in part by Mr. Nicholson.

6   Docket No. 697 at 6.  The SEC seeks to obtain information related to Mr. Mazzola's failure to

7   comply with these legal judgments arising from a securities fraud case, and it is thus a legitimate

8   law enforcement inquiry.  Inspection of third-party bank records is permissible when "inspection

9   of the bank records . . . could lead to the discovery of concealed assets of the judgment debtors."

10  *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 10 (D.D.C. 2006).

11          Mr. Nicholson's argument that he is only a friend and part owner of a company that

12  employed Defendant Mr. Mazzola, not a judgment debtor himself, does not defeat relevancy.

13  "Subpoenaed information is relevant if it 'touches a matter under investigation.'" *John Doe, v.*

14  *U.S. S.E.C.*, No. 22-MC-80301-LB, 2023 WL 2351653, at *8 (N.D. Cal. Mar. 4, 2023) (citing

15  *Nelson v. U.S. S.E.C.*, No. C08-80080MISCJFHRL, 2008 WL 2444794, at *2 (N.D. Cal. June 16,

16  2008)).  Mr. Nicholson appears to be deeply involved in Mr. Mazzola's financial matters and

17  means.  As the government explains, Mr. Mazzola works at a towing company in-part owned by

18  Mr. Nicholson; Mr. Nicholson wire transfers Mr. Mazzola's paycheck into Mr. Mazzola's

19  personal account, but Mr. Mazzola's company then reimburses Mr. Nicholson's towing company

20  for similar amounts.  Docket No. 267 at 3–4, 6–7.  The SEC is permitted to untangle this web via

21  documents obtained through subpoena of Mr. Nicholson's bank records.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Thus, the Court **DENIES** Mr. Nicholson's motion to quash the subpoena. Upon receipt of this order, the SEC is instructed to serve this order on Mr. Nicholson, and file a proof of service within three (3) court days.

This order disposes of Docket No. 695.

**IT IS SO ORDERED**.

Dated: March 16, 2023

_____
EDWARD M. CHEN
United States District Judge